## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ION GEOPHYSICAL CORPORATION, | ) | Case No. 22-30987 (MI) |
| Debtor. | ) | |
| Tax I.D. No. 22-2286646 | ) | |
| In re: | ) | Chapter 11 |
| GX TECHNOLOGY CORPORATION | ) | Case No. 22-90030 (MI) |
| Debtor. | ) | |
| Tax I.D. No. 76-0450115 | ) | |
| In re: | ) | Chapter 11 |
| I/O MARINE SYSTEMS INC. | ) | Case No. 22-90029 (MI) |
| Debtor. | ) | |
| Tax I.D. No. 72-0733230 | ) | |
| In re: | ) | Chapter 11 |
| ION EXPLORATION PRODUCTS (U.S.A.), INC. | ) | Case No. 22-90031 (MI) |
| Debtor. | ) | |
| Tax I.D. No. 76-0491394 | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
THE CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. A hearing will be conducted on this matter on April 13, 2022 at 1:30 p.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk Avenue, Houston, Texas 77002. You may participate in the hearing either in person or by audio and video connection.**

> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing, or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief. Specifically, the Debtors request that United States Bankruptcy Court for the Southern District of Texas (the "Court") maintain one file and one docket for all of the jointly-administered cases under the case of ION Geophysical Corporation, and that the cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) <br> ) |
| Debtors. | ) (Jointly Administered) <br> ) |

2.  The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors and any related Debtor affiliates that subsequently commence chapter 11 cases, other than ION Geophysical Corporation, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: ION Geophysical Corporation, Case No. 22-30987; GX Technology Corporation, Case No. 22-90030; I/O Marine Systems Inc., Case No. 22-90029; and ION Exploration Products (U.S.A.), Inc., Case No. 22-90031. The docket in Case No. 22-30987 (MI) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-30987 (MI).**

**Jurisdiction and Venue**

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

6. ION Geophysical Corporation (together with its Debtor and non-debtor subsidiaries, collectively, "ION") is an innovative, asset light global technology company that delivers data-driven decision-making offerings to offshore energy and maritime operations markets. Headquartered in Houston, Texas with regional offices around the world, ION operates through two key business segments—Exploration and Production Technology & Services ("EPTS") and Operations Optimization ("OO"). Within the EPTS segment, ION creates digital data assets on a proprietary and multi-client basis and delivers services to help exploration and production companies improve decision-making, reduce risk, and maximize value. The OO segment develops mission-critical software and technology that enable operational control and optimization offshore. In that regard, ION provides survey design, command and control software systems and related services for marine towed and seabed operations and develops intelligent hardware and devices to optimize operations.

7. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Mike Morrison*,

4

*Executive Vice President and Chief Financial Officer of ION Geophysical Corporation, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously with this Motion and incorporated by reference herein.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

## Basis for Relief

8. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

9. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the United States Trustee for the Southern District of Texas (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration

10. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. The joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

**Emergency Consideration**

11. Pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," the Debtors request emergency consideration of this motion. The failure to receive the requested relief during the first 21 days of these chapter 11 cases could cause significant inconvenience to the Court, the U.S. Trustee, the Debtors, and parties in interest caused by separately administered cases. The Debtors submit that they have satisfied the standard of Local Rule 9013-1 and request that the Court approve the relief requested in this Motion on an emergency basis.

**Notice**

12. The Debtors will provide notice of this Motion to: (a) the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition revolving credit facility and counsel thereto; (d) the indenture trustee for the Debtors' 8.00% secured second priority notes and counsel thereto; (e) the indenture trustee for the Debtors' 9.125% unsecured notes; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that has

requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order granting the relief requested herein and such other relief the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: April 12, 2022<br>Houston, Texas | **WINSTON & STRAWN LLP**<br><br>/s/ *Katherine A. Preston*<br>Katherine A. Preston (TX Bar No. 24088255)<br>800 Capitol St., Suite 2400<br>Houston, Texas 77002<br>Telephone: (713) 651-2600<br>Facsimile: (713) 651-2700<br>Email: kpreston@winston.com<br><br>and<br><br>Timothy W. Walsh (*pro hac vice* pending)<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>E-mail: twwalsh@winston.com<br><br>and<br><br>Daniel J. McGuire (*pro hac vice* pending)<br>35 W. Wacker Drive<br>Chicago, Illinois 60601-9703<br>Telephone: (312) 558-3733<br>Facsimile: (312) 558-5700<br>Email: dmcguire@winston.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

## Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Katherine A. Preston*
Katherine A. Preston

## Certificate of Service

I certify that on April 12, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Katherine A. Preston*
Katherine A. Preston

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ION GEOPHYSICAL CORPORATION, | ) ) | Case No. 22-30987 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 22-2286646 | ) ) | |
| In re: | ) ) | Chapter 11 |
| GX TECHNOLOGY CORPORATION | ) ) | Case No. 22-90030 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 76-0450115 | ) ) | |
| In re: | ) ) | Chapter 11 |
| I/O MARINE SYSTEMS INC. | ) ) | Case No. 22-90029 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 72-0733230 | ) ) | |
| In re: | ) ) | Chapter 11 |
| ION EXPLORATION PRODUCTS (U.S.A.), INC. | ) ) | Case No. 22-90031 (MI) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 76-0491394 | ) ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
THE CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 22-30987 (MI).

2. Additionally, the following checked items are ordered:

    a.   ☒ One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

      b.    ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

      c.    ☒ Other: See below.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) <br> ) |
| Debtors. | ) (Jointly Administered) <br> ) |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors, and any related Debtor affiliates that subsequently commence chapter 11 cases, other than ION Geophysical Corporation, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: ION Geophysical Corporation, Case No. 22-30987; GX Technology Corporation, Case No. 22-90030; I/O Marine Systems Inc., Case No. 22-90029; and ION Exploration Products (U.S.A.), Inc., Case No. 22-90031. The docket in Case No. 22- 30987 (MI) should be consulted for all matters affecting this case. **All further pleadings**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

3

**and other papers shall be filed in and all further docket entries shall be made in Case No. 22-30987 (MI).**

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the applicable requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

10.      Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas  
Dated: _____, 2022

                              UNITED STATES BANKRUPTCY JUDGE