# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) | Case No. 22-30987 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | (Emergency Hearing Requested) |

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE RELATED FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF

> **Emergency relief has been requested. A hearing will be conducted on this matter on April 13, 2022 at 1:30 p.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk Avenue, Houston, Texas 77002. You may participate in the hearing only by audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing, or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code (as defined below); (b) approving the form and manner of notice related thereto, substantially in the form attached as Exhibit 1 to the Order (the "Notice"); and (c) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 362, 365, and 525 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and rule 9013-1 of the Bankruptcy Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## Background

5.      ION Geophysical Corporation (together with its Debtor and non-debtor subsidiaries, collectively, "ION") is an innovative, asset light global technology company that

AmericasActive:16295306.5

delivers data-driven decision-making offerings to offshore energy and maritime operations markets. Headquartered in Houston, Texas with regional offices around the world, ION operates through two key business segments—Exploration and Production Technology & Services ("EPTS") and Operations Optimization ("OO"). Within the EPTS segment, ION creates digital data assets on a proprietary and multi-client basis and delivers services to help exploration and production companies improve decision-making, reduce risk, and maximize value. The OO segment develops mission-critical software and technology that enable operational control and optimization offshore. In that regard, ION provides survey design, command and control software systems and related services for marine towed and seabed operations and develops intelligent hardware and devices to optimize operations.

6.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Mike Morrison, Executive Vice President and Chief Financial Officer of ION Geophysical Corporation, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously with this Motion and incorporated by reference herein. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration

## The Debtors' Global Supply Network

7.      As described in the First Day Declaration, the Debtors' operations are worldwide. ION is headquartered in Houston, Texas with regional offices across the globe to serve customers in most major energy producing regions of the world.  In the ordinary course of business, the Debtors rely upon, and incur obligations to, suppliers of goods and/or services and other creditors that are primarily (if not exclusively) based outside the United States (the "Foreign Vendors"). The Foreign Vendors supply offshore and onshore goods and perform services such as licensing, manufacturing, logistics, warehousing, shipping, utilities, and data acquisition.

8.      These goods and services are essential to the Debtors' operations. Without continued support from the Foreign Vendors, the Debtors would face severe interruptions to their daily operations.  Concurrently with this Motion, the Debtors are filing the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Critical Vendor Claims, Foreign Claims, Lien Claims, and 503(b)(9) Claims, (II) Confirming Administrative Expense Priority of Outstanding Purchase Orders, and (III) Granting Related Relief* (the "Vendor and Lienholder Motion").  Pursuant to the Vendor and Lienholder Motion, the Debtors seek, among other things, authority to continue their business in the ordinary course and satisfy certain prepetition claims of non-United States trade creditors as and when they come due.  The Debtors anticipate that this relief will help deter parties in interest from attempting to exercise remedies or take adverse action against the Debtors in foreign jurisdictions on account of the commencement of these chapter 11 cases.

9.      The Debtors are also party to certain key executory contracts, including licensing agreements that allow the Debtors to image and process offshore data which they in turn sell to customers.  Upon the commencement of these chapter 11 cases, non-United States counterparties to certain leases and executory contracts could attempt to terminate such leases or contracts

4

pursuant to ipso facto provisions in contravention of sections 362 and 365 of the Bankruptcy Code.

Similarly, governmental units[3] outside the United States may deny, suspend, terminate, or

otherwise place conditions upon certain licenses, permits, or other similar grants held by a chapter

11 debtor and required for the Debtors' ongoing business operations, which would violate section

525 of the Bankruptcy Code.

10.     The Debtors seek the relief requested herein out of an abundance of caution and to

assist them in better informing non-United States creditors of the broad protections offered by the

Bankruptcy Code.  For the avoidance of doubt, the Debtors do <u>not</u> seek to expand or enlarge the

rights afforded to them under the Bankruptcy Code with this Motion.  Instead, the Debtors seek to

affirm those rights and believe that an order from this Court will help guard the Debtors against

improper actions taken by, and provide clarity for, non-United States parties in interest.

## **<u>Basis for Relief</u>**

11.     As a result of the commencement of these chapter 11 cases, and by operation of

section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other

things, taking any action to obtain possession of property of the estate or to exercise control over

property of the estate.  *See* 11 U.S.C. § 362(a)(3).  The injunction in section 362 is a core protection

for debtors, providing them with a "breathing spell from [their] creditors" that is essential to the

Debtors' ability to reorganize successfully.  *Browning v. Navarro*, 743 F.2d 1069, 1083 (5th Cir.

1984) (citations omitted); *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990).

12.     Given its fundamental importance to a debtor's reorganization, courts broadly

---

[3] The Bankruptcy Code defines "governmental unit" as the "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency or instrumentality of the United States (but not a UnitedStates trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory,a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. § 101(27).  Thus, the protections of section 525(a) apply broadly to local, state, and foreign governmental units.

construe the Bankruptcy Code's automatic stay provisions. *In re NextWave Pers. Commc'ns., Inc.*, 244 B.R. 253, 271 (Bankr. S.D.N.Y. 2000). As such, the automatic stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order, protecting a debtor's property and contracts wherever located and by whomever held. *See, e.g., Bonneville Power Admin. v. Mirant Corp. (In re Mirant)*, 440 F.3d 238, 253–54 (5th Cir. 2006) (holding that the automatic stay prohibited termination of debtor's contract without further relief).

13.     Furthermore, section 362 of the Bankruptcy Code applies worldwide. *See Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 08-1789 (BRL), 2012 WL 1570859, (S.D.N.Y. May 4, 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998). The Bankruptcy Court has authority to fashion appropriate remedies for violations of the automatic stay. *See, e.g.*, 11 U.S.C. §§ 105(a); 362(k); *see Standard Indus., Inc. v. Acquila, Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1246 (10th Cir. 2010) (holding that a debtor may pursue remedies regarding a stay violation by contempt motion pursuant to Bankruptcy Rules 9020 and 9014); *see also Buckeye Check Cashing, Inc. vs. Meadows (In re Meadows)*, 396 B.R. 485, 489 (6th Cir. BAP 2008) ("[A]ctions to recover damages for stay violations are generally brought by motion, with attorney fees expressly allowable under § 362(k).").

14.     Section 525 of the Bankruptcy Code prohibits governmental units from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, in each case, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the

AmericasActive:16295306.5

commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases. *See In re Psychotherapy and Counsel Ctr., Inc.*, 195 B.R. 522, 533 (Bankr. D. Col. 1996) (holding that the debtor's exclusion from a governmental program on account of its non-payment of a dischargeable debt would interfere with debtor's breathing spell and fresh start).

15.     Section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor contracts from terminating or modifying such contracts, including rights or obligations thereunder, solely on account of a debtor's bankruptcy filing—invalidating such "*ipso facto*" provisions. Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984). Third parties must thus continue to perform under executory contracts until they are assumed or rejected. *See In re El Paso Refinery, L.P.*, 196 B.R. 58, 72 (Bankr. W.D. Tex. 1996); *In re Calpine Corp.*, No. 06-10678, 2009 Bankr. LEXIS 1041, at *15 (Bankr. S.D.N.Y. May 7, 2009).

16.     Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction. *See, e.g., U.S. v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986); *MacArthur Co. v. Johns-Manville Corp.* 837 F.2d 89, 93 (2d Cir. 1988). Such orders are appropriate where, as here, they are essential to the debtor's reorganization efforts and do not burden creditors. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (holding that, as courts of equity, bankruptcy courts are empowered to invoke equitable principles to achieve fairness and justice in the reorganization process).

17.     The application of the protections afforded a debtor by sections 362, 365, and 525

7

of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition.  *See* 11 U.S.C. §
362(a)(3) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable
to all entities, of, [among other things,] any act to obtain possession of property of the estate or of
property from the estate or to exercise control over property of the estate."); 11 U.S.C. § 365(e)(1)
("[A]ny right or obligation under [an executory contract or unexpired lease of the debtor] may not
be terminated or modified, at any time after the commencement of the case solely because" of an
*ipso facto* provision); 11 U.S.C. § 525(a) ("[A] governmental unit may not deny, revoke, suspend,
or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a
grant to, discriminate with respect to such a grant against . . . a person that is or has been a debtor
under this title.").

18.     Despite the automatic effect of these statutes, however, non-United States creditors
unfamiliar with the Bankruptcy Code may attempt to collect against the Debtors' property outside
the United States even after the Debtors file voluntary petitions triggering the automatic relief
provided under the Bankruptcy Code.  Such unilateral self-help, litigation, or collection actions
could adversely impact the Debtors' ordinary course operations, thereby jeopardizing the Debtors'
reorganization and resulting in irreparable harm to the estates and interested parties.  Although the
automatic stay, anti-discrimination provisions, and *ipso facto* protections are self-executing on the
Petition Date, the Debtors believe that a Court order is necessary and appropriate to better enforce
creditor compliance with the Bankruptcy Code.  To that end, the Debtors submit that service of
the Notice in appropriate circumstances will advance the efficient administration of these chapter
11 cases.

19.     Granting the relief requested herein will better enable the Debtors to inform non-
United States creditors and interested parties of debtor protections that may be unfamiliar to them.

It will help ensure that (a) parties to unexpired leases and executory contracts with the Debtors continue to perform their duties and obligations thereunder, (b) creditors are less likely to seize the Debtors' assets or take other actions violating the automatic stay, and (c) governmental units do not unfairly discriminate or take action against the Debtors in violation of the Bankruptcy Code. The relief requested herein will facilitate the Debtors' orderly transition into chapter 11 and minimize the disruption of their businesses.

### Emergency Consideration

20.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case when that relief is necessary to avoid immediate and irreparable harm to the estate. The Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. The failure to receive the requested relief during the first 21 days of these chapter 11 cases could severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors request that the Court approve the relief requested in this motion on an emergency basis.

### Notice

21.     The Debtors will provide notice of this Motion to:  (a) the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition revolving credit facility and counsel thereto; (d) the indenture trustee for the Debtors' 8.00% secured second priority notes and counsel thereto; (e) the indenture trustee for the Debtors' 9.125% unsecured notes; (f) the United States Attorney's Office for the Southern District of Texas; (g) the

9

Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

AmericasActive:16295306.5

WHEREFORE, the Debtors request entry of the Order granting the relief requested herein and such other relief the Court deems appropriate under the circumstances.

Dated: April 12, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

*/s/ Katherine A. Preston*
Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Katherine A. Preston*
Katherine A. Preston


## **Certificate of Service**

I certify that on April 12, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Katherine A. Preston*
Katherine A. Preston

**<u>Exhibit A</u>**

**Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re:  Docket No. _____** |
|  | ) |

**ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY,
ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE
BANKRUPTCY CODE, (II) APPROVING THE RELATED FORM AND MANNER OF
NOTICE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), (a) restating and enforcing the

worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the

Bankruptcy Code, (b) approving the form and manner of notice, and (c) granting related relief, all

as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article

III of the United States Constitution; and this Court having found that venue of this proceeding

and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this

Court having found that the relief requested in the Motion is in the best interests of the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Subject to the exceptions set forth in section 362(b) of the Bankruptcy Code and in

28 U.S.C. § 959, all persons (including individuals, partnerships, corporations, and other entities

and all those acting on their behalf) and governmental units, whether of the United States, any state

or locality therein or any territory or possession thereof, or any non-United States jurisdiction

(including any division, department, agency, instrumentality or service thereof, and all those acting

on their behalf), are hereby stayed, restrained and enjoined from:

(a)     commencing or continuing (including the issuance or employment of
        process) any judicial, administrative, or other action or proceeding against
        the Debtors that was or could have been commenced before the
        commencement of the Debtors' chapter 11 cases or recovering a claim
        against the Debtors that arose before the commencement of the Debtors'
        chapter 11 cases;

(b)     enforcing, against the Debtors or against property of their estates, a
        judgment or order obtained before the commencement of the Debtors'
        chapter 11 cases;

(c)     taking any action, whether inside or outside the United States, to obtain
        possession of property of the Debtors' estates, wherever located, or to
        exercise control over property of the Debtors' estates or interfere in any way
        with the conduct by the Debtors of their businesses, including, without
        limitation, attempts to interfere with deliveries or events or attempts to
        arrest, seize or reclaim any equipment, supplies or all other assets in which

2

the Debtors have legal or equitable interests;

    (d)    taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

    (e)    taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

    (f)    taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

    (g)    offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and

    (h)    commencing or continuing any proceeding before the United States Tax Court concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3.    Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases, or (b) commencement of these cases under the Bankruptcy Code.

4.    Pursuant to section 525 of the Bankruptcy Code, all governmental units are prohibited and enjoined from:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, in each case solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.

5.    Notwithstanding anything to the contrary in this Order, nothing in this Order

expands, enlarges, or limits the rights afforded to any party under the Bankruptcy Code, nor does the Order modify the rights provided under section 362(b), and all rights of parties in interest to assert that any action is subject, or not subject, to the stay and injunction contemplated by section 362 of the Bankruptcy Code and this Order, including because of the operation of section 362(b) of the Bankruptcy Code, are preserved.

6.     The form of Notice, attached as **Exhibit 1**, is approved.   The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located. The Debtors are authorized to procure and provide true and correct non-English language translations of the Motion, this Order, or any other materials filed in these chapter 11 cases to any party in interest in the Debtors' discretion.

7.     Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

8.     This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions.

9.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

AmericasActive:16295306.5

Houston, Texas
Dated:_____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Form of Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF ENTRY OF AN ORDER RESTATING AND ENFORCING THE**
**WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND**
***IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on April 12, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors' chapter 11 cases are pending before the Honorable Judge Isgur, United States Bankruptcy Judge, and are being jointly administered under the lead case *In re ION Geophysical Corporation, et al.*, Case No. 22-30987 (MI).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities and protecting the Debtors from, among other things: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' cases, or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases, (b) the enforcement, against the Debtors or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

   **PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief* (the "Order") [Docket No. ____ ], entered on _____, 2022, and attached as **Exhibit A**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to a contract or agreement with the Debtors, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-United States country (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

   **PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims or interests against, seek or assert causes of action or other legal or equitable remedies against, or otherwise exercise any rights in law or equity against the Debtors or their estates must do by applying to the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority of any country is

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment or any other claims of the Debtors against any party in interest.  The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, in each case solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing, except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in Court for failure to comply with the Order and applicable law—including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' chapter 11 cases, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of the Debtors' chapter 11 cases at http://www.txs.uscourts.gov/bankruptcy (PACER login and password required), (b) accessing the Debtors' publicly available website providing information regarding these chapter 11 cases, located online at https://dm.epiq11.com/IONGeophysical, or (c) contacting the following proposed co-counsel for the Debtors.

3

Dated: _____, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A to Form Notice</u>**

**Order**