**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) | Case No. 22-30987 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I)
CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE
STATEMENT, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES
WITH RESPECT TO CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11
PLAN, (III) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, (IV)
APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
THEREWITH, AND (V) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than April 26, 2022.**
>
> **If you object to the relief requested or you belief that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this motion (this "<u>Motion</u>"):

**<u>Preliminary Statement</u>**[2]

1.    Recognizing the need to address its ongoing liquidity challenges, in September

2021, ION Geophysical Corporation (together with its subsidiaries, collectively, "<u>ION</u>") initiated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement (each as defined herein), as applicable.

a process to evaluate a range of strategic alternatives to strengthen its financial position and maximize stakeholder value. To assist with this evaluation process, ION engaged Perella Weinberg Partners LP (together with its corporate advisory affiliates, "PWP"). PWP conducted a prepetition marketing process commencing in September 2021, targeting a broad range of potential counterparties, with a focus on strategic bidders interested in either bidding on ION as a whole or pursuing a transaction for any of its individual operating segments. This process initially yielded one formal non-binding bid for ION's seismic data assets, two formal non-binding bids for ION's software business, one formal non-binding bid for ION's devices business line, and one formal non-binding bid for a combination of the software and devices business lines. In December 2021, following three months of active marketing that yielded no actionable bids at sufficient price levels, ION and its advisors began preparing for a potential bankruptcy filing and commenced discussions with key stakeholders, including an ad hoc group of holders of Second Lien Notes (the "Ad Hoc Group").

2. After those discussions commenced, PWP continued to solicit additional indications of interest and engage with interested parties and PWP has pursued that process up until the bankruptcy filing.

3. Due to the results of the marketing process, in early February 2022, the Ad Hoc Group and the Debtors began discussing potential alternative restructuring options. As part of this process, the Debtors provided the creditors' advisors substantial diligence and the parties held numerous telephone conferences among both advisors and principals. Concurrently with the diligence process, the Debtors and the Ad Hoc Group began to engage in high-level discussions about potential restructuring transaction structures that became progressively more detailed as the Ad Hoc Group came to better understand the Debtors' enterprise.

4.      In order to facilitate continued discussions, help ION preserve liquidity, and continue the forbearance period, on March 7, 2022, PNC Bank, National Association ("PNC"), as agent under the Debtors' prepetition revolving credit facility (the "Revolving Credit Facility"), sold and assigned to the Ad Hoc Group all of PNC's advances, rights, duties, obligations, and commitments under the prepetition revolving credit agreement (the "RCF Credit Agreement" and the claims thereunder, the "RCF Claims").  Accordingly, the Ad Hoc Group currently holds 100% of the RCF Claims and a majority of the Debtors' second lien notes (the "Second Lien Notes" and the claims thereunder, the "Second Lien Notes Claims").

5.      Thereafter, the Debtors and the Ad Hoc Group reached an agreement on the terms of a restructuring transaction and entered into a Restructuring Support Agreement on April 12, 2022 (the "Restructuring Support Agreement").  The terms of the restructuring transaction are further incorporated into the chapter 11 plan of reorganization (the "Plan") filed contemporaneously herewith.  As of the Petition Date, creditors holding 100% of the RCF Claims and holders of  approximately 80.4% of the Second Lien Notes Claims have signed the Restructuring Support Agreement (collectively, the "Supporting Creditors").

6.      Under the terms of the Restructuring Support Agreement and the Plan, the Supporting Creditors have agreed to (a) provide the Debtors with a $2.5 million debtor-in-possession financing facility and continued access to cash collateral and (b) to the extent the RCF Claims are not paid in full in cash, convert the remaining RCF Claims into an exit facility and (ii) convert the Second Lien Notes Claims into 99.75% of the equity of the reorganized company, subject to dilution on account of the management incentive plan.

7.      Importantly, the Plan includes a sale "toggle" feature allowing for one or more potential sales to third parties supported by the lenders.  Accordingly, one or more of ION's

business lines could be sold pursuant to the sale process with any remaining assets reorganized pursuant to the Plan. In the event all assets are sold pursuant to the sale process, the Debtors would not move forward with the plan of reorganization, as it would no longer be necessary. This process will allow the Debtors to market test the transaction contemplated by the Restructuring Support Agreement and the Plan and run a comprehensive marketing process to ensure the Debtors obtain the highest or otherwise best offer, or combination of offers, for the Debtors' assets. At the same time, the Debtors and their creditors have the benefit of the Restructuring Support Agreement and Plan, which provides for a reorganization transaction around the remaining assets that are not sold pursuant to the sale process.

8.      Whether effectuated through the debt-for-equity transaction contemplated by the Plan or through one or more sale transactions, the Supporting Creditors are committed to an efficient and expeditious restructuring. To maximize the benefits of the proposed restructuring and preserve the value of the Debtors' estates, it is imperative that the Debtors proceed swiftly. Given the support of 100% of the RCF Claims and approximately 80.4% of the Second Lien Notes Claims, a prolonged stay in chapter 11 is unnecessary and would serve only to accrue significant incremental administrative costs. Moreover, the milestones set forth in the Restructuring Support Agreement (the "Milestones") require confirmation of a Plan and entry of any orders approving the sale transactions within 87 days of the Petition Date. Accordingly, it is in the interest of the Debtors and all stakeholders to proceed on the timeline contemplated by this Motion.

9.      In light of the Restructuring Support Agreement, the Debtors expect that Class 3 (RCF Claims) and Class 4 (Second Lien Notes Secured Claims) will vote to accept the Plan. Accordingly, the Debtors request authority to proceed with these chapter 11 cases on the proposed confirmation timeline set forth below. The confirmation timeline provides ample opportunities

for all interest parties to participate in these chapter 11 cases and will preserve significant value for the Debtors' estates and their stakeholders.

10.     Importantly, no parties in interest are prejudiced by the proposed confirmation timeline.  As set forth herein, the Debtors are complying with all notice requirements under the Bankruptcy Rules and Local Rules. The notices summarize the material terms of the Plan, including classification and treatment of claims and interests, provides the full text of the release, exculpation, and injunction provisions in the Plan, and offer multiple methods by which stakeholders can obtain copies of the Plan, Disclosure Statement, and Restructuring Support Agreement in the format of their choosing. Notably, the Ballots and the Notice of Non-Voting Status (each as defined below) include an "opt out box," meaning every known stakeholder, including Unimpaired and Impaired creditors, will actually be served with the means by which they can opt out of the third-party release set forth in the Plan.  In light of these documents, the Debtors request that the Court schedule the Combined Hearing on July 1, 2022 to consider final approval of the Disclosure Statement and confirmation of the Plan.

**Relief Requested**

11.     The Debtors seek entry of an order, substantially in the attached form (the "Order"):

    a.     ***Disclosure Statement***. Conditionally approving the *Disclosure Statement for Joint Chapter 11 Plan of ION Geophysical Corporation and Its Affiliated Debtors* (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") substantially in the form attached to the Order as Schedule 1;

    b.     ***Solicitation and Voting Procedures***. Approving, on a final basis, procedures for: (i) soliciting, receiving, and tabulating votes to accept or reject the Plan; (ii) voting to accept or reject the Plan; and (iii) filing objections to the Plan (the "Solicitation and Voting Procedures"), substantially in the form attached to the Order as Schedule 2;

    c.     ***Ballots***. Approving the ballots and master ballots that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan,

substantially in the forms attached to the Order as <u>Schedules 3A</u>, <u>3B</u>, <u>3C</u>, <u>3D</u>, <u>3E</u>, and <u>3F</u> (each, a "<u>Ballot</u>" and collectively, the "<u>Ballots</u>");

d.   ***Cover Letter***. Approving the form of letter (the "<u>Cover Letter</u>") that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan urging such parities to vote in favor of the Plan, substantially in the form attached to the Order as <u>Schedule 4</u>;

e.   ***Solicitation Packages***. Finding that the solicitation materials and documents included in the solicitation packages (the "<u>Solicitation Packages</u>") that will be sent to Holders of Claims entitled to vote to accept or reject the Plan are in compliance with Rules 2002(b) and 3017(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>");

f.   ***Combined Hearing Notice***. Approving the form and manner of notice of the combined hearing to be held by the Court to consider final approval of the Disclosure Statement and confirmation of the Plan (the "<u>Combined Hearing</u>," and the notice thereof, the "<u>Combined Hearing Notice</u>") pursuant to sections 1125 and 1129 of the Bankruptcy Code, substantially in the form attached to the Order as <u>Schedule 5</u>;

g.   ***Plan Supplement Notice***. Approving the notice related to the filing of the Plan Supplement (the "<u>Plan Supplement Notice</u>"), substantially in the form attached to the Order as <u>Schedule 6</u>;

h.   ***Non-Voting Status Notices***. Approving: (i) the form of notice applicable to Holders of Claims that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan, (ii) the form of notice applicable to Holders of Claims who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code, and (iii) the form of notice applicable to Holders of Claims that are subject to a pending objection by the Debtors who are not entitled to vote the disputed portion of such Claims (each, a "<u>Non-Voting Status Notice</u>"), substantially in the forms attached to the Order as <u>Schedules 7</u>, <u>8</u>, and <u>9</u>, respectively;

i.   ***Assumption and Rejection Notices***. Approving the form of notices to counterparties to Executory Contracts and Unexpired Leases that will be assumed, assumed and assigned, or rejected pursuant to the Plan (the "<u>Assumption Notice</u>" and the "<u>Rejection Notice</u>," as applicable), substantially in the forms attached to the Order as <u>Schedules 10</u> and <u>11</u>, respectively;

j.   ***Confirmation Timeline***. Establishing the following dates and deadlines with respect to Confirmation, subject to modification as necessary (the "<u>Confirmation Timeline</u>"):

| Event | Date | Description |
|---|---|---|
| Voting Record Date | April 22, 2022 | Date for determining (i) which Holders of Claims in the Voting Classes, as defined herein, are entitled to vote to accept or reject the Plan and (ii) whether Claims have been properly assigned or transferred to an assignee under Bankruptcy Rule 3001(e) such that the assignee or transferee, as applicable, can vote to accept or reject the Plan as the Holder of a Claim (the "Voting Record Date"). |
| Solicitation Deadline | May 3, 2022 (or as soon as reasonably practicable thereafter) | Deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline"). |
| Publication Deadline | Five business days following the Solicitation Deadline (or as soon as reasonably practicable thereafter) | The outside date by which the Debtors will submit the Combined Hearing Notice for publication in a format modified for publication (the "Publication Notice"). |
| Deadline to File Plan Supplement | Seven days prior to the Plan and Disclosure Statement Objection Deadline | Date by which the Debtors shall file the Plan Supplement. |
| Voting Deadline | June 24, 2022, at 5:00 p.m., prevailing Central Time | Deadline by which *all* Ballots must be properly executed, completed, and delivered so that they are ***actually received*** (the "Voting Deadline") by Epiq Corporate Restructuring LLC, the notice, claims, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent"). |
| Plan and Disclosure Statement Objection Deadline | June 24, 2022, at 5:00 p.m., prevailing Central Time | Deadline by which objections to the Plan and/or the Disclosure Statement must be filed with the Court and served so as to be ***actually received*** by the appropriate notice parties (the "Objection Deadline"). |
| Deadline to File Voting Report | June 28, 2022 | Date by which the report tabulating the votes cast to accent or reject the Plan (the "Voting Report") shall be filed with the Court. |
| Reply Deadline | June 29, 2022, at 5:00 p.m., prevailing Central Time | Deadline to file responses to the objections to the Plan and/or Disclosure Statement and/or submit a brief in support of the Plan and/or Disclosure Statement (the "Reply Deadline"). |
| Combined Hearing Date | July 1, 2022, at __:__ __.m., | Date and time for the hearing at which the Court will consider final approval of the Disclosure |

| Event | Date | Description |
|-------|------|-------------|
|  | prevailing Central Time | Statement and confirmation of the Plan (the "Combined Hearing Date"). |

## Jurisdiction and Venue

12.    The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

13.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

14.    The bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002(b), 2002(d), 3016, 3017, and 3020, rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), and section P of the *Procedures for Complex Cases in the Southern District of Texas*, effective August 1, 2021 (the "Complex Case Procedures").

## Background

15.    ION is an innovative, asset light global technology company that delivers data-driven decision-making offerings to offshore energy and maritime operations markets. Headquartered in Houston, Texas with regional offices around the world, ION operates through two key business segments—Exploration and Production Technology & Services ("EPTS") and Operations Optimization ("OO").  Within the EPTS segment, ION creates digital data assets on a proprietary and multi-client basis and delivers services to help exploration and production

companies improve decision-making, reduce risk, and maximize value.  The OO segment develops mission-critical software and technology that enable operational control and optimization offshore. In that regard, ION provides survey design, command and control software systems and related services for marine towed and seabed operations and develops intelligent hardware and devices to optimize operations.

16.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Mike Morrison*, *Executive Vice President and Chief Financial Officer of ION Geophysical Corporation, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

## II.     Plan Summary

17.     The Plan provides for the following classification of Claims and Interests and distributions to be made to the Debtors' stakeholders:

9

| Class | Claim/Interest | Treatment of Claim/Equity Interest |
|-------|----------------|-----------------------------------|
| 1 | Other Secured Claims | Except to the extent that a Holder of an Allowed Other Secured Claim agrees to less favorable treatment, on the Effective Date, or as soon as reasonably practicable thereafter, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for such Allowed Other Secured Claim, each Holder thereof shall receive, at the option of the applicable Debtor or Reorganized Debtor either (i) payment in full in Cash of its Allowed Other Secured Claim; (ii) the collateral securing its Allowed Other Secured Claim; (iii) Reinstatement of its Allowed Other Secured Claim; or (iv) such other treatment rendering its Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code; provided, that any Allowed Other Secured Claim assumed by the Purchaser pursuant to the Asset Purchase Agreement(s) shall be solely an obligation of the Purchaser and the Holder of such assumed Claim shall have no recourse to or Claim against the Debtors or Reorganized Debtors or their assets and properties. |
| 2 | Other Priority Claims | Except to the extent that a Holder of an Allowed Other Priority Claim agrees to less favorable treatment, on the Effective Date, or as soon as reasonably practicable thereafter, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for such Allowed Other Priority Claim, each Holder thereof shall (i) be paid in full in Cash or (ii) otherwise receive such treatment rendering its Allowed Other Priority Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code; provided, that any Allowed Other Priority Claim assumed by the Purchaser pursuant to the Asset Purchase Agreement(s) shall be solely an obligation of the Purchaser and the Holder of such assumed Claim shall have no recourse to or Claim against the Debtors or Reorganized Debtors or their assets and properties. |
| 3 | RCF Claims | Except to the extent that a Holder of an Allowed RCF Claim agrees to less favorable treatment, on the Effective Date, or as soon as reasonably practicable thereafter, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for each Allowed RCF Claim, each Holder thereof shall receive: (i) Cash in full on the Effective Date from the available Cash; (ii) to the extent not paid in full in Cash on the Effective Date, its Pro Rata share of the loans under the Exit Facility; or (iii) reinstatement or modification of its Allowed RCF Claim as agreed to by the Debtors and the Required Supporting Creditors. |
| 4 | Second Lien Notes Secured Claims | Except to the extent that a Holder of an Allowed Second Lien Notes Secured Claim agrees to less favorable treatment, on the Effective Date, or as soon as reasonably practicable thereafter, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for each Allowed Second Lien Notes Secured Claim, each Holder thereof shall receive its Pro Rata share of 99.75% of the New Common Stock, subject to dilution by any New Common Stock issued pursuant to the Management Incentive Plan. |

| Class | Claim/Interest | Treatment of Claim/Equity Interest |
|---|---|---|
| 5 | General Unsecured Claims | Except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, on the Effective Date, or as soon as reasonably practicable thereafter, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for each Allowed General Unsecured Claim, each Holder thereof shall receive its Pro Rata share of the GUC Recovery Pool. |
| 6 | Intercompany Claims | On the Effective Date, Intercompany Claims shall be, at the option of the applicable Debtor or Reorganized Debtor, either Reinstated or cancelled and released without any distribution. |
| 7 | Intercompany Interests | On the Effective Date, Intercompany Interests shall be, at the option of the applicable Debtor or Reorganized Debtor, either Reinstated or cancelled and released without any distribution. |
| 8 | ION Geophysical Preferred Interests | On the Effective Date, all ION Geophysical Preferred Interests will be cancelled, released, and extinguished, and will be of no further force or effect. The Second Lien Notes Trustee, the only Holder of an ION Geophysical Preferred Interest, has waived its right to receive a distribution hereunder solely on account of its ION Geophysical Preferred Interests. |
| 9 | ION Geophysical Common Interests | On the Effective Date, or as soon as reasonably practicable thereafter, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for each ION Geophysical Common Interest, each Holder thereof shall receive its Pro Rata share of and interest in 0.25% of the New Common Stock, subject to dilution on account of the Management Incentive Plan. |

18.   In accordance with the foregoing description of the treatment of Claims and Interests under the Plan, the Plan contemplates that acceptances and rejections of the Plan will be solicited from Holders of Claims in Class 3, Class 4, and Class 5 pursuant to section 1126 of the Bankruptcy Code, as set forth in the following chart:

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3 | RCF Claims | Impaired | Entitled to Vote |
| Class 4 | Second Lien Notes Secured Claims | Impaired | Entitled to Vote |
| Class 5 | General Unsecured Claims | Impaired | Entitled to Vote |

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 6 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept or Deemed to Reject) |
| Class 7 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept or Deemed to Reject) |
| Class 8 | ION Geophysical Preferred Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 9 | ION Geophysical Common Interests | Impaired | Not Entitled to Vote (Deemed to Reject)[3] |

19.     Based on the foregoing (and as discussed in greater detail herein), the Debtors are proposing to solicit votes to accept or reject the Plan only from Holders of Claims Classes 3, 4, and 5 (each, a "Voting Class" and collectively, the "Voting Classes"). The Debtors are **_not_** proposing to solicit votes from Holders of Claims and Interests in Classes 1, 2, 6, 7, 8, and 9 (each, a "Non-Voting Class" and collectively, the "Non-Voting Classes").

## Basis for Relief

I.      **The Confirmation Timeline Complies with Applicable Bankruptcy Law.**

20.     Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto." Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."

21.     Similarly, Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, the trustee, all creditors and indenture trustees [of] not less than 28 days . . . by mail of the

---

[3] Holders of ION Geophysical Common Interests are for purposes of satisfying the requirements of section 1129 of the Bankruptcy Code, being treated as if they are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Therefore, ION Geophysical Common Interests are not being solicited to vote to accept or reject the Plan.

time fixed for filing objections and the hearing to consider approval of a disclosure statement or, under § 1125(f), to make a final determination whether the plan provides adequate information so that a separate disclosure statement is not necessary." Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."

22.     The Court may combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan.  *See* 11 U.S.C. § 1125(g) (allowing the prepetition solicitation of votes through non-bankruptcy law); *see also* 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine a hearing on approval of a disclosure statement with the confirmation hearing). In addition, Section P of the Complex Case Procedures states that, contemporaneously with the filing of a disclosure statement and proposed plan, a plan proponent may file a motion requesting: (a) conditional approval of the disclosure statement; (b) approval of solicitation procedures; (c) the scheduling of a hearing on shortened notice to consider conditional approval of the proposed disclosure statement; and (d) the scheduling of a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan.

23.     The Complex Case Procedures allow the Court to combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan, so long as a motion filed for such purpose includes a proposed order requesting: (a) final approval of the balloting and voting procedures to be utilized; (b) final approval of the form of notice to be provided to creditors and holders of interests; (c) final approval of the form of Ballot which will be provided to creditors and interest holders entitled to vote on the proposed plan; (d) establishment of a record date pursuant to Bankruptcy Rules 3017(d) and 3018(a); and (e) establishment of a voting deadline—as the proposed Order does.

24.     The Debtors request that the Court schedule the Combined Hearing on July 1, 2022 and schedule the Objection Deadline at 5:00 p.m., prevailing Central Time, on June 24, 2022. The Debtors also request that the Court require that objections to the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state the legal or factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with the Court with proof of service thereof so as to be actually received by the Objection Deadline.

25.     Under the circumstances, it is appropriate to schedule a Combined Hearing to consider approval of the Disclosure Statement and confirmation of the Plan and have the notice periods run simultaneously in accordance with Bankruptcy Rule 9006(c)(1) and the Complex Case Procedures.

26.     *First*, the proposed Objection Deadline of June 24, 2022 is 52 days following the expected completion date service of the Combined Notice, and the proposed Combined Hearing on July 1, 2022 is 59 days following the expected completion date for service of the Combined Notice, both of which comply with the time periods required by the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

27.     *Second*, the notice periods provided in the proposed Confirmation Timeline will permit the Debtors to satisfy certain Milestones under the Restructuring Support Agreement. The Milestones were heavily negotiated between the Debtors and the Supporting Creditors, and were a key inducement for these creditors' support for the Plan.  Not meeting the Milestones would be an event of default under the Restructuring Support Agreement, which would jeopardize the

consensus built during months of negotiations and could significantly increase the costs of administering these chapter 11 cases.  Further, it is in the interest of the Debtors and all parties in interest to proceed on the timeline contemplated by this motion, which is intended to preserve value for the Debtors' creditors by reducing the administrative costs of a drawn out chapter 11 proceeding. Given the consensual nature of these chapter 11 cases and the restructuring transaction proposed by the Plan, the Confirmation Timeline, including concurrent notice periods to permit the Combined Hearing to take place, as proposed, on July 1, 2022, is appropriate and in the best interest of the Debtors, their estates, and all parties in these chapter 11 cases.

28.     *Fourth*, the Holders of Claims not entitled to vote will not be denied due process because such Holders will receive the applicable Non-Voting Status Notice, which includes an opportunity to opt-out of the third-party releases contained in the Plan.

29.     *Fifth*, Holders of 100% of the Class 3 RCF Claims and approximately 80.4% of the Class 4 Second Lien Notes Secured Claims have already agreed to support the transaction embodied in the Plan pursuant to the Restructuring Support Agreement.

30.     For the foregoing reasons, the Confirmation Timeline is reasonable, appropriate, in compliance with the applicable rules, and, most importantly, gives due process to all of the Debtors' stakeholders.

## II.     The Court Should Conditionally Approve the Disclosure Statement.

31.     Conditional approval of the Disclosure Statement and authorization to solicit the Plan and hold a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan is warranted under the facts and circumstances of these chapter 11 cases.  As noted above, Local Rule 3016-2 and section P of the Complex Case Procedures permit a plan proponent to move for conditional approval of a disclosure statement and a combined hearing to consider final approval of the disclosure statement and confirmation of the plan.

32.     For the reasons set forth herein, the Debtors' submit that the Court should conditionally approve the Disclosure Statement under section 1125(a) of the Bankruptcy Code, Local Rule 3016-2, and section P of the Complex Case Procedures.

**B.     The Disclosure Statement Provides Sufficient Notice of the Injunction, Release, and Exculpation Provisions of the Plan.**

33.     Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction. Fed. R. Bankr. P. 3016(c).

34.     Article VIII.F of the Plan and Article IV.B.11.d of the Disclosure Statement describe in detail the persons and entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing. Articles VIII.C and VIII.D of the Plan and Articles IV.B.11.a and IV.B.11.b of the Disclosure Statement describe in detail persons and entities subject to or providing a release under the Plan, and the Claims and Causes of Action so released, and Article VIII.E of the Plan and Article IV.B.11.c of the Disclosure Statement describe in detail the persons and entities entitled to exculpation under the Plan. Each of the foregoing sections is set forth conspicuously in bold typeface. Such information is also included in the proposed forms of Ballots and Non-Voting Status Notices.  Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined, released, or exculpated by the Plan.

**III.     The Court Should Approve the Solicitation and Voting Procedures, Including the Voting and Tabulation Procedures, the Materials, and the Timeline for Soliciting Votes on the Plan.**

**A.     The Standard for Approval of Voting and Tabulation Procedures.**

35.     Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected the plan.

11 U.S.C. § 1126(c).

36.     Section 1126(d) of the Bankruptcy Code provides that:

> A class of interests has accepted a plan if such plan has been accepted by holders of such interests, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount of the allowed interests of such class held by holders of such interests, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(d).

37.     In addition, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security Holder or an authorized agent and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c). Consistent with these requirements, the Debtors propose to use the Solicitation and Voting Procedures, which procedures include specific voting and tabulation requirements and processes, as follows (the "Voting and Tabulation Procedures"). The Debtors request that the Court approve the Solicitation and Voting Procedures (including the Voting and Tabulation Procedures) on a final basis.

**B.     Completion of Ballots.**

38.     To facilitate the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria. Specifically, the Voting and Tabulation Procedures provide that the Debtors not count a Ballot if it is, among other things, illegible, submitted by a Holder of a Claim that is not entitled

to vote on the Plan, unsigned, or not clearly marked. Further, the Debtors, unless otherwise ordered by the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report.

### C.   General Ballot Tabulation and Voting Procedures.

39.    The proposed Voting and Tabulation Procedures set forth specific criteria with respect to the general tabulation of Ballots and voting procedures applicable to Holders of Claims. The proposed Voting and Tabulation Procedures will facilitate the Plan confirmation process. The procedures will clarify any obligations of Holders of Claims whose votes to accept or reject the Plan are solicited and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity requirements of sections 1126(c) and (d) of the Bankruptcy Code, to the extent applicable. Accordingly, the Debtors submit that the Voting and Tabulation Procedures are in the best interests of their estates, Holders of Claims, and other parties in interest, and that good cause supports the relief requested herein.

### D.   The Court Should Approve the Forms of the Ballots.

40.    In accordance with Bankruptcy Rule 3018(c), all votes to accept or reject the Plan must be cast by using an appropriate Ballot. Although based on Official Form B314, the Ballots were modified to (a) address the particular circumstances of these chapter 11 cases and (b) include certain additional information that is relevant and appropriate for Claims of the Voting Classes. The proposed Ballots for the Voting Classes are annexed as <u>Schedule 3A</u>, <u>Schedule 3B</u>, <u>Schedule 3C</u>, <u>Schedule 3D</u>, <u>Schedule 3E</u>, and <u>Schedule 3F</u> to the Order. The Debtors respectfully submit that the forms of the Ballots comply with Bankruptcy Rule 3018(c) and, therefore, should be approved.

### E.   The Court Should Approve the Form and Distribution of the Solicitation Packages and Cover Letter to Parties Entitled to Vote on the Plan.

41.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed. Fed. R. Bankr. P. 3017(d).

42.     In accordance with this requirement, the Debtors propose to distribute the Solicitation Packages to Holders of Claims in the Voting Classes to provide them with information to enable them to make informed Plan voting decisions. Specifically, on or before the Solicitation Deadline, the Debtors will cause the Solicitation Packages to be distributed electronically or by U.S. first-class mail to Holders of Claims in the Voting Classes. Each Solicitation Package will include the following materials:

> a.     the Cover Letter including instructions to obtain access, free of charge, to the Plan, the Disclosure Statement, and the Order (without exhibits, except the Solicitation and Voting Procedures) via the Debtors' case website at https://dm.epiq11.com/IONGeophysical;
>
> b.     a Ballot, together with detailed voting instructions and a pre-addressed, postage-prepaid return envelope (as applicable);
>
> c.     the Combined Hearing Notice;
>
> d.     such other materials as the Court may direct.

43.     Due to the voluminous nature of certain documents, the Debtors request authorization to distribute the Plan, the Disclosure Statement, and the Order (without schedules, except for the Solicitation and Voting Procedures) to Holders of Claims entitled to vote on the Plan in electronic format (i.e., on a flash drive). Only the Ballots, the Cover Letter, and the Combined Hearing Notice will be provided in paper copy.

44.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots from holders of RCE Claims and General Unsecured Claims via electronic, online transmissions, solely through a customized

online balloting portal on the Debtors' case website to be maintained by the Solicitation Agent (an "E-Ballot") or solely in the case of Master Ballots, via electronic mail in accordance with the directions thereon.  Parties entitled to vote through E-Ballot may cast an electronic Ballot on the case website and electronically sign and submit such Ballot instantly by utilizing E-Ballot. Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

45.     The Debtors will provide (a) complete Solicitation Packages (excluding the Ballots) to the Office of the United States Trustee for the Southern District of Texas and (b) the Order (in electronic format) and the Combined Hearing Notice to all parties required to be notified under Rule 2002 of the Bankruptcy Rules and Local Rule 2002-1 (the "2002 List") as of the Voting Record Date.

46.     Any party that receives the materials in electronic format but would prefer paper format may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense). The Debtors will not mail Solicitation Packages or other solicitation materials (other than the Combined Hearing Notice) to Holders of Claims that (a) have already been paid in full during these chapter 11 cases, (b) that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, or (c) whose Claims are Unimpaired under the Plan.

47.     The Debtors request that the Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by

Holders of Claims, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to Plan and Disclosure Statement, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors and equity holders regarding the Plan.

**F.     The Court Should Approve Procedures for the Resolution of Disputed Claims for Voting Purposes.**

48.     The Debtors have established Solicitation and Voting Procedures, which include procedures for the treatment of Claims in a Voting Class subject to pending objections. Such procedures contemplate furnishing the Holder of such Claim with a disputed claim notice substantially in the form attached to the Order as <u>Schedule 9</u> (the "<u>Disputed Claim Notice</u>") and deeming the Holder not entitled to vote to accept or reject the Plan on account of such Claim until the occurrence of a Resolution Event (as such terms are defined in the Solicitation and Voting Procedures). The Debtors respectfully request this Court authorize the procedures for the resolution of disputed claims (the "<u>Disputed Claims</u>") as such procedures are customary and should be approved.

**G.     The Court Should Approve the Combined Hearing Notice.**

49.     The Debtors request that the Court approve the Combined Hearing Notice, substantially in the form attached as <u>Schedule 5</u> to the Order. The Debtors will serve the Combined Hearing Notice on all known Holders of Claims and Interests and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) by no later than the Solicitation Deadline, which will provide all parties in interest with notice of the Objection Deadline and the Combined Hearing. In accordance with Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice will include the following: (a) instructions as to how to view or obtain copies of the Plan, the

Disclosure Statement, the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent and/or the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the date by which the Debtors will file the Plan Supplement; (d) notice of the Objection Deadline; (e) notice of the Combined Hearing Date and information related thereto; and (f) instructions for attending an electronic hearing.

50.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Therefore, in addition to the foregoing distribution of the Combined Hearing Notice, the Debtors will publish the Publication Notice within five business days after the Solicitation Deadline, with any modifications necessary for ease of publication, on one occasion in *The New York Times* (national edition), or as soon as reasonably practicable thereafter. The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Objection Deadline, and the Combined Hearing to parties who did not otherwise receive notice thereof by mail. Additionally, service and publication of the Combined Hearing Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

**H.     The Court Should Approve the Plan Supplement Notice.**

51.     The Plan defines "Plan Supplement" to mean the compilation of documents and forms of documents, agreements, schedules, and exhibits to the Plan (in each case, as may be altered, amended, modified, or supplemented from time to time in accordance with the terms hereof, the Bankruptcy Code, and the Bankruptcy Rules) to be Filed prior to the Confirmation Hearing, and any additional documents Filed prior to the Effective Date as amendments to the Plan Supplement, including the following, as applicable: (a) the New Organizational Documents; (b) the New Common Stock Documents; (c) to the extent known, the identities of the members of the

New Board; (d) the Schedule of Rejected Executory Contracts and Unexpired Leases; (e) the Schedule of Assumed Executory Contracts and Unexpired Leases, (f) the Schedule of Retained Causes of Action, (g) the loan agreement for the Exit Facility, if any; and (h) a liquidation analysis and financial projections related to any assets not sold pursuant to any Asset Purchase Agreements. To ensure that all Holders of Claims and Interests receive notice of the Debtors' filing of the Plan Supplement, the Plan Supplement Notice should be approved.

**I.**      **The Court Should Approve the Form of Notices to Non-Voting Classes.**

52.      The Non-Voting Classes are ***not*** entitled to vote on the Plan. As a result, they will ***not*** receive Solicitation Packages and, instead, the Debtors propose that such parties receive a Non-Voting Status Notice. Specifically, in lieu of Solicitation Packages, the Debtors propose to provide the following to Holders of Claims and Interest in Non-Voting Classes:

| Class | Status | Treatment |
|---|---|---|
| Classes 1 & 2 | Unimpaired—Conclusively Presumed to Accept | Holders of Class 1 Other Secured Claims or Class 2 Other Priority Claims will receive a Non-Voting Status Notice, substantially in the form attached to the Order as <u>Schedule 7</u> in lieu of a Solicitation Package. |
| Classes 8 & 9 | Impaired—Deemed to Reject | Holders of Class 8 ION Geophysical Preferred Interests and Class 9 ION Geophysical Common Interests will receive a Non-Voting Status Notice, substantially in the form attached to the Order as <u>Schedule 8</u> in lieu of a Solicitation Package. |
| Classes 6 & 7 | Impaired/Unimpaired—Conclusively Presumed to Accept/Deemed to Reject | Holders will not receive any materials on account of Class 6 Intercompany Claims or Class 7 Intercompany Interests. |
| N/A | Disputed Claims | Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim.  As such, Holders of such Claims will receive a notice, substantially in the form attached to the Order as <u>Schedule 9</u> (which notice shall be served together with such objection). |

53.      Each of the Non-Voting Status Notices will include, among other things: (a) instructions as to how to view or obtain copies of the Plan, the Disclosure Statement, the Order,

and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent free of charge and/or the Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article VIII of the Plan; (c) notice of the Objection Deadline; (d) notice of the Combined Hearing Date; and (e) information related thereto.

54.     Mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d). Unless the Court orders otherwise, the Debtors do not intend to distribute Solicitation Packages to Holders of Claims and Interests in the Non-Voting Classes.

55.     The Debtors further request that they not be required to mail Solicitation Packages or other solicitation materials to: (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Combined Hearing Notice was sent but was subsequently returned as undeliverable. Additionally, in light of the fact that the Intercompany Claims and Intercompany Interests are all held by the Debtors or affiliates of the Debtors, the Debtors are requesting a waiver from any requirement to serve such Holders of Intercompany Claims and Intercompany Interests.

**J.     The Court Should Approve the Notices to Contract and Lease Counterparties.**

56.     Article V.A of the Plan provides that, except as otherwise provided in the Plan, all Executory Contract or Unexpired Lease will be deemed assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of the Bankruptcy Court, as of the Effective Date, pursuant to sections 365 and 1123 of the Bankruptcy Code, other than those that are: (1) identified on the Schedule of Rejected Executory Contracts and Unexpired Leases; (2) previously expired or terminated pursuant to their own terms or agreement of the parties thereto; (3) have been previously assumed or rejected by the Debtors pursuant to a Final Order; (4) the

subject of a motion to reject that is pending on the Effective Date; or (5) subject to an ordered or requested effective date of rejection that is after the Effective Date.

57.     To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of assumption or rejection of their Executory Contract or Unexpired Lease (and any corresponding cure claim) pursuant to the Plan, the Debtors will distribute by email, where available, and otherwise by first-class U.S. mail, an Assumption Notice or a Rejection Notice, as appropriate, within the time periods specified in the Plan.

**K.     The Court Should Approve the Voting Record Date, Solicitation Deadline, and Voting Deadline.**

58.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Fed. R. Bankr. P. 3018(a). Similarly, Bankruptcy Rule 3017(c) provides that before approving a disclosure statement, the Court must fix a time within which holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See* Fed. R. Bankr. P. 3017(c).

59.     The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish April 22, 2022, as the Voting Record Date and June 24, 2022, as the Voting Deadline.

60.     The Debtors request that, after the Debtors' distribution of Solicitation Packages to Holders of Claims entitled to vote on the Plan by the Solicitation Deadline, the Court require that

25

all Holders of Claims entitled to vote on the Plan complete, execute, and return their customized Ballots so that they are ***actually received*** by the Solicitation Agent on or before the Voting Deadline.

61.     The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan a reasonable amount of time, given the circumstances, to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules. Accordingly, the Debtors request that the Court approve the form of, and the Debtors' proposed procedures for distributing, the Solicitation Packages to the Holders of Claims in the Voting Classes.

## IV.     The Court Should Approve the Procedures for Confirming the Plan and Approving the Disclosure Statement on a Final Basis.

62.     Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties in interest can object to confirmation. 11 U.S.C. § 1128. Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan. Fed. R. Bankr. P. 3017(c). In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code, the Debtors request that the Court establish July 1, 2022 as the Combined Hearing Date. The Debtors further request that the Combined Hearing may be continued from time to time by the Court or the Debtors without further notice to parties in interest other than such adjournment announced in open court and/or a notice of adjournment filed with the Court and served on the 2002 List.

63. Rule 2002(b) provides that there should be "not less than "28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement..." Fed. R. Bankr. P. 2002(b), which the proposed Confirmation Timeline complies with.

64. The Debtors also request that the Court direct the manner in which parties in interest may object to confirmation of the Plan. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr.P. 3020(b)(1). The Combined Hearing Notice will require that objections to final approval of the Disclosure Statement, confirmation of the Plan, or requests for modifications to the Plan, if any, must:

    a.    be in writing;

    b.    conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court;

    c.    state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

    d.    be filed with the Court on or before the Objection Deadline.

65. The Debtors believe that the deadlines will afford the Court, the Debtors, and other parties in interest reasonable time, under the present extenuating circumstances, to consider any objections and proposed modifications prior to the Combined Hearing.

### Emergency Consideration

66. Pursuant to Local Rule 9013-1(i), the Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting

the relief requested could cause irreparable harm. Additionally, any delays in the chapter 11 process could frustrate the value-maximizing transaction contemplated by the Restructuring Support Agreement and Plan. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, request that the Court approve the relief requested in this Motion on an emergency basis.

### Non-Substantive Modifications

67.     The Debtors request authorization to make non-substantive changes to the Plan, Disclosure Statement, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Assumption Notice, Rejection Notice, and Voting and Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Plan, the Disclosure Statement, and any other materials in the Solicitation Packages prior to distribution.

### Notice

68.     The Debtors will provide notice of this Motion to:  (a) the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition revolving credit facility and counsel thereto; (d) the indenture trustee for the Debtors' 8.00% secured second priority notes and counsel thereto; (e) the indenture trustee for the Debtors' 9.125% unsecured notes; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order granting the relief requested herein and such other relief the Court deems appropriate under the circumstances.

Dated: April 13, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

*/s/ Katherine A. Preston*
Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

/s/ Katherine A. Preston_____
Katherine A. Preston

## **Certificate of Service**

I certify that on April 12, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Katherine A. Preston_____
Katherine A. Preston

**<u>Exhibit A</u>**

**Order**

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ION GEOPHYSICAL CORPORATION, *et al.*, [1] | ) | Case No. 22-30987 (MI) |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. ___** |

**ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND VOTING
PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' JOINT
CHAPTER 11 PLAN, (III) SCHEDULING CERTAIN DATES WITH RESPECT
THERETO, (IV) APPROVING THE FORMS OF BALLOTS AND NOTICES IN
CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), (a) conditionally approving the

adequacy of the Disclosure Statement, (b) approving the solicitation and voting procedures with

respect to confirmation of the Plan, (c) scheduling certain dates with respect thereto, (d) approving

the forms of ballots and notices in connection therewith, and (e) granting related relief; all as more

fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction

over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and this Court having reviewed the Motion and having heard the statements in

support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before this

Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted as provided herein.

## I.      Conditional Approval of the Disclosure Statement.

2.      The Disclosure Statement, substantially in the form attached hereto as **Schedule 1**,

is conditionally approved as providing Holders of Claims entitled to vote on the Plan with adequate

information to make an informed decision as to whether to vote to accept or reject the Plan in

accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Plan and Disclosure Statement provide Holders of Claims, Holders of Interests,

and other parties in interest with sufficient notice of the injunction, exculpation, and release

provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy

Rule 3016(c).

## II.      Approval of the Solicitation and Voting Procedures.

4.      The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan

in accordance with the Solicitation and Voting Procedures attached hereto as **Schedule 2**, which

are hereby approved in their entirety.

III.   **Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan and Approving the Disclosure Statement on a Final Basis.**

A.   **Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

5.     The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan, objections to confirmation of the Plan and approving the Disclosure Statement on a final basis (all times prevailing Central Time):

| Event | Date |
|---|---|
| Voting Record Date | **April 22, 2022** |
| Solicitation Deadline | **May 3, 2022 (or as soon as reasonably practicable thereafter)** |
| Publication Deadline | **Five (5) business days following the Solicitation Deadline (or as soon as reasonably practicable thereafter)** |
| Deadline to File Plan Supplement | **Seven (7) days prior to the Plan and Disclosure Statement Objection Deadline** |
| Voting Deadline | **June 24, 2022, at 5:00 p.m. (prevailing Central Time)** |
| Plan and Disclosure Statement Objection Deadline | **June 24, 2022, at 5:00 p.m. (prevailing Central Time)** |
| Deadline to File Voting Report | **June 28, 2022** |
| Reply Deadline | **June 29, 2022, at 5:00 p.m. (prevailing Central Time)** |
| Combined Hearing Date | **July 1, 2022, at __:__ _.m. (prevailing Central Time)** |

B.   **Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.     In addition to the Plan, the Disclosure Statement, and this Order (without exhibits, except the Solicitation and Voting Procedures), the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote

on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

    a.    an appropriate form of Ballots attached hereto as **Schedule 3A**, **3B**, **3C**, **3D**, **3E**, and **3C**;

    b.    the Cover Letter, including instructions to obtain access, free of charge, to the Plan, the Disclosure Statement, and the Order (without exhibits, except the Solicitation and Voting Procedures) via https://dm.epiq11.com/IONGeophysical, attached hereto as **Schedule 4**; and

    c.    the Combined Hearing Notice attached hereto as **Schedule 5**.

7.    The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.    The Debtors shall cause Solicitation Packages to be distributed to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.    The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this Order to Holders of Claims entitled to vote on the Plan in electronic format. On or before the Solicitation Deadline, the Debtors (through their Solicitation Agent) shall provide complete Solicitation Packages to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

10.    Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11.     The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Plan, the Disclosure Statement, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors and equity holders regarding the Plan.

12.     The Solicitation Agent is also authorized to accept Ballots from voters via electronic, online transmissions, whether through a customized online balloting portal on the Debtors' case website to be maintained by the Solicitation Agent (an "E-Ballot") or solely in the case of Master Ballots, via electronic mail in accordance with the directions thereon. Ballots submitted via electronic means shall be deemed to contain an original signature. Ballots submitted by facsimile or other means of electronic transmission will not be counted.

**C.      Approval of Procedures for Resolution of Disputed Claims for Voting Purposes.**

13.     The procedures for the resolution of Disputed Claims for voting purposes set forth in the Solicitation and Voting Procedures are hereby approved.

**D.      Approval of the Combined Hearing Notice.**

14.     The Combined Hearing Notice, in the form attached hereto as **Schedule 5** to be filed by the Debtors and served upon parties in interest in these chapter 11 cases on or before May 3, 2022, constitutes adequate and sufficient notice of the hearing to consider adequacy of the Disclosure Statement and approval of the Plan, the manner in which a copy of the Plan and the Disclosure Statement could be obtained, and the time fixed for filing objections thereto, in

satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Debtors shall publish the Combined Hearing Notice within five business days after the Solicitation Deadline, with any modifications necessary for ease of publication, on one occasion in *The New York Times* (national edition), or as soon as reasonably practicable thereafter.

15.     The Combined Hearing Notices provide Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the exculpation and injunction provisions contained in Article VIII of the Plan and the effect thereof.

### E.     Approval of Form of Plan Supplement Notice.

16.     The Debtors are authorized to send the Plan Supplement Notice, which will be filed and served prior to the Combined Hearing Date, substantially in the form attached hereto as **Schedule 6**, on the date the Plan Supplement is filed or as soon as reasonably practicable thereafter.

### F.     Approval of the Form of Notices to Non-Voting Classes.

17.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

| Class | Status | Treatment |
|---|---|---|
| Classes 1 & 2 | Unimpaired—Conclusively Presumed to Accept | Holders of Class 1 Other Secured Claims or Class 2 Other Priority Claims will receive a Non-Voting Status Notice, substantially in the form attached to the Order as Schedule 7 in lieu of a Solicitation Package. |
| Classes 8 & 9 | Impaired—Deemed to Reject | Holders of Class 8 ION Geophysical Preferred Interests and Class 9 ION Geophysical Common Interests will receive a Non-Voting Status Notice, substantially in the form attached to the |

| Class | Status | Treatment |
|---|---|---|
| | | Order as Schedule 8 in lieu of a Solicitation Package. |
| Classes 6 & 7 | Impaired/Unimpaired— Conclusively Presumed to Accept/Deemed to Reject | Holders will not receive any materials on account of Class 6 Intercompany Claims or Class 7 Intercompany Interests. |
| N/A | Disputed Claims | Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim.  As such, Holders of such Claims will receive a notice, substantially in the form attached to the Order as Schedule 9 (which notice shall be served together with such objection). |

18.    The Debtors will not provide the Holders of Claims or Interests Classes 1, 2, 8, and 9 with a Solicitation Package or any other type of notice in connection with solicitation.

19.    The Debtors are not required to provide the Holders of Claims in Class 6 (Intercompany Claims) or Holders of Interests in Class 7 (Intercompany Interests) with a Non-Voting Status Notice, Solicitation Package, or any other type of notice in connection with solicitation.

20.    The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Combined Hearing Notice was sent but was subsequently returned as undeliverable.

**G.    Approval of Notices to Contract and Lease Counterparties.**

21.    The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding cure claims), substantially in the forms attached hereto as **Schedule 10** and **Schedule 11**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

**H.      Approval of the Procedures for Filing Objections to the Plan and Final Approval of the Disclosure Statement.**

22.     Objections to the Plan and/or to final approval of the Disclosure Statement will not be considered by the Court unless such objections are timely filed in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, ***must***: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court no later than **5:00 p.m. (prevailing Central time) on June 24, 2022**.

**IV.     Miscellaneous.**

23.     The Debtors reserve the right to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date.

24.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of

the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

25.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

26.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

27.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

28.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

29.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

30.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

31.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

## <u>Schedule 1</u>

**Disclosure Statement**

Filed at Docket No. 23

## Schedule 2

**Form of Solicitation and Voting Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) | Case No. 22-30987 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

**SOLICITATION AND VOTING PROCEDURES**

---

    **PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) conditionally approving the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (b) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Chapter 11 Plan of Reorganization of ION Geophysical Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");[2] (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement (the "Solicitation and Voting Procedures").

    **A.**    **The Voting Record Date.**

    The Court has established **[_____], 2022**, as the record date for purposes of determining which Holders of Claims in Class 3 (RCF Claims), Class 4 (Second Lien Notes Secured Claims), and Class 5 (General Unsecured Claims) are entitled to vote to accept or reject the Plan (the "Voting Record Date").

    **B.**    **The Voting Deadline.**

    The Court has approved **[_____], 2022, at 4:00 p.m.** (prevailing Central Time) as the voting deadline (the "Voting Deadline") with respect to the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court. To be counted as votes to accept or reject the Plan, all ballots (each, a "Ballot") must be properly executed, completed, and returned pursuant to those instructions set forth on the applicable Ballot so that they are **actually received**,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2]  Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Disclosure Statement or the Plan, as applicable.

in any case, no later than the Voting Deadline by Epiq Corporate Restructuring, LLC (the "Solicitation Agent"). Delivery of a Ballot to the Solicitation Agent by e-mail, facsimile, or other electronic means shall not be valid with the following exceptions: (i) Ballots submitted by voters who are not Beneficial Holders of Second Lien Notes Secured Claims or Unsecured Notes Claims through the customized online balloting portal on the Debtors' case website maintained by the Solicitation Agent (each, an "E-Ballot"),[3] and (ii) Master Ballots submitted by brokers, banks, or other nominees holding Second Lien Notes Secured Claims or Unsecured Notes Claims in "street name" on behalf of the underlying Beneficial Holders (the "Nominees")[4] via e-mail to the address set forth in the Master Ballot.

To have their votes to accept or reject the Plan counted, Beneficial Holders must properly submit their vote to the appropriate Nominee, in sufficient time so that such Nominee can verify, tabulate, and include such Ballots in a master ballot and timely return such mater ballot, so that it is **actually received** no later than the Voting Deadline by the Solicitation Agent. In the case of the Beneficial Holders of Second Lien Notes Secured Claims or Unsecured Notes Claims who hold their position through a Nominee, such Beneficial Holders will be instructed to comply with the return instructions provided by such Nominee.[5]

###    C.    Form, Content, and Manner of Notices.

1.    The Solicitation Package.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

>    a.    the Disclosure Statement Order (excluding schedules);
>
>    b.    the conditionally approved Disclosure Statement (attached as Schedule 1 to the Disclosure Statement Order) and the schedules thereto, including the Plan;
>
>    c.    these Solicitation and Voting Procedures (attached as Schedule 2 to the Disclosure Statement Order)
>
>    d.    the applicable form of Ballot, in substantially the form attached as Schedules 3A, 3B, 3C, 3D, 3E, or 3F to the Disclosure Statement Order;

---

[3] For the avoidance of doubt, votes submitted through an E-Ballot and votes submitted by Nominees (as defined herein) via e-mail shall be the only electronic votes accepted by the Solicitation Agent.

[4] The defined term "Nominee" shall include each Nominee's agents, including mailing agents.

[5] A "Beneficial Holder" means a beneficial owner of publicly-traded securities, whose Claims have not been satisfied prior to the Voting Record Date pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees holding through the respective indenture trustee or transfer agent (as applicable).

e.  a cover letter, in substantially the form attached as <u>Schedule 4</u> to the Disclosure Statement Order and urging the Holders of Claims in each of the Voting Classes to vote to accept the Plan;

f.  a notice of the Combined Hearing, in substantially the form attached as <u>Schedule 5</u> to the Disclosure Statement Order (the "<u>Combined Hearing Notice</u>");

g.  a pre-addressed, postage pre-paid reply envelope; and

h.  any additional documents that the Court has ordered to be made available.

2.  <u>Distribution of the Solicitation Package.</u>

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without schedules) in electronic format (*i.e.*, CD-ROM or flash drive format, or, in the case of Beneficial Holders of Second Lien Notes Secured Claims and Unsecured Notes Claims, by electronic service in accordance with the customary procedures of the bank or brokerage firm holding the securities, or that firm's agent), and all other contents of the Solicitation Package, including Ballots and the Solicitation and Voting Procedures, shall be provided in paper format. Any party that receives the materials in electronic format but would prefer paper format may contact Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense) by: (a) writing to ION Geophysical c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005 or (b) calling (855) 604-1746 (toll free) or +1 (503) 597-7702 (international) and requesting to speak with a member of the Solicitation Agent.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots and the Cover Letter) on the United States Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1 as of the Voting Record Date. In addition, the Debtors shall mail, or cause to be mailed, the Solicitation Package to all Holders of Claims in the Voting Classes who are entitled to vote, as described in section D below, on [_____], 2022(or as reasonably practicable thereafter).

To avoid duplication and reduce expenses, the Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicative Proofs of Claim against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claims and with respect to that Class as against that Debtor.

3.  <u>Resolution of Disputed Claims for Voting Purposes; Resolution Event.</u>

a.  Absent further order of the Court, the Holder of a Claim in a Voting Class that is the subject of a pending objection filed with the Bankruptcy Court by the Debtor on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection.

b.  If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court more than seven days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with a disputed claim notice substantially in the form annexed as <u>Schedule 9</u> to the Disclosure Statement Order (which notice shall be served together with such objection); and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such claim unless a Resolution Event (as defined herein) occurs as provided herein.

c.  If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court fewer than seven days before the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

d.  A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than three business days prior to the Voting Deadline:

    i.   an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    ii.  an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    iii. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount;

    iv.  a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder to vote its Claim in an agreed upon amount; or

    v.   the pending objection is voluntarily withdrawn by the objecting party.

4

e.   No later than two business days following the occurrence of a Resolution Event, the Debtors shall cause the Solicitation Agent to distribute via email, hand delivery, or overnight courier service of a Solicitation Package to the relevant Holder to the extent such Holder has not already received a Solicitation Package containing a Ballot.

4.   <u>Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.</u>

a.   Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form attached as <u>Schedule 7</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots), as well as how they may opt out of the third-party release provided by the Plan (the "<u>Third Party Release</u>").

b.   Holders of Claims and Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan*, substantially in the form attached as <u>Schedule 8</u> to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots), as well as how they may opt out of the Third-Party Release.

**D.   Voting and Tabulation Procedures.**

1.   <u>Holders of Claims Entitled to Vote.</u>

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.   Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Bankruptcy by the Debtors at least seven days prior to the Voting Deadline, pending a Resolution Event (as defined herein); *provided* that a Holder of a Claim that is the subject of

5

a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

b.  Holders of Claims that are listed in the Schedules; *provided* that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated (excluding such scheduled contingent, disputed, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amount of $1.00;

c.  Holders whose Claims arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d.  Holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.  with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2.  <u>Establishing Claim Amounts for Voting Purposes.</u>[6]

**RCF Claims**.  The Claim amount of RCF Claims for voting purposes only will be established based on the amount of the applicable positions held by such Holders of RCF Claims, as of the Voting Record Date, as evidenced by the applicable records provided, or to be provided, by the RCF Agent to the Debtors or the Solicitation Agent no later than one business day following the Voting Record Date.

**Second Lien Notes Claims**.  The Claim amount of Second Lien Notes Claims for voting purposes only will be established by reference to (a) the Debtors' applicable books and records and (b) the list of record holders maintained by the Second Lien Notes Trustee reflected in the securities position report(s) from DTC or other applicable depository firm, dated as of the Voting Record Date, which shall be provided by the Second Lien Notes Trustee to the Debtors or the Solicitation Agent no later than two business days following the Voting Record Date.

---

[6]  The amounts described herein are for description purposes only and are qualified in all respects by the Plan and Disclosure Statement which shall control.

**Unsecured Notes Claims**.  The Claim amount of Unsecured Notes Claims for voting purposes only will be established by reference to (a) the Debtors' applicable books and records and (b) the list of record holders maintained by the Unsecured Notes Trustee reflected in the securities position report(s) from DTC or other applicable depository firm, dated as of the Voting Record Date, which shall be provided by the Unsecured Notes Trustee to the Debtors or the Solicitation Agent no later than two business days following the Voting Record Date.

**General Unsecured Claims (other than Unsecured Notes Claims and the Second Lien Notes Deficiency Claims)**.  Each Holder of a General Unsecured Claim that is not an Unsecured Notes Claim or a Second Lien Notes Deficiency Claim as of the Voting Record Date shall be entitled to vote the amount of its Claim established in accordance with the procedures set forth below for Filed and Scheduled Claims.

**Filed and Scheduled Claims**.  The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on the Ballots by the Debtors through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a.  the Claim amount (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, including the Plan, (ii) set forth in an order of the Court, or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court; or (iv) set forth in e-mailed instructions from the Debtors' counsel to the Solicitation Agent with the applicable voter copied;

b.  the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under Section C.3(d) of these Solicitation and Voting Procedures;

c.  the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Claims Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided, however,* that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Solicitation Agent) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, which Claim will be Allowed for voting purposes only in the liquidated

7

amount; *provided further, however,* that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d.  the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *provided*, *however*, that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00; and

e.  in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes unless otherwise ordered by the Bankruptcy Court.

3.    Tabulation of Ballots.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a.  except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors or by order of the Bankruptcy Court), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b.  the Agent will date-stamp all Ballots when received. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court.

c.  The Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

d.  the Debtors will file with the Bankruptcy Court, not later than [_____], 2022 a certification of votes (the "Voting Report"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of allowed claims of each class accepting or rejecting the plan, and delineate every Ballot that does not conform to the voting

8

instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile, or damaged (each, an "<u>Irregular Ballot</u>"). The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot;

e.  the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot;

f.  an executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Solicitation Agent by facsimile, or any electronic means other than as expressly approved by the Disclosure Statement Order or these Solicitation and Voting Procedures will not be valid;[7]

g.  no Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), the Debtors' financial or legal advisors, and if so sent will not be counted;

h.  if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

i.  Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

j.  a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

---

[7] For the avoidance of doubt, a Ballot may be submitted via the online electronic ballot portal and, solely for Nominees, via electronic mail to the Solicitation Agent at tabulation@epiqglobal.com with a reference to "ION Geophysical Mater Ballot" in the subject line.

k. the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

l. neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

m. unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

n. in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o. subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided that any such rejections will be documented in the Voting Report;

p. if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

q. if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

r. the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date, provided that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00; (iv) any unsigned Ballot or Ballot lacking an original signature; (v) any Ballot not marked

10

to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

s.   after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

t.   the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes;

u.   where any portion of a single filed Claim has been transferred to a transferee, all Holders of any portion of such single filed Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) or 1126(d) of the Bankruptcy Code, as applicable (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such filed Claim collectively to accept or reject the Plan. In the event that (a) a Ballot, (b) a group of Ballots within a Voting Class received from a single creditor, or (c) a group of Ballots received from the various Holders of multiple portions of a single filed Claim partially reject and partially accept the Plan, such Ballots shall not be counted; and

v.   neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.

4.   <u>Tabulation of Master Ballots.</u>

These rules will apply with respect to the tabulation of master ballots cast by Nominees for Beneficial Holders of certain Second Lien Notes Secured Claims or Unsecured Notes Claims (the "<u>Master Ballots</u>"):

a.   the Solicitation Agent shall distribute or cause to be distributed through a Nominee or its agent the appropriate number of copies of Ballots to each Beneficial Holder (a "<u>Beneficial Holder Ballot</u>") of a Second Lien Notes Secured Claim or Unsecured Notes Claim as of the Voting Record Date;

b.   Nominees identified by the Solicitation Agent as Entities through which Beneficial Holders hold their Claims will be provided with (i) Solicitation Packages for each Beneficial Holder represented by the Nominee as of the Voting Record Date, which will contain, among other things, a Beneficial Holder Ballot for each Beneficial Holder, and (ii) a Master Ballot;

11

c.  any Nominee that is a holder of record with respect to a Second Lien Notes Secured Claim or Unsecured Notes Claim shall vote on behalf of Beneficial Holders of such Claims by: (i) immediately, and in any event within five Business Days after its receipt of the Solicitation Packages, distributing the Solicitation Packages, including Beneficial Holder Ballots, it receives from the Solicitation Agent to all such Beneficial Holders;7 (ii) providing such Beneficial Holders with a return address to send the completed Beneficial Holder Ballots; (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot; and (iv) transmitting the Master Ballot to the Solicitation Agent on or before the Voting Deadline;

d.  any Beneficial Holder holding a Second Lien Notes Secured Claim or Unsecured Notes Claim as a record holder in its own name shall vote on the Plan by completing and signing a Ballot or Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline;

e.  any Beneficial Holder Ballot returned to a Nominee by a Beneficial Holder shall not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent a Master Ballot that reflects the vote of such Beneficial Holders on or before the Voting Deadline or otherwise validates the Beneficial Holder Ballot in a manner acceptable to the Solicitation Agent. Nominees shall retain all Beneficial Holder Ballots returned by Beneficial Holders for a period of one year after the Effective Date of the Plan;

f.  if a Beneficial Holder holds a Second Lien Notes Secured Claim or Unsecured Notes Claim through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial Holder Ballot for each block of Notes Claims that it holds through any Nominee and must return each such Beneficial Holder Ballot to the appropriate Nominee;

g.  votes cast by Beneficial Holders through a Master Ballot submitted by a Nominee (or its agent) will be applied against the positions held by such Nominee in the securities as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee (or its agent) in excess of the record amount of such securities held by such Nominee; *provided* that the Solicitation Agent may adjust such record amount to reflect the amount in accordance with subparagraph (j) below;

12

h.  if conflicting votes or "over-votes" are submitted by a Nominee, the Debtors will use reasonable efforts to reconcile discrepancies with the Nominee;

i.  if over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Report, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position, as of the Voting Record Date, of certain Notes Claims;

j.  for the purposes of tabulating votes, each Beneficial Holder shall be deemed (regardless of whether such Holder includes interest in the amount counted on its Ballot) to have voted only the principal amount of its position in the applicable Notes Claims; *provided*, *however*, that the Solicitation Agent may be requested to adjust the principal amount to reflect the corresponding claim amount; and

k.  a single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last-dated valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior dated Master Ballot.

**E.    Amendments to the Disclosure Statement and Solicitation and Voting Procedures.**

The Debtors reserve the right to make non-substantive or immaterial changes to the Plan, Disclosure Statement, Ballots, Master Ballots, Combined Hearing Notice, Solicitation Packages, Solicitation and Voting Procedures, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Plan and the Disclosure Statement and any other materials in the Solicitation Package before their distribution.

\*        \*        \*        \*        \*

## Schedule 3A

**Form of Class 3 Ballot**

ION Geophysical Corporation, *et al.*
Ballot for Class 3 – RCF Claims

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) | Case No. 22-30987 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES**

**CLASS 3 – RCF CLAIMS**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. <u>THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE ON THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN)</u>.

- THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022** (THE "<u>VOTING DEADLINE</u>").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES. THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 3 OF THIS BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ CORPORATE RESTRUCTURING, LLC (THE "<u>SOLICITATION AGENT</u>") AT (855) 604-1746 (TOLL FREE) AND (503) 597-7702 (INTERNATIONAL).

PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ION GEOPHYSICAL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

CORPORATION AND ITS DEBTOR AFFILIATES (THE "PLAN")[2] BEFORE COMPLETING THIS BALLOT. THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "TRANSACTION") UPON THE EMERGENCE OF THE DEBTORS FROM CHAPTER 11.

On [_____], 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), seeking to consummate the Transaction through the chapter 11 bankruptcy process and the Plan. On or about [_____], 2022, by entry of an order related to the Debtors' solicitation procedures and confirmation timeline (the "Solicitation Order"), the Bankruptcy Court conditionally approved the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").  Entry of the Solicitation Order does not indicate approval of the Plan by the Bankruptcy Court. Further, the Debtors will seek a determination as to the adequacy of the information contained in the Disclosure Statement in accordance with section 1125 of the Bankruptcy Code at a later date. The Disclosure Statement, the Plan, and the Solicitation Order are available on the Debtors' website at https://dm.epiq11.com/case/IONGeophysical.

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package"). This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto, including with respect to releases by Holders of Claims and Interests. Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

This ballot (the "Ballot") is being sent to you because records indicate that you are the Holder of a Class 3 RCF Claim as of **[_____], 2022** (the "Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan.

**YOUR VOTE ON THIS BALLOT FOR CLAIMS IN CLASS 3 SHALL BE APPLIED TO EACH APPLICABLE DEBTOR.**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claims under the Plan. Your Claims have been placed in Class 3 under the Plan.*

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**Item 1.  Amount of Claims in Class 3.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder), of Claims in Class 3 in the following amount (*insert amounts in box below if not already completed*).

| | |
|---|---|
| Class 3 – RCF Claims | $ _____ |

**Item 2.  Vote of Claims.**

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

The Holder of the Claims in Class 3 set forth in Item 1 votes to (*please check one and only one box*):

| | |
|---|---|
| Class 3 – RCF Claims | ☐ **Accept** the Plan |
| | ☐ **Reject** the Plan |

**Item 3.  Important Information Regarding Releases under the Plan.**[3]

Article VIII.C of the Plan provides for a release by the Debtors (the "<u>**Debtor Release**</u>"):

> **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, their Estates, and any person seeking to exercise the rights of the Debtors or their Estates, including any successors to the Debtors or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Released Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Definitive Documents, the Asset Purchase Agreement(s), if any, the Exit Facility Documents, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on**

---

[3]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document, the Asset Purchase Agreement(s), if any, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) the rights of any Holder of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan, or (iii) any Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing Debtor release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the foregoing Debtor release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the foregoing Debtor release; (c) in the best interests of the Debtors and their Estates and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the foregoing Debtor release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the Releasing Parties, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement,

event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, any Definitive Document or any agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) the rights of Holders of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE RCF AGENT, (D) THE DIP AGENT; (E) THE RCF LENDERS; (F) THE DIP LENDERS; (G) THE SECOND LIEN NOTES TRUSTEE; (H) THE SECOND LIEN NOTEHOLDERS; (I) THE SUPPORTING CREDITORS; (J) EACH LENDER UNDER THE EXIT FACILITY; (K) THE CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (J); AND (L) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (K); *PROVIDED* THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP LENDERS; (D) THE RCF AGENT, (E) THE SECOND LIEN NOTES TRUSTEE; (F) THE RCF LENDERS; (G) THE SECOND LIEN NOTEHOLDERS; (H) THE SUPPORTING CREDITORS; (K) EACH LENDER UNDER THE EXIT FACILITY; (L) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (N) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (O) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN OR ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (P) ALL CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (P); AND (Q) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (P).

## IMPORTANT INFORMATION REGARDING THE RELEASES:

AS A HOLDER OF A CLASS 3 RCF CLAIM YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) VOTE TO REJECT THE PLAN AND CHECK THE BOX BELOW AND SUBMIT THE BALLOT BY THE VOTING DEADLINE, (B) ABSTAIN FROM VOTING ON THE PLAN AND CHECK THE BOX BELOW AND SUBMIT THE BALLOT BY THE VOTING DEADLINE, OR (C) FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH

THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE. THE ELECTION TO WITHOLD CONSENT TO GRANT THE THIRD-PARTY RELASE IS AT YOUR OPTION.

☐ **By checking this box, the Holder of the Claims in Class 3 set forth in Item 1 elects to opt out of the Third-Party Releases.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party shall be released and exculpated from any Claims and Causes of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions (including the RCF Credit Agreement, the Second Lien Notes Indenture, and the Unsecured Notes Indenture), the Disclosure Statement, the Plan, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), including any Definitive Document, created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties and other parties set forth above have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan.**

6

**Item 4.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder) of the Class 3 RCF Claims in the amount set forth in Item 1;

b.      the Holder has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Holder has cast the same vote with respect to all of the Holder's Claims in Class 3;

e.      the Holder understands and acknowledges that if multiple Ballots are submitted voting the Claims set forth in Item 1, only the last properly completed Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.      the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

*[Remainder of page intentionally left blank]*

**Item 5.  Holder Information and Signature.**

Name of Holder: _____
(*print or type*)

Signature: _____

Name of Signatory: _____
(*if other than Holder*)

Title: _____

Address: _____

_____

_____

Date Completed: _____

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**PLEASE COMPLETE AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED, BY USING ONE OF THE ADDRESSES BELOW, OR BY VOTING ELECTRONICALLY (INSTRUCTIONS BELOW) SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT (EPIQ CORPORATE RESTRUCTURING, LLC) BY THE VOTING DEADLINE.**

| **By first class mail to:** | **Via overnight courier or hand delivery to:** |
|---|---|
| ION Geophysical Corporation<br>Ballot Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | ION Geophysical Corporation<br>Ballot Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

By electronic, online submission:

Please visit https://dm.epiq11.com/IONGeophysical. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Epiq's E-Ballot system, you should not also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:** _____

"E-Balloting" is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile or email will not be counted.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL (855) 604-1746 (TOLL FREE) AND (503) 597-7702 (INTERNATIONAL).**

**VOTING INSTRUCTIONS**

1.     As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 3 with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

2.     The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code. Contingent, disputed, or unliquidated Claims shall count as a vote towards satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and as a vote in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code.

3.     To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot** in accordance with the instructions received so the Ballot **is actually received by the Solicitation Agent by the Voting Deadline**. **Ballots will not be accepted by email, facsimile or other electronic means, other than through the Solicitation Agent's E-Ballot system.**

4.     The time by which a Ballot including your vote is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is [_____], 2022, at 5:00 P.M., prevailing Central Time**.

5.     If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.     The Holder understands and acknowledges that if multiple Ballots are submitted voting the Claims in Class 3 set forth in Item 1, only the last properly completed Ballot voting the Claims in Class 3 and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.     If a Holder holds a Claim in Class 3 against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder has a Claim in that Class 3.

8.     If a Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest. The Ballot may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.

10.    Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

11.    You must vote all of your Claims in Class 3 either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

12.     Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

13.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

14.     If you hold Claims or Interests in more than one Class under the Plan, you may receive more than one Ballot. Each Ballot votes only your Claims or Interests as indicated on that Ballot. Please complete and return each Ballot you receive.

15.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (855) 604-1746 (toll free) OR (503) 597-7702 (international).**

## <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>

## Schedule 3B

**Form of Class 4 Beneficial Holder Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) | Case No. 22-30987 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN
OF REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES**

**CLASS 4 – SECOND LIEN NOTES SECURED CLAIMS**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE ON THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022** (THE "VOTING DEADLINE").

- IF A BENEFICIAL HOLDER[2] HOLDS CLASS 4 SECOND LIEN NOTES SECURED CLAIMS THROUGH ONE OR MORE NOMINEES,[3] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS 4 SECOND LIEN NOTES SECURED CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] "Beneficial Holder" is a beneficial owner of Class 4 – Second Lien Notes Secured Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through The Depository Trust Company and/or the applicable indenture trustee, as of the Voting Record Date.

[3] "Nominee" means a broker, dealer, commercial bank, trust company, or other nominee who holds Class 4 – Second Lien Notes Secured Claims, or such firm's agent.

> LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES. THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 3 OF THIS BALLOT.
>
> - IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ CORPORATE RESTRUCTURING, LLC (THE "SOLICITATION AGENT") AT (855) 604-1746 (TOLL FREE) AND (503) 597-7702 (INTERNATIONAL).

PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES (THE "PLAN")[4] BEFORE COMPLETING THIS BALLOT. THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL.

On [_____], 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), seeking to consummate the Transaction through the chapter 11 bankruptcy process and the Plan. On or about [_____], 2022, by entry of an order related to the Debtors' solicitation procedures and confirmation timeline (the "Solicitation Order"), the Bankruptcy Court conditionally approved the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). Entry of the Solicitation Order does not indicate approval of the Plan by the Bankruptcy Court. Further, the Debtors will seek a determination as to the adequacy of the information contained in the Disclosure Statement in accordance with section 1125 of the Bankruptcy Code at a later date. The Disclosure Statement, the Plan, and the Solicitation Order are available on the Debtors' website at https://dm.epiq11.com/case/IONGeophysical.

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, and certain other materials are included in the packet you are receiving with this Beneficial Holder Ballot (the "Solicitation Package"). This Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto, including with respect to releases by Holders of Claims and Interests. Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

This ballot (the "Ballot") is being sent to you because records indicate that you are the Beneficial Holder of a Class 4 Second Lien Notes Secured Claim as of **[_____], 2022** (the "Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan. The CUSIP numbers for the Claims in Class 4 are identified on **Exhibit A** attached hereto.

**YOUR VOTE ON THIS BALLOT FOR CLAIMS IN CLASS 4 SHALL BE APPLIED TO EACH APPLICABLE DEBTOR.**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claims under the Plan. Your Claims have been placed in Class 4 under the Plan.*

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

---

[4]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**Item 1.  Principal Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Claims in Class 4 as set forth below in the following principal amount (*insert principal amount in box below if not already completed*). If your Claim is held by a Nominee on your behalf and you do not know the amounts of Claims held, please contact your Nominee immediately:

> Principal Amount of Class 4 – Second Lien Notes Secured Claims
>
> $ _____

**Item 2.  Vote of Claims.**

The Beneficial Holder of the Claims in Class 4 set forth in Item 1 votes to (*please check one and only one box*):

| Class 4 – Second Lien Notes Secured Claims | ☐ | **Accept** the Plan |
| | ☐ | **Reject** the Plan |

**Item 3.  Important Information Regarding Releases under the Plan.[5]**

Article VIII.C of the Plan provides for a release by the Debtors (the "<u>**Debtor Release**</u>"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, their Estates, and any person seeking to exercise the rights of the Debtors or their Estates, including any successors to the Debtors or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Released Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or**

---

[5]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Definitive Documents, the Asset Purchase Agreement(s), if any, the Exit Facility Documents, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document, the Asset Purchase Agreement(s), if any, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) the rights of any Holder of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan, or (iii) any Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing Debtor release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the foregoing Debtor release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the foregoing Debtor release; (c) in the best interests of the Debtors and their Estates and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the foregoing Debtor release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the Releasing Parties, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part:  (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit

Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, any Definitive Document or any agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) the rights of Holders of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE RCF AGENT, (D) THE DIP AGENT; (E) THE RCF LENDERS; (F) THE DIP LENDERS; (G) THE SECOND LIEN NOTES TRUSTEE; (H) THE SECOND LIEN NOTEHOLDERS; (I) THE SUPPORTING CREDITORS; (J) EACH LENDER UNDER THE EXIT FACILITY; (K) THE CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (J); AND (L) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (K); *PROVIDED* THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP LENDERS; (D) THE RCF AGENT, (E) THE SECOND LIEN NOTES TRUSTEE; (F) THE RCF LENDERS; (G) THE SECOND LIEN NOTEHOLDERS; (H) THE SUPPORTING CREDITORS; (K) EACH LENDER UNDER THE EXIT FACILITY; (L) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (N) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (O) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN OR ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (P) ALL

CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (P); AND (Q) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (P).

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES:**</u>

AS A HOLDER OF A CLASS 4 SECOND LIEN NOTES SECURED CLAIM YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) VOTE TO REJECT THE PLAN AND CHECK THE BOX BELOW AND SUBMIT THE BALLOT BY THE VOTING DEADLINE, (B) ABSTAIN FROM VOTING ON THE PLAN AND CHECK THE BOX BELOW AND SUBMIT THE BALLOT BY THE VOTING DEADLINE, OR (C) FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE.  THE ELECTION TO WITHOLD CONSENT TO GRANT THE THIRD-PARTY RELASE IS AT YOUR OPTION.

☐    **By checking this box, the Holder of the Claims in Class 4 set forth in Item 1 elects to opt <u>out</u> of the Third-Party Releases.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "<u>**Exculpation**</u>"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party shall be released and exculpated from any Claims and Causes of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions (including the RCF Credit Agreement, the Second Lien Notes Indenture, and the Unsecured Notes Indenture), the Disclosure Statement, the Plan, the Exit Facility Documents, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), including any Definitive Document, created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties and other parties set forth above have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.F of the Plan establishes an injunction (the "<u>**Injunction**</u>"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined, from and after the Effective Date,**

6

from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan.

**Item 4.  Certification of Class 4 Claims Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Claims in Class 4 owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table, and (b) <u>all</u> Ballots for Claims in Class 4 submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary). **To be clear, if any Beneficial Holder holds multiple Claims in Class 4 through one or more Nominees, such Beneficial Holder must identify all other Claims voted in Class 4 in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF CLAIMS IN CLASS 4

| Account Number of Other Class 4 Claims Voted | Name of Holder[6] | Principal Amount of Other Class 4 Claims Voted | CUSIP of Other Class 4 Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

[6]  Insert your name if the Claims in Class 4 are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank.

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of the Claims set forth in Item 1;

b.      the Beneficial Holder has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Claims in Class 4;

f.      the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

g.      the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of Claims in Class 4 held by the Beneficial Holder as of the Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds such Claims, and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

h.      the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

[*Remainder of page intentionally left blank*]

**Item 6.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder: _____

*(print or type)*

Signature: _____

Name of Signatory: _____

*(if other than Beneficial Holder)*

Title: _____

Address: _____

_____

_____

Date Completed: _____


**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE SOLICITATION AGENT (EPIQ CORPORATE RESTRUCTURING, LLC), PLEASE COMPLETE AND DATE THE BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL (855) 604-1746 (TOLL FREE) AND (503) 597-7702 (INTERNATIONAL).**

*[Remainder of page intentionally left blank]*

## <u>VOTING INSTRUCTIONS</u>

1.      As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Claims in Class 4 with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

2.      The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code. Contingent, disputed, or unliquidated Claims shall count as a vote towards satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and as a vote in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code.

3.      To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) <u>**sign and return the Ballot**</u> **in accordance with the instructions received, <u>so that this Ballot (if "pre-validated" by your Nominee) or a Master Ballot cast on your behalf is actually received by the Solicitation Agent by the Voting Deadline</u>**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the Voting Deadline.

        <u>**The Solicitation Agent will not accept beneficial ballots by email, facsimile, or other electronic means**</u>. If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4.      The time by which a Ballot or Master Ballot including your vote is **<u>actually received</u>** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is [_____], 2022, at 5:00 P.M., prevailing Central Time**.

5.      If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless timely received by the Solicitation Agent.

6.      The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claims set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claims and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.      A vote on this Ballot for Claims in Class 4 shall be applied to each applicable Debtor.

8.      If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.     Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.     You must vote all of your Claims in Class 4 either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13.     Any Ballot that is properly completed, executed, and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.     If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot. Each Ballot votes only your Claims or Interests indicated on that Ballot. Please complete and return each Ballot you receive.

16.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

---

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (855) 604-1746 (toll free) OR (503) 597-7702 (international).**

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>**

**<u>Exhibit A</u>**

*Your Nominee may have checked a box below to indicate the Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

**CLASS 4 – SECOND LIEN NOTES SECURED CLAIMS**

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | 8.00% Second Lien Notes | [_____] |
| ☐ | 8.00% Second Lien Notes | [_____] |

## Schedule 3C

**Form of Class 4 Master Ballot**

ION Geophysical Corporation, *et al.*
Beneficial Holder Ballot
Class 4 – Second Lien Notes Secured Claims

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) | Case No. 22-30987 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF**
**REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES**

**CLASS 4 – SECOND LIEN NOTES SECURED CLAIMS**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE ON THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY **5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS AND INTERESTS REGARDLESS OF WHETHER THEY HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES. THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 3 OF THIS BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE EMAIL THE DEBTORS' SOLICITATION AGENT, EPIQ CORPORATE RESTRUCTURING, LLC (THE "SOLICITATION AGENT") AT TABULATION@EPIQGLOBAL.COM AND REFERENCE "ION" IN THE SUBJECT LINE.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT RELATING TO THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES (THE "PLAN")[2] BEFORE COMPLETING THIS BALLOT. THIS MASTER BALLOT PERMITS YOU TO RELAY THE VOTES OF BENEFICIAL OWNERS IN CONNECTION WITH THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL.

On [_____], 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), seeking to consummate the Transaction through the chapter 11 bankruptcy process and the Plan. On or about [_____], 2022, by entry of an order related to the Debtors' solicitation procedures and confirmation timeline (the "Solicitation Order"), the Bankruptcy Court conditionally approved the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). Entry of the Solicitation Order does not indicate approval of the Plan by the Bankruptcy Court. Further, the Debtors will seek a determination as to the adequacy of the information contained in the Disclosure Statement in accordance with section 1125 of the Bankruptcy Code at a later date. The Disclosure Statement, the Plan, and the Solicitation Order are available on the Debtors' website at https://dm.epiq11.com/case/IONGeophysical.

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, and certain other materials (the "Solicitation Package") have been distributed under separate cover from the Master Ballot. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. Once completed and returned in accordance with the attached instructions, the votes on the Plan will be counted as set forth herein.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner for the Class 4 Second Lien Notes Secured Claims to transmit to the Solicitation Agent the votes of such Beneficial Holders in respect of their Class 4 Claims to accept or reject the Plan. CUSIPs for Claims in Class 4 are identified on Exhibit A attached hereto. THE VOTES ON THIS BALLOT FOR SECOND LIEN NOTES SECURED CLAIMS SHALL BE APPLIED TO EACH APPLICABLE DEBTOR. The record date for voting on the Plan is [_____], 2022 (the "Voting Record Date").**

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Court may confirm the Plan and thereby bind all Beneficial Holders[3] of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**Item 1.  Certification of Authority to Vote.**

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3]   "Beneficial Holder" is a beneficial owner of Claims in Class 4 whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐     Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Claims in the Class 4 listed in Item 2 below, and is the record holder of such bonds, or

☐     Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Claims in Class 4 listed in Item 2 below, or

☐     Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Claims in Class 4 listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Claims in Class 4 described in Item 2.

**Items 2 and 3.**   **Class 4 Claims Vote on Plan and Releases.**

The undersigned transmits the following votes and releases of Beneficial Holders of the Claims in Class 4 against the Debtors and certifies that the following Beneficial Holders of Claims in Class 4, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each Beneficial Holder must vote all such of their Claims in Class 4 to accept or reject the Plan and may not split such vote. Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted. If the Beneficial Holder has checked the box on Item 3 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims and Interests, as detailed in Article VIII.D of the Plan, please place an X in the Item 3 column below. The full text of Article VIII.D is duplicated in the Master Ballot Instructions.

**A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.**

| CUSIP AS INDICATED ON ATTACHED EXHIBIT B | | | | | |
|---|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Owner Who Voted in Class 4** | **Principal Amount Held as of the Voting Record Date** | **Item 2** Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below. | | | **Item 3** If the box in Item 3 of the Beneficial Holder Ballot was completed, place an "X" in the column below. |
| | | **Accept the Plan** | **or** | **Reject the Plan** | |
| 1 | $ | | | | |
| 2 | $ | | | | |
| 3 | $ | | | | |
| 4 | $ | | | | |
| 5 | $ | | | | |
| 6 | $ | | | | |
| **TOTALS** | $ | | | | |

**Item 4.  Certification as to Transcription of Information from Item 4 of the Ballots as to Class 4 Claims Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Ballot received from a Beneficial Holder. Please use additional sheets of paper if necessary.

| **Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Ballots** | **TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS:** | | | |
| --- | --- | --- | --- | --- |
| | **Account Number of Other Class 4 Claims Voted** | **Name of Holder** | **Principal Amount of Other Class 4 Claims Voted** | **CUSIP of Other Class 4 Claims Voted** |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 5.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.     it has received a copy of the Disclosure Statement, the Plan, the Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims in Class 4 listed in Item 2 above or delivered materials via other customary communications used to solicit or collect votes;

2.     it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; or

3.     it is the registered Beneficial Holder of the securities being voted, or

4.     it has been authorized by each such Beneficial Holder to vote on the Plan;

5.     it has properly disclosed: (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Class 4 Claims held by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Class 4 Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

6.     it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee:      _____
                                                                    (Print or type)


Participant Number:    _____
Name of Proxy Holder or Agent
for Nominee (if applicable):
                                      _____
                                                                    (Print or type)


Signature:                 _____


Name of Signatory:     _____

Title:                        _____

Address:                   _____

                               _____

                               _____


Date Completed:        _____

Email Address:          _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE EMAIL THE SOLICITATION AGENT AT TABULATION@EPIQGLOBAL.COM AND REFERENCE "ION GEOPHYSICAL" IN THE SUBJECT LINE.**

**PLEASE COMPLETE, SIGN, AND DATE THE MASTER BALLOT AND RETURN IT PROMPTLY TO:**

---

*By regular mail, hand delivery, or overnight mail at:*

ION Geophysical Master Ballot Processing
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**or**

*If by email to:*

tabulation@epiqglobal.com
with a reference to "ION Geophysical Master Ballot" in the subject line.

---

**MASTER BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN BY E-MAIL TO TABULATION@EPIQGLOBAL.COM WITH A REFERENCE TO "ION GEOPHYSICAL MASTER BALLOT" IN THE SUBJECT LINE).**

**THE MASTER BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

## VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class 4 Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code. Contingent, disputed, or unliquidated Claims shall count as a vote towards satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and as a vote in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code.

3.  You should immediately distribute the Ballots (or other customary material used to collect votes in lieu of the Ballot) and Solicitation Package to all Beneficial Holders of Class 4 Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 5:00 P.M., prevailing Central Time, on [_____], 2022, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

    If you are transmitting the votes of any beneficial owners of Class 4 Claims, you may <u>either</u>:

    (a)   "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 4 Claims for voting within five Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant name and DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class 4 Claims held by the Nominee for such Beneficial Holder, and then forwarding the Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Solicitation Agent. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; OR

    (b)   Within five Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Claims in Class 4 for voting (along with a return envelope provided by and addressed to the Nominee, if applicable), with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective Beneficial Owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is **actually received** by the Solicitation Agent on or before the Voting Deadline.

4.      With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.      The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is [_____], 2022, at 5:00 P.M., prevailing Central Time**.

6.      If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Nominees should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

7.      If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.      A vote on this Master Ballot for Claims in Class 4 shall be applied to each applicable Debtor.

9.      If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

12.     Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.     If you are both the Nominee and the Beneficial Holder of any of the Class 4 Claims and you wish to vote such Class 4 Claims, you may return a Ballot or Master Ballot for such Class 4 Claims and you must vote all of your Class 4 Claims in each applicable class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot, other than a Master Ballot with the votes of multiple Holders, that partially rejects and partially accepts the Plan will not be counted.

14.     The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot not marked to accept or reject the Plan; and (e) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

        The following additional rules shall apply to Master Ballots:

16.     Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class 4 Claims as of the Voting Record Date, as evidenced by the record and depository listings;

17.     Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Class 4 Claims held by such Nominee;

18.     To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.     To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in the relevant Class 4 Claims; and

20.     For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

**Important Information Regarding Releases under the Plan:**

The Plan includes the following release provisions:[4]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

        **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, their Estates, and any person seeking to exercise the rights of the Debtors or their Estates, including any successors to the Debtors or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other**

---

[4]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Master Ballot.

Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Released Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Definitive Documents, the Asset Purchase Agreement(s), if any, the Exit Facility Documents, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document, the Asset Purchase Agreement(s), if any, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) the rights of any Holder of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan, or (iii) any Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing Debtor release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the foregoing Debtor release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the foregoing Debtor release; (c) in the best interests of the Debtors and their Estates and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the foregoing Debtor release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the Releasing Parties, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against,

or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part:  (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, any Definitive Document or any agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) the rights of Holders of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*__RELEASED PARTY__*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE RCF AGENT, (D) THE DIP AGENT; (E) THE RCF LENDERS; (F) THE DIP LENDERS; (G) THE SECOND LIEN NOTES TRUSTEE; (H) THE SECOND LIEN NOTEHOLDERS; (I) THE SUPPORTING CREDITORS; (J) EACH LENDER UNDER THE EXIT FACILITY; (K) THE CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (J); AND (L) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (K); *PROVIDED* THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "*__RELEASING PARTIES__*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP LENDERS; (D) THE RCF AGENT, (E) THE SECOND LIEN NOTES TRUSTEE; (F) THE RCF LENDERS; (G) THE SECOND LIEN NOTEHOLDERS; (H) THE SUPPORTING CREDITORS; (K) EACH LENDER UNDER THE EXIT

FACILITY; (L) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (N) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (O) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN OR ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (P) ALL CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (P); AND (Q) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (P).

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party shall be released and exculpated from any Claims and Causes of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions (including the RCF Credit Agreement, the Second Lien Notes Indenture, and the Unsecured Notes Indenture), the Disclosure Statement, the Plan, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), including any Definitive Document, created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties and other parties set forth above have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts,**

has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan.

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE EMAIL THE SOLICITATION AGENT AT TABULATION@EPIQGLOBAL.COM AND REFERENCE "ION GEOPHYSICAL" IN THE SUBJECT LINE.**

**Exhibit A**

*Please check one box below to indicate the CUSIP Number to which this Master Ballot pertains.*

**CLASS 4 – SECOND LIEN NOTES SECURED CLAIMS**

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | 8.00% Second Lien Notes | [_____] |
| ☐ | 8.00% Second Lien Notes | [_____] |

## Schedule 3D

**Form of Class 5 General Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES**

**CLASS 5 – GENERAL UNSECURED CLAIMS**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE ON THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES. THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 3 OF THIS BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ CORPORATE RESTRUCTURING, LLC (THE "SOLICITATION AGENT") AT (855) 604-1746 (TOLL FREE) AND (503) 597-7702 (INTERNATIONAL).

PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ION GEOPHYSICAL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

CORPORATION AND ITS DEBTOR AFFILIATES (THE "<u>PLAN</u>")[2] <u>BEFORE</u> COMPLETING THIS BALLOT. THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "<u>TRANSACTION</u>") UPON THE EMERGENCE OF THE DEBTORS FROM CHAPTER 11.

On [_____], 2022, the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>"), seeking to consummate the Transaction through the chapter 11 bankruptcy process and the Plan. On or about [_____], 2022, by entry of an order related to the Debtors' solicitation procedures and confirmation timeline (the "<u>Solicitation Order</u>"), the Bankruptcy Court conditionally approved the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>").  Entry of the Solicitation Order does not indicate approval of the Plan by the Bankruptcy Court. Further, the Debtors will seek a determination as to the adequacy of the information contained in the Disclosure Statement in accordance with section 1125 of the Bankruptcy Code at a later date. The Disclosure Statement, the Plan, and the Solicitation Order are available on the Debtors' website at https://dm.epiq11.com/case/IONGeophysical.

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "<u>Solicitation Package</u>"). This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto, including with respect to releases by Holders of Claims and Interests. Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

This ballot (the "<u>Ballot</u>") is being sent to you because records indicate that you are the Holder of a Class 5 General Unsecured Claim as of **[_____], 2022** (the "<u>Voting</u> <u>Record Date</u>"), and, accordingly, you may have a right to vote to accept or reject the Plan.

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claims under the Plan. Your Claims have been placed in Class 5 under the Plan.*

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**Item 1.  Amount of Claims in Class 5.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder), of Claims in Class 5 in the following amount (*insert amounts in box below if not already completed*).

| | |
|---|---|
| Class 5 – General Unsecured Claims | $ _____ |
| Debtor: | _____ |

**Item 2.  Vote of Claims.**

The Holder of the Claims in Class 5 set forth in Item 1 votes to (*please check one and only one box*):

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

| Class 5 – General Unsecured Claims | ☐ **Accept** the Plan |
| | ☐ **Reject** the Plan |

**Item 3.  Important Information Regarding Releases under the Plan.**[3]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

> **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, their Estates, and any person seeking to exercise the rights of the Debtors or their Estates, including any successors to the Debtors or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Released Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Definitive Documents, the Asset Purchase Agreement(s), if any, the Exit Facility Documents, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.**

---

[3]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document, the Asset Purchase Agreement(s), if any, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) the rights of any Holder of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan, or (iii) any Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing Debtor release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the foregoing Debtor release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the foregoing Debtor release; (c) in the best interests of the Debtors and their Estates and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the foregoing Debtor release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the Releasing Parties, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, any Definitive Document or any agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) the rights of Holders of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE RCF AGENT, (D) THE DIP AGENT; (E) THE RCF LENDERS; (F) THE DIP LENDERS; (G) THE SECOND LIEN NOTES TRUSTEE; (H) THE SECOND LIEN NOTEHOLDERS; (I) THE SUPPORTING CREDITORS; (J) EACH LENDER UNDER THE EXIT FACILITY; (K) THE CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (J); AND (L) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (K); *PROVIDED* THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP LENDERS; (D) THE RCF AGENT, (E) THE SECOND LIEN NOTES TRUSTEE; (F) THE RCF LENDERS; (G) THE SECOND LIEN NOTEHOLDERS; (H) THE SUPPORTING CREDITORS; (K) EACH LENDER UNDER THE EXIT FACILITY; (L) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (N) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (O) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN OR ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (P) ALL CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (P); AND (Q) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (P).

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES:**</u>

AS A HOLDER OF A CLASS 5 GENERAL UNSECURED CLAIM, IF YOU (A) VOTE TO ACCEPT THE PLAN OR (B) OTHERWISE DO NOT WITHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IN ACCORDANCE WITH THE INSTRUCIONS SET FORTH HEREIN, YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.

YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) VOTE TO REJECT THE PLAN AND CHECK THE BOX BELOW AND SUBMIT THE BALLOT BY THE VOTING DEADLINE, (B) ABSTAIN FROM VOTING ON THE PLAN AND CHECK THE BOX BELOW AND SUBMIT THE BALLOT BY THE VOTING DEADLINE, OR (C) FILE AN

OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE.  THE ELECTION TO WITHOLD CONSENT TO GRANT THE THIRD-PARTY RELASE IS AT YOUR OPTION.

☐      **By checking this box, the Holder of the Claims in Class 5 set forth in Item 1 elects to opt out of the Third-Party Releases.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

       **Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party shall be released and exculpated from any Claims and Causes of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions (including the RCF Credit Agreement, the Second Lien Notes Indenture, and the Unsecured Notes Indenture), the Disclosure Statement, the Plan, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), including any Definitive Document, created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

       **The Exculpated Parties and other parties set forth above have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

       **Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan.**

**Item 4.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder) of the Class 5 General Unsecured Claims in the amount set forth in Item 1;

b.      the Holder has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Holder has cast the same vote with respect to all of the Holder's Claims in Class 5;

e.      the Holder understands and acknowledges that if multiple Ballots are submitted voting the Claims set forth in Item 1, only the last properly completed Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.      the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

*[Remainder of page intentionally left blank]*

**Item 5.  Holder Information and Signature.**

Name of Holder: _____

(*print or type*)

Signature: _____

Name of Signatory: _____

(*if other than Holder*)

Title: _____

Address: _____

_____

_____

Date Completed: _____


**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**PLEASE COMPLETE AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED, BY USING ONE OF THE ADDRESSES BELOW, OR BY VOTING ELECTRONICALLY (INSTRUCTIONS BELOW) SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT (EPIQ CORPORATE RESTRUCTURING, LLC) BY THE VOTING DEADLINE.**

| **By first class mail to:** | **Via overnight courier or hand delivery to:** |
|---|---|
| ION Geophysical Corporation<br>Ballot Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | ION Geophysical Corporation<br>Ballot Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

<u>By electronic, online submission</u>:

Please visit https://dm.epiq11.com/IONGeophysical. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Epiq's E-Ballot system, you should <u>not</u> also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:** _____

<u>"E-Balloting" is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile or email will not be counted.</u>


**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL (855) 604-1746 (TOLL FREE) AND (503) 597-7702 (INTERNATIONAL).**

## VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 5 with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code. Contingent, disputed, or unliquidated Claims shall count as a vote towards satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and as a vote in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot** in accordance with the instructions received so the Ballot **is actually received by the Solicitation Agent by the Voting Deadline**. **Ballots will not be accepted by email, facsimile or other electronic means, other than through the Solicitation Agent's E-Ballot system.**

4.  The time by which a Ballot including your vote is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is [_____], 2022, at 5:00 P.M., prevailing Central Time**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.  The Holder understands and acknowledges that if multiple Ballots are submitted voting the Claims in Class 5 set forth in Item 1, only the last properly completed Ballot voting the Claims in Class 5 and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.  If a Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

8.  The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest. The Ballot may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.

9.  Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

10. You must vote all of your Claims in Class 5 either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

11. Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

13.     If you hold Claims or Interests in more than one Class under the Plan, you may receive more than one Ballot. Each Ballot votes only your Claims or Interests as indicated on that Ballot. Please complete and return each Ballot you receive.

14.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (855) 604-1746 (toll free) OR (503) 597-7702 (international).**

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>**

**<u>Schedule 3E</u>**

**Form of Class 5 Beneficial Holder Ballot**

ION Geophysical Corporation, *et al.*
Beneficial Holder Ballot
Class 5 – General Unsecured Claims

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) | Case No. 22-30987 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES**

**CLASS 5 – GENERAL UNSECURED CLAIMS – UNSECURED NOTES**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE ON THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022** (THE "VOTING DEADLINE").

- IF A BENEFICIAL HOLDER[2] HOLDS CLASS 5 GENERAL UNSECURED CLAIMS THROUGH ONE OR MORE NOMINEES,[3] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS 5 GENERAL UNSECURED CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] "Beneficial Holder" is a beneficial owner of Class 5 – General Unsecured Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through The Depository Trust Company and/or the applicable indenture trustee, as of the Voting Record Date.

[3] "Nominee" means a broker, dealer, commercial bank, trust company, or other nominee who holds Class 5 – General Unsecured Claims, or such firm's agent.

COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES. THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 3 OF THIS BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ CORPORATE RESTRUCTURING, LLC (THE "SOLICITATION AGENT") AT (855) 604-1746 (TOLL FREE) AND (503) 597-7702 (INTERNATIONAL).

PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES (THE "PLAN")[4] BEFORE COMPLETING THIS BALLOT. THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL.

On [_____], 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), seeking to consummate the Transaction through the chapter 11 bankruptcy process and the Plan. On or about [_____], 2022, by entry of an order related to the Debtors' solicitation procedures and confirmation timeline (the "Solicitation Order"), the Bankruptcy Court conditionally approved the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). Entry of the Solicitation Order does not indicate approval of the Plan by the Bankruptcy Court. Further, the Debtors will seek a determination as to the adequacy of the information contained in the Disclosure Statement in accordance with section 1125 of the Bankruptcy Code at a later date. The Disclosure Statement, the Plan, and the Solicitation Order are available on the Debtors' website at https://dm.epiq11.com/case/IONGeophysical.

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, and certain other materials are included in the packet you are receiving with this Beneficial Holder Ballot (the "Solicitation Package"). This Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto, including with respect to releases by Holders of Claims and Interests. Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

This ballot (the "Ballot") is being sent to you because records indicate that you are the Beneficial Holder of a Class 5 General Unsecured Claim as of **[_____], 2022** (the "Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan. CUSIPS for Claims in Class 5 are identified on **Exhibit A** attached hereto.

**YOUR VOTE ON THIS BALLOT FOR CLAIMS IN CLASS 5 SHALL BE APPLIED TO EACH APPLICABLE DEBTOR.**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claims under the Plan. Your Claims have been placed in Class 5 under the Plan.*

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**Item 1. Amounts of Claims.**

---

[4]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Unsecured Notes as set forth below in the following principal amount (*insert principal amount in box below*). If your Claim is held by a Nominee on your behalf and you do not know the principal amount of Unsecured Notes held, please contact your Nominee immediately:

| | |
|---|---|
| Class 5 – Unsecured Notes | $ _____ |

**Item 2.  Vote of Claims.**

The Beneficial Holder of the Unsecured Notes set forth in Item 1 votes to (*please check one and only one box per applicable voting Claim*):

| | | |
|---|---|---|
| Class  – General Unsecured Claims – Unsecured Notes | ☐ | **Accept** the Plan |
| | ☐ | **Reject** the Plan |

**Item 3.  Important Information Regarding Releases under the Plan.[5]**

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

> **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, their Estates, and any person seeking to exercise the rights of the Debtors or their Estates, including any successors to the Debtors or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Released Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Exit Facility Documents, the**

---

[5]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Definitive Documents, the Asset Purchase Agreement(s), if any, the Exit Facility Documents, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document, the Asset Purchase Agreement(s), if any, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) the rights of any Holder of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan, or (iii) any Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing Debtor release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the foregoing Debtor release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the foregoing Debtor release; (c) in the best interests of the Debtors and their Estates and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the foregoing Debtor release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the Releasing Parties, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part:  (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s),

if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, any Definitive Document or any agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) the rights of Holders of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE RCF AGENT, (D) THE DIP AGENT; (E) THE RCF LENDERS; (F) THE DIP LENDERS; (G) THE SECOND LIEN NOTES TRUSTEE; (H) THE SECOND LIEN NOTEHOLDERS; (I) THE SUPPORTING CREDITORS; (J) EACH LENDER UNDER THE EXIT FACILITY; (K) THE CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (J); AND (L) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (K); *PROVIDED* THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP LENDERS; (D) THE RCF AGENT, (E) THE SECOND LIEN NOTES TRUSTEE; (F) THE RCF LENDERS; (G) THE SECOND LIEN NOTEHOLDERS; (H) THE SUPPORTING CREDITORS; (K) EACH LENDER UNDER THE EXIT FACILITY; (L) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (N) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (O) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN OR ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (P) ALL CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (P); AND (Q) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (P).

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

AS A HOLDER OF A CLASS 5 GENERAL UNSECURED CLAIM, IF YOU (A) VOTE TO ACCEPT THE PLAN OR (B) OTHERWISE DO NOT WITHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IN ACCORDANCE WITH THE INSTRUCIONS SET FORTH HEREIN, YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.

YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) VOTE TO REJECT THE PLAN AND CHECK THE BOX BELOW AND SUBMIT THE BALLOT BY THE VOTING DEADLINE, (B) ABSTAIN FROM VOTING ON THE PLAN AND CHECK THE BOX BELOW AND SUBMIT THE BALLOT BY THE VOTING DEADLINE, OR (C) FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE.  THE ELECTION TO WITHOLD CONSENT TO GRANT THE THIRD-PARTY RELASE IS AT YOUR OPTION.

☐     **By checking this box, the Holder of the Claims in Class 5 set forth in Item 1 elects to opt <u>out</u> of the Third-Party Releases.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**<u>Exculpation</u>**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party shall be released and exculpated from any Claims and Causes of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions (including the RCF Credit Agreement, the Second Lien Notes Indenture, and the Unsecured Notes Indenture), the Disclosure Statement, the Plan, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), including any Definitive Document, created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties and other parties set forth above have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.F of the Plan establishes an injunction (the "**<u>Injunction</u>**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined, from and after the Effective Date,**

from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan.

**Item 4.  Certification of Class 5 Claims Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Claims in Class 5 owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table, and (b) all Ballots for Claims in Class 5 submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary). **To be clear, if any Beneficial Holder holds multiple Claims in Class 5 through one or more Nominees, such Beneficial Holder must identify all other Claims in Class 5 in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF CLAIMS IN CLASS 5

| Account Number of Other Class 5 Claims Voted | Name of Owner[6] | Principal Amount of Other Class 5 Claims Voted | CUSIP of Other Class 5 Claims Voted |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

---

[6]   Insert your name if the Claims in Class 5 are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank.

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.     as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of the Claims set forth in Item 1;

b.     the Beneficial Holder has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.     the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.     the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Claims in Class 5;

f.     the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

g.     the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of Claims in Class 5 held by the Beneficial Holder as of the Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds such Claims, and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

h.     the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of page intentionally left blank]*

**Item 6.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder: _____

(<em>print or type</em>)

Signature: _____

Name of Signatory: _____

(<em>if other than Beneficial Holder</em>)

Title: _____

Address: _____

_____

_____

Date Completed: _____


**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE SOLICITATION AGENT (EPIQ CORPORATE RESTRUCTURING, LLC)</u>, PLEASE COMPLETE AND DATE THE BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

**<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE</u>, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL (855) 604-1746 (TOLL FREE) AND (503) 597-7702 (INTERNATIONAL).**

[<em>Remainder of page intentionally left blank</em>]

## VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Unsecured Notes Claims in Class 5 with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code. Contingent, disputed, or unliquidated Claims shall count as a vote towards satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and as a vote in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot in accordance with the instructions received, so that this Ballot (if "pre-validated" by your Nominee) or a Master Ballot cast on your behalf is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Solicitation Agent so that it is underlined actually received by the Voting Deadline.

    **The Solicitation Agent will not accept beneficial ballots by email, facsimile, or other electronic means.** If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4.  The time by which a Ballot or Master Ballot including your vote is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is [_____], 2022, at 5:00 P.M., prevailing Central Time**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.  The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claims set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claims and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.  A vote on this Ballot for Claims in Class 5 shall be applied to each applicable Debtor.

8.  If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10. The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12. You must vote all of your Claims in Class 5 either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13. Any Ballot that is properly completed, executed, and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14. The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15. If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot. Each Ballot votes only your Claims or Interests indicated on that Ballot. Please complete and return each Ballot you receive.

16. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

---

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (855) 604-1746 (toll free) OR (503) 597-7702 (international).**

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>**

**Exhibit A**

*Your Nominee may have checked a box below to indicate the Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

**CLASS 5 – GENERAL UNSECURED CLAIMS**

|  | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | 9.125% Unsecured Notes | [_____] |
| ☐ | 9.125% Unsecured Notes | [_____] |

## Schedule 3F

**Form of Class 5 Master Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) | Case No. 22-30987 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered |
|  | ) |  |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF**
**REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES**

**CLASS 5 – GENERAL UNSECURED CLAIMS – UNSECURED NOTES**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT. <u>THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE ON THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).</u>

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY **5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022** (THE "<u>VOTING DEADLINE</u>").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS AND INTERESTS REGARDLESS OF WHETHER THEY HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES. THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 3 OF THIS BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE EMAIL THE DEBTORS' SOLICITATION AGENT, EPIQ CORPORATE RESTRUCTURING, LLC (THE "<u>SOLICITATION AGENT</u>") AT TABULATION@EPIQGLOBAL.COM AND REFERENCE "ION" IN THE SUBJECT LINE.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT RELATING TO THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ION GEOPHYSICAL CORPORATION AND ITS DEBTOR AFFILIATES (THE "PLAN")[2] BEFORE COMPLETING THIS BALLOT. THIS MASTER BALLOT PERMITS YOU TO RELAY THE VOTES OF BENEFICIAL OWNERS IN CONNECTION WITH THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL.

On [_____], 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), seeking to consummate the Transaction through the chapter 11 bankruptcy process and the Plan. On or about [_____], 2022, by entry of an order related to the Debtors' solicitation procedures and confirmation timeline (the "Solicitation Order"), the Bankruptcy Court conditionally approved the *Disclosure Statement Relating to the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). Entry of the Solicitation Order does not indicate approval of the Plan by the Bankruptcy Court. Further, the Debtors will seek a determination as to the adequacy of the information contained in the Disclosure Statement in accordance with section 1125 of the Bankruptcy Code at a later date. The Disclosure Statement, the Plan, and the Solicitation Order are available on the Debtors' website at https://dm.epiq11.com/case/IONGeophysical.

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, and certain other materials (the "Solicitation Package") have been distributed under separate cover from the Master Ballot. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. Once completed and returned in accordance with the attached instructions, the votes on the Plan will be counted as set forth herein.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner for the Class 5 General Unsecured Claims to transmit to the Solicitation Agent the votes of such Beneficial Holders in respect of their Class 5 Claims to accept or reject the Plan. CUSIPS for Claims in Class are identified on Exhibit A attached hereto. THE VOTES ON THIS BALLOT FOR GENERAL UNSECURED CLAIMS SHALL BE APPLIED TO EACH APPLICABLE DEBTOR. The record date for voting on the Plan is [_____], 2022 (the "Voting Record Date").**

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Court may confirm the Plan and thereby bind all Beneficial Holders[3] of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**Item 1.  Certification of Authority to Vote.**

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[3]    "Beneficial Holder" is a beneficial owner of Claims in Class 5 whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of Unsecured Notes listed in Item 2 below, and is the record holder of such bonds, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Unsecured Notes listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Unsecured Notes listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Unsecured Notes described in Item 2.

**Items 2 and 3.     Class 5 Claims Vote on Plan and Releases.**

The undersigned transmits the following votes and releases of Beneficial Holders of the Claims in Class 5 against the Debtors and certifies that the following Beneficial Holders of Claims in Class 5, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each Beneficial Holder must vote all such of their Unsecured Notes to accept or reject the Plan and may not split such vote. Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted. If the Beneficial Holder has checked the box on Item 3 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims and Interests, as detailed in Article VIII.D of the Plan, please place an X in the Item 3 column below. The full text of Article VIII.D is duplicated in the Master Ballot Instructions.

**A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.**

| CUSIP AS INDICATED ON ATTACHED EXHIBIT B | | | | | |
|---|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Owner Who Voted in Class 5** | **Principal Amount Held as of the Voting Record Date** | **Item 2**<br><br>**Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below.** | | | **Item 3**<br><br>**If the box in Item 3 of the Beneficial Holder Ballot was completed, place an "X" in the column below.** |
| | | **Accept the Plan** | **or** | **Reject the Plan** | |
| 1 | $ | | | | |
| 2 | $ | | | | |
| 3 | $ | | | | |
| 4 | $ | | | | |
| 5 | $ | | | | |
| 6 | $ | | | | |
| **TOTALS** | $ | | | | |

**Item 4.  Certification as to Transcription of Information from Item 4 of the Ballots as to Unsecured Notes Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Ballot received from a Beneficial Holder. Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Class 5 Claims Voted | Name of Holder | Principal Amount of Other Class 5 Claims Voted | CUSIP of Other Class 5 Claims Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 5.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.    it has received a copy of the Disclosure Statement, the Plan, the Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims in Class 5 listed in Item 2 above or delivered materials via other customary communications used to solicit or collect votes;

2.    it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; or

3.    it is the registered Beneficial Holder of the securities being voted, or

4.    it has been authorized by each such Beneficial Holder to vote on the Plan;

5.    it has properly disclosed: (a) the number of Beneficial Holders who completed Ballots; (b) the respective principal amounts of the Unsecured Notes held by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Class 5 Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

6.    it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____
(Print or type)

Participant Number: _____
Name of Proxy Holder or Agent
for Nominee (if applicable):
_____
(Print or type)

Signature: _____

Name of Signatory: _____

Title: _____

Address: _____

_____

_____

Date Completed: _____

Email Address: _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 5:00 P.M., PREVAILING CENTRAL TIME, ON [_____], 2022.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE EMAIL THE SOLICITATION AGENT AT TABULATION@EPIQGLOBAL.COM AND REFERENCE "ION GEOPHYSICAL" IN THE SUBJECT LINE.**

**PLEASE COMPLETE, SIGN, AND DATE THE MASTER BALLOT AND RETURN IT PROMPTLY TO:**

---

*By regular mail, hand delivery, or overnight mail at:*

ION Geophysical Master Ballot Processing
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**or**

*If by email to:*

tabulation@epiqglobal.com
with a reference to "ION Geophysical Master Ballot" in the subject line.

---

**MASTER BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN BY E-MAIL TO TABULATION@EPIQGLOBAL.COM WITH A REFERENCE TO "ION GEOPHYSICAL MASTER BALLOT" IN THE SUBJECT LINE).**

**THE MASTER BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

## **VOTING INSTRUCTIONS**

1.    As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class 5 Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.    The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code. Contingent, disputed, or unliquidated Claims shall count as a vote towards satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and as a vote in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code.

3.    You should immediately distribute the Ballots (or other customary material used to collect votes in lieu of the Ballot) and Solicitation Package to all Beneficial Holders of Class 5 Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 5:00 P.M., prevailing Central Time, on [_____], 2022, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

    If you are transmitting the votes of any beneficial owners of Class 5 Claims, you may <u>either</u>:

    (a)    "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 5 Claims for voting within five Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant name and DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class 5 Claims held by the Nominee for such Beneficial Holder, and then forwarding the Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Solicitation Agent. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; OR

    (b)    Within five Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Claims in Class 5 for voting (along with a return envelope provided by and addressed to the Nominee, if applicable), with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective Beneficial Owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is **actually received** by the Solicitation Agent on or before the Voting Deadline.

4.    With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.    The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is [_____], 2022, at 5:00 P.M., prevailing Central Time**.

6.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Nominees should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

7.    If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.    A vote on this Master Ballot for Claims in Class 5 shall be applied to each applicable Debtor.

9.    If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.   The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

12.   Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.   If you are both the Nominee and the Beneficial Holder of any of the Class 5 Claims and you wish to vote such Class 5 Claims, you may return a Ballot or Master Ballot for such Class 5 Claims and you must vote all of your Class 5 Claims in each applicable class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot, other than a Master Ballot with the votes of multiple Holders, that partially rejects and partially accepts the Plan will not be counted.

14.   The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot not marked to accept or reject the Plan; and (e) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

        The following additional rules shall apply to Master Ballots:

16.     Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class 5 Claims as of the Voting Record Date, as evidenced by the record and depository listings;

17.     Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Class 5 Claims held by such Nominee;

18.     To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.     To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in the relevant Class 5 Claims; and

20.     For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

**Important Information Regarding Releases under the Plan:**

The Plan includes the following release provisions:[4]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

        **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, their Estates, and any person seeking to exercise the rights of the Debtors or their Estates, including any successors to the Debtors or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other**

---

[4]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Master Ballot.

Case 22-30987   Document 24   Filed in TXSB on 04/13/22   Page 132 of 197

Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Released Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Definitive Documents, the Asset Purchase Agreement(s), if any, the Exit Facility Documents, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document, the Asset Purchase Agreement(s), if any, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) the rights of any Holder of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan, or (iii) any Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing Debtor release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the foregoing Debtor release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the foregoing Debtor release; (c) in the best interests of the Debtors and their Estates and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the foregoing Debtor release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the Releasing Parties, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against,

11

or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, any Definitive Document or any agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) the rights of Holders of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE RCF AGENT, (D) THE DIP AGENT; (E) THE RCF LENDERS; (F) THE DIP LENDERS; (G) THE SECOND LIEN NOTES TRUSTEE; (H) THE SECOND LIEN NOTEHOLDERS; (I) THE SUPPORTING CREDITORS; (J) EACH LENDER UNDER THE EXIT FACILITY; (K) THE CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (J); AND (L) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (K); *PROVIDED* THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP LENDERS; (D) THE RCF AGENT, (E) THE SECOND LIEN NOTES TRUSTEE; (F) THE RCF LENDERS; (G) THE SECOND LIEN NOTEHOLDERS; (H) THE SUPPORTING CREDITORS; (K) EACH LENDER UNDER THE EXIT

FACILITY; (L) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT THE PLAN; (M) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (N) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (O) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN OR ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (P) ALL CURRENT AND FORMER AFFILIATES OF EACH ENTITY IN CLAUSE (A) THROUGH (P); AND (Q) ALL RELATED PARTIES OF EACH ENTITY IN CLAUSE (A) THROUGH (P).

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party shall be released and exculpated from any Claims and Causes of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions (including the RCF Credit Agreement, the Second Lien Notes Indenture, and the Unsecured Notes Indenture), the Disclosure Statement, the Plan, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), including any Definitive Document, created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties and other parties set forth above have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts,**

has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan.

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE EMAIL THE SOLICITATION AGENT AT TABULATION@EPIQGLOBAL.COM AND REFERENCE "ION GEOPHYSICAL" IN THE SUBJECT LINE.**

**Exhibit A**

*Please check one box below to indicate the CUSIP Number to which this Master Ballot pertains.*

**CLASS 5 – GENERAL UNSECURED CLAIMS**

|  | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | 9.125% Unsecured Notes | [_____] |
| ☐ | 9.125% Unsecured Notes | [_____] |

**<u>Schedule 4</u>**

**Form of Cover Letter**

**[LETTERHEAD]**

**[_____], 2022**

<u>Via First Class Mail</u>

<u>RE</u>:      **<u>ION Geophysical Corporation, No. 22-30987 (MI) (Jointly Administered)</u>**

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

      ION Geophysical Corporation and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") on April 12, 2022 (the "<u>Petition Date</u>").

      You have received this letter and the enclosed materials because you are entitled to vote on the *Joint Chapter 11 Plan of Reorganization of ION Geophysical Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>") as described in the *Disclosure Statement for Joint Chapter 11 Plan of ION Geophysical Corporation and its Affilaited Debtors* (the "<u>Disclosure Statement</u>").  On [____], 2022 the Court entered an order (the "<u>Disclosure Statement Order</u>"):  (a) authorizing the Debtors to solicit votes with respect to the Plan; (b) conditionally approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

> **You are receiving this letter because you are entitled to vote on the Plan.  Therefore, you should read this letter carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

      In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept the Plan.  The Solicitation Package consists of the following:

        a.  a Ballot, together with detailed voting instructions and a pre-addressed, postage prepaid return envelope;

        b.  this letter;

        c.  the Combined Hearing Notice;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

---

**ACCESS TO PLAN AND DISCLOSURE STATEMENT:**

**IMPORTANT**: To access electronic versions of the Plan, the Disclosure Statement, the Solicitation and Voting Procedures, and the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures), please visit https://dm.epiq11.com/IONGeophysical. If you would like paper copies containing the materials, please contact Epiq Corporate Restructuring LLC by calling (855) 604-1746 (toll free) or (503) 597-7702 (international); or email iongeoinfo@epiqglobal.com.

---

      d.   Disclosures Statement flash drive, containing the Disclosure Statement and exhibits thereto, including the Plan;

      e.   such other materials as the Court may direct.

ION Geophysical Corporation (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes with respect to the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims and Interests, and all other parties in interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) on account of Claims and Interests asserted in these chapter 11 cases.

---

**The Debtors strongly recommend that you vote to *Accept* the Plan, and urge you to properly and timely submit your Ballot in accordance with the instructions in your Ballot.**

**The Voting Deadline is [     ], 2022 at 5:00 p.m. prevailing Central Time.**

---

The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, however, please feel free to contact Epiq Corporate Restructuring LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Notice, and Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 604-1746 (toll free) or (503) 597-7702 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/IONGeophysical; (c) writing to ION Geophysical Ballot Processing c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing iongeoinfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://ecf.txs.uscourts.gov/. Please be advised that the Claims, Notice, and Solicitation Agent is authorized to answer questions about, and provide additional copies of, the solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan.

Sincerely,

_____

Mike Morrison
Executive Vice President and Chief Financial
Officer
ION Geophysical Corporation on its own behalf and
for each of the Debtors

**Schedule 5**

**Combined Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) ) Case No. 22-30987 (MI) |
| Debtors. | ) ) (Jointly Administered) |
| | ) |

**NOTICE OF HEARING TO CONSIDER (I) THE ADEQUACY
OF THE DEBTORS' DISCLOSURE STATEMENT, (II) CONFIRMATION
OF THE PLAN AND (III) RELATED VOTING AND OBJECTION PROCEDURES**

**PLEASE TAKE NOTICE THAT** on [____], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Chapter 11 Plan of Reorganization of ION Geophysical Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for Joint Chapter 11 Plan of ION Geophysical Corporation and Its Affiliated Debtors* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") will commence on **[_____], 2022, at [ : ] [a./p.m.]** prevailing Central Time, before the Honorable Judge Isgur in the United States Bankruptcy Court for the Southern District of Texas, located at Courtroom 404, 515 Rusk, Houston, TX 77002.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

> **Please be advised**: the Combined Hearing may be continued from time to time by the Court or the Debtors **without further notice** other than by such adjournment being announced in open court or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

## IMPORTANT INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**. The voting record date is **[_____], 2022** (the "Voting Record Date"), which is the date for determining which Holders of Claims in Classes 3, 4, and 5 are entitled to vote on the Plan.

**Voting Deadline**. The deadline for voting on the Plan is **[_____], 2022, at 5:00 p.m.** prevailing Central Time (the "Voting Deadline"). If you received a Solicitation Package including a Ballot and intend to vote on the Plan you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that your vote is **actually received** by the Debtors' claims, notice, and solicitation agent, Epiq Corporate Restructuring LLC (the "Claims, Notice, and Solicitation Agent") on or before the Voting Deadline. **A failure to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> **Article VIII** of the Plan contains Release, Exculpation, and Injunction provisions, and **Article VIII.D contains a Third-Party Release**. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.

> ### Binding nature of the Plan:
>
> If confirmed, the Plan will bind all Holders of Claims or Interests to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these Chapter 11 Cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.

**Plan and Disclosure Statement Objection Deadline**. The deadline for filing objections to the Plan and final approval of the Disclosure Statement is **[_____], 2022, at 5:00 p.m.,** prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline"). All objections to the relief sought at the Combined Hearing **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; **and** (d) be filed with the Court so as to be *actually received* on or before the Plan and Disclosure Statement Objection Deadline.

2

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials), please feel free to contact the Debtors' Claims, Notice, and Solicitation Agent, by: (a) calling the Debtors' restructuring hotline at (855) 604-1746 (toll free) or (503) 597-7702 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/IONGeophysical; (c) writing to ION Geophysical Ballot Processing c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing iongeoinfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://ecf.txsb.uscourts.gov/. Please be advised that the Claims, Notice, and Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**. The Debtors will file the Plan Supplement on or before seven days prior to the Plan and Disclosure Statement Objection Deadline and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

## RELEASES AND EXCULPATION

**Releases and Exculpation.** Article VIII of the Plan contains release, exculpation, and injunction provisions, and Article VIII.D contains a Third-Party Release. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.

Under the Plan, "*Released Parties*" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the RCF Agent, (d) the DIP Agent; (e) the RCF Lenders; (f) the DIP Lenders; (g) the Second Lien Notes Trustee; (h) the Second Lien Noteholders; (i) the Supporting Creditors; (j) each lender under the Exit Facility; (k) the current and former Affiliates of each Entity in clause (a) through (j); and (l) all Related Parties of each Entity in clause (a) through (k); *provided* that any Holder of a Claim or Interest that opts out of the releases shall not be a "Released Party."

Under the Plan, "*Releasing Parties*" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the DIP Lenders; (d) the RCF Agent, (e) the Second Lien Notes Trustee; (f) the RCF Lenders; (g) the Second Lien Noteholders; (h) the Supporting Creditors; (k) each lender under the Exit Facility; (l) all Holders of Claims or Interests that vote to accept the Plan; (m) all Holders of Claims or Interests that are deemed to accept the Plan who do not affirmatively opt out of the releases provided by the Plan; (n) all Holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (o) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (p) all current and former Affiliates of each Entity in clause (a) through (p); and (q) all Related Parties of each Entity in clause (a) through (p).

3

**Article VIII.C of the Plan provides for a Debtor release (the "Debtor Release"):**

Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, their Estates, and any person seeking to exercise the rights of the Debtors or their Estates, including any successors to the Debtors or any Estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Released Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Definitive Documents, the Asset Purchase Agreement(s), if any, the Exit Facility Documents, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective

4

Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document, the Asset Purchase Agreement(s), if any, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) the rights of any Holder of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan, or (iii) any Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing Debtor release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the foregoing Debtor release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the foregoing Debtor release; (c) in the best interests of the Debtors and their Estates and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the foregoing Debtor release

### Article VIII.D of the Plan provides for a Third Party Release (the "Third Party Release"):

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the Releasing Parties, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or

among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, any Definitive Document or any agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) the rights of Holders of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein; and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

<u>Article VIII.E of the Plan provides for an Exculpation (the "Exculpation"):</u>

Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party shall be released and exculpated from any Claims and Causes of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the

formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions (including the RCF Credit Agreement, the Second Lien Notes Indenture, and the Unsecured Notes Indenture), the Disclosure Statement, the Plan, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), including any Definitive Document, created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

The Exculpated Parties and other parties set forth above have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

<u>Article VIII.F of the Plan provides for an Injunction (the "Injunction"):</u>

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such holder has filed a motion requesting the

right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan.

Dated: _____, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending) 200
Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

## <u>Schedule 6</u>

**Form of Plan Supplement Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF FILING OF PLAN SUPPLEMENT**

    **PLEASE TAKE NOTICE THAT** on [___], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Chapter 11 Plan of Reorganization of ION Geophysical Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for Joint Chapter 11 Plan of ION Geophysical Corporation and Its Affiliated Debtors* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

    **PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan, the Disclosure Statement, and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Bankruptcy Court on [____], 2022 [Docket No. [__]]. The Plan Supplement includes the following materials in connection with confirmation (each as defined in the Plan and in each case, as may be altered, amended, modified, or supplemented from time to time in accordance with the terms hereof and in accordance with the Bankruptcy Code and Bankruptcy Rules means the compilation of documents and forms of documents, agreements, schedules, and exhibits to the Plan (in each case, as may be altered, amended, modified, or supplemented from time to time in accordance with the terms hereof, the Bankruptcy Code, and the Bankruptcy Rules) to be Filed prior to the Confirmation Hearing, and any additional documents Filed prior to the Effective Date as amendments to the Plan Supplement, including the following, as applicable: (a) the New Organizational Documents; (b) the New Common Stock Documents; (c) to the extent known, the identities of the members of the New Board; (d) the Schedule of Rejected Executory Contracts and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

Unexpired Leases; (e) the Schedule of Assumed Executory Contracts and Unexpired Leases, (f) the Schedule of Retained Causes of Action, (g) the loan agreement for the Exit Facility, if any; and (h) a liquidation analysis and financial projections related to any assets not sold pursuant to any Asset Purchase Agreements.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "<u>Combined Hearing</u>") will commence on **[____], 2022 at [ : ] [a./p.m.]** prevailing Central Time, before the Honorable Judge Isgur in the United States Bankruptcy Court for the Southern District of Texas, located at Courtroom 404, 515 Rusk, Houston, TX 77002.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan (including any assumption of an Executory Contract or Unexpired Lease as contemplated in the Plan Supplement) or final approval of the Disclosure Statement is **[____], 2022 at 5:00 p.m.** prevailing Central Time (the "<u>Plan and Disclosure Statement Objection Deadline</u>"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court so as to be **actually received** on or before the Plan and Disclosure Statement Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Plan, the Disclosure Statement, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "<u>Claims, Notice, and Solicitation Agent</u>"), by: (a) calling the Debtors' restructuring hotline at (855) 604-1746 (toll free) or (503) 597-7702 (international); (b) visiting the Debtors' restructuring website at: <u>https://dm.epiq11.com/IONGeophysical</u>; (c) writing to ION Geophysical Ballot Processing c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing iongeoinfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: <u>https://ecf.txsb.uscourts.gov/</u>.

---

**<u>Article VIII</u> of the Plan and Disclosure Statement contains Release, Exculpation, and Injunction Provisions, and <u>Article VIII.D. contains a Third-Party Release</u>.**

**Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Claims, Notice, Solicitation Agent.**

---

Dated: _____, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending) 200
Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Schedule 7</u>**

**Form of Non-Impaired Non-Voting Status Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

　　**PLEASE TAKE NOTICE THAT** on [＿＿], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Chapter 11 Plan of Reorganization of ION Geophysical Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for Joint Chapter 11 Plan of ION Geophysical Corporation and Its Affiliated Debtors* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

　　**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are ***not*** entitled to vote on the Plan.

　　**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") will commence on **[＿＿＿＿], 2022, at [ : ] [a./p.m.]** prevailing Central Time, before the Honorable Judge Isgur in the United States Bankruptcy Court for the Southern District of Texas, located at Courtroom 404, 515 Rusk, Houston, TX 77002.

---

[1]　　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2]　　Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan or final approval of the Disclosure Statement is [_____], 2022, at 5:00 p.m., prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline"). Any objection to the Plan or final approval of the Disclosure Statement *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court so as to be *actually received* on or before the Plan and Disclosure Statement Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Plan, the Disclosure Statement, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Notice, and Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 604-1746 (toll free) or (503) 597-7702 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/IONGeophysical; (c) writing to ION Geophysical Ballot Processing c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing iongeoinfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://ecf.txsb.uscourts.gov/.

---

Article VIII of the Plan contains Release, Exculpation, and Injunction Provisions, and Article VIII.D contains a Third-Party Release. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE VIII.D OF THE PLAN USING THE ENCLOSED OPT OUT FORM OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE COURT WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.

This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Claims, Notice, and Solicitation Agent.

---

Dated: _____, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit 1

**Opt-Out Form**

## THIRD PARTY RELEASE OPT-OUT FORM

### Holders of Claims and Interests in Non-Voting Classes

---

THIS OPT-OUT FORM IMPACTS YOUR LEGAL RIGHTS. PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY **BEFORE** COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICE, AND SOLICITATION AGENT PRIOR TO 5:00 P.M. CENTRAL TIME ON [_____], 2022 (THE "VOTING DEADLINE").**

---

**Item 1. Optional Third-Party Release Election.** Item 1 is to be completed **only** if you are **opting out** of the Third-Party Release contained in Article VIII.D of the Plan (the "Third-Party Release").

The Holder of the below-referenced Claims in a Non-Voting Class hereby elects to:

☐ **OPT OUT** OF THE THIRD-PARTY RELEASE

### IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:

**IF THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD-PARTY RELEASE, UNLESS YOU CHECK THE BOX IN ITEM 1 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD-PARTY RELEASE AND RETURN THIS OPT-OUT FORM TO THE CLAIMS, NOTICE, AND SOLICITATION AGENT SUCH THAT IS IT ACTUALLY RECEIVED PRIOR TO THE VOTING DEADLINE.**

**IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE AS SET FORTH HEREIN, AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE THIRD-PARTY RELEASE.**

**Article VIII.D of the Plan provides for the following Third-Party Release:**[3]

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN SET FORTH BELOW:**

**Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the Releasing Parties, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part: (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan**

---

[3]   Under the Plan, "*Released Party*" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the RCF Agent, (d) the DIP Agent; (e) the RCF Lenders; (f) the DIP Lenders; (g) the Second Lien Notes Trustee; (h) the Second Lien Noteholders; (i) the Supporting Creditors; (j) each lender under the Exit Facility; (k) the current and former Affiliates of each Entity in clause (a) through (j); and (l) all Related Parties of each Entity in clause (a) through (k); *provided* that any Holder of a Claim or Interest that opts out of the releases shall not be a "Released Party."

Under the Plan, "Releasing Parties" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the DIP Lenders; (d) the RCF Agent, (e) the Second Lien Notes Trustee; (f) the RCF Lenders; (g) the Second Lien Noteholders; (h) the Supporting Creditors; (k) each lender under the Exit Facility; (l) all Holders of Claims or Interests that vote to accept the Plan; (m) all Holders of Claims or Interests that are deemed to accept the Plan who do not affirmatively opt out of the releases provided by the Plan; (n) all Holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (o) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (p) all current and former Affiliates of each Entity in clause (a) through (p); and (q) all Related Parties of each Entity in clause (a) through (p).

Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, any Definitive Document or any agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) the rights of Holders of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

> IF YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.E OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

**Item 2**. **Certifications.**

By signing this Opt-Out Form, the undersigned certifies to the Court and the Debtors that:

(a)    either: (i) the undersigned is the Holder of one or more Claims or Interests in Non-Voting Classes or (ii) the undersigned is an authorized signatory for an entity that is the Holder of the aforementioned Claims or Interests;

(b)    the Holder has received a copy of the *Notice of Non-Voting Status*, including instructions to access the Plan and Disclosure Statement, and that this Opt-Out Form is made pursuant to the terms and conditions set forth therein;

---

Name of Holder:_____

(Print or Type)

Signature:_____

Name of Signatory:_____

(If Other Than Holder)

Title:_____

Address: _____

_____

_____

Email Address:_____

Date Completed:_____

---

**IF YOU ARE ELECTING TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE FOLLOWING METHODS.**

---

**If by mail:**

ION Geophysical Ballot Processing
c/o Epiq Corporate Restructuring LLC
P.O. Box 4422
Beaverton, OR 97076-4422

**If by hand delivery or overnight courier:**

ION Geophysical Ballot Processing
c/o Epiq Corporate Restructuring LLC
10300 SW Allen Boulevard,
Beaverton, OR 97005

**OR**

**If by electronic online submission:**

Please visit the  Claims, Notice, and Solicitation Agent's online portal at https://dm.epiq11.com/IONGeophysical, click on the "E-Ballot" section of the website, and follow the instructions to submit your Opt-Out Form.

**IMPORTANT NOTE:**  You will need the Unique E-Ballot ID#  below to retrieve and submit your customized electronic Opt-Out Form:

**Unique E-Ballot ID#: _____**

---

**The E-Ballot Portal is the sole manner in which Opt-Out Forms will be accepted via electronic or online transmission.  Opt-Out Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**  Parties that submit their Opt-Out Form using the E-Ballot Portal should **NOT** also submit a paper Opt-Out Form.

**IF YOU HAVE ANY QUESTIONS REGARDING THESE OPT-OUT FORM INSTRUCTIONS, OR THE PROCEDURES FOR OPTING OUT OF THE THIRD-PARTY RELEASE, PLEASE CONTACT THE CLAIMS, NOTICE, AND SOLICITATION AGENT AT:**

Telephone: (855) 604-1746 (toll free)
+1 (503) 597-7702 (international)
Email: iongeoinfo@epiqglobal.com

You may obtain access, free of charge, to the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits except the Solicitation and Voting Procedures) in electronic format through the Debtors' restructuring website (https://dm.epiq11.com/IONGeophysical). Any party that would prefer a paper format of the Disclosure Statement and the Disclosure Statement Order may contact Epiq Corporate Restructuring LLC (the "Claims, Notice, and Solicitation Agent") using the aforementioned contact information.

---

**IF THE CLAIMS, NOTICE, AND SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 5:00 P.M. CENTRAL TIME ON [_____], 2022, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.**

---

## <u>INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM</u>

1.  Capitalized terms used in the Opt-Out Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, Disclosure Statement, or the Disclosure Statement Order, as applicable. Instructions to obtain access to the Disclosure Statement or the Disclosure Statement Order are included in the Opt-Out Form.

2.  To ensure that your election is counted, you *must* complete and submit the Opt-Out Form as directed herein.

3.  You will be deemed to consent to the Third-Party Release set forth in Article VIII.D of the Plan unless you clearly indicate your decision to opt out of the Third-Party Release by checking the box provided in Item 1 of the Opt-Out Form. The Opt-Out Form must then be (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Disclosure Statement Order) and (b) returned to the Claims, Notice, and Solicitation Agent such that it is **actually received** by the Claims, Notice, and Solicitation Agent prior to the Voting Deadline.

4.  If an Opt-Out Form is received after the Voting Deadline, it will not be effective. Additionally, the following **Opt-Out Form will NOT be effective**:

    •   Opt-Out Form sent to the Debtors, the Debtors' agents (other than the Claims, Notice, and Solicitation Agent), or the Debtors' financial or legal advisors;

    •   Opt-Out Form sent by facsimile, email, or any other electronic means (other than through the electronic portal maintained by the Claims, Notice, and Solicitation Agent);

    •   any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

    •   any unsigned Opt-Out Form, or for any Opt-Out Form completed by hand, an Opt-Out Form lacking an original signature[4];

    •   any Opt-Out Form that purports to alter the terms of the Third-Party Release;

    •   any Opt-Out Form submitted by a person or an entity that does not hold a Claim or Interest in a Class that is entitled to opt out of the Third-Party Release; and

    •   any Opt-Out Form submitted by any entity otherwise not entitled to opt out of the Third-Party Release pursuant to the Solicitation and Voting Procedures.

5.  The method of delivery of Opt-Out Form to the Claims, Notice, and Solicitation Agent is at the election and risk of each Holder of a Claim or Interest. Except as otherwise provided

---

[4]   For the avoidance of doubt, Opt-Out Forms submitted via the electronic portal will be deemed to contain an original signature.

herein, such delivery will be deemed made only when the Claims, Notice, and Solicitation Agent **actually receives** the originally executed Opt-Out Form. For Opt-Out Forms submitted by hand, instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders of Claims or Interests use an overnight or hand delivery service. In all cases, Holders of Claims or Interests should allow sufficient time to assure timely delivery. Opt-Out Forms will not be accepted by email, facsimile, or other electronic transmission (other than through the electronic portal maintained by the Claims, Notice, and Solicitation Agent).

6.      The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than, subject to the limitations set forth in the Opt-Out Form, opt out of the Third-Party Release. Accordingly, at this time, Holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claims or Interests, and neither the Debtors nor the Claims, Notice, and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with an Opt-Out Form.

7.      This Opt-Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim or Interest.

8.      **Please be sure to sign and date your Opt-Out Form**. If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Notice, and Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Opt-Out Form.

9.      If you hold Claims or Interests in more than one Class under the Plan you may receive more than one Opt-Out Form.  It is only necessary to complete and return a single Opt-Out Form.

10.     After the Voting Deadline, no Opt-Out Form may be withdrawn or modified without the prior written consent of the Debtors.

**IF YOU CHOOSE TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE SUBMIT YOUR OPT-OUT FORM PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-OUT FORM, THESE OPT-OUT FORM INSTRUCTIONS, OR THE PROCEDURES FOR OPTING OUT OF THE THIRD- PARTY RELEASE, PLEASE CALL THE CLAIMS, NOTICE, AND SOLICITATION AGENT AT THE CONTACT INFORMATION IN THE OPT-OUT FORM.**

**PLEASE NOTE THAT THE CLAIMS, NOTICE, AND SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

**IF THE CLAIMS, NOTICE, AND BALLOTING AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 5:00 P.M. CENTRAL TIME ON [_____], 2022, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE COUNTED.**

## Schedule 8

**Form of Impaired Non-Voting Status Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) |
| | ) Case No. 22-30987 (MI) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF IMPAIRED CLAIMS AND
INTERESTS DEEMED TO REJECT THE PLAN**

     **PLEASE TAKE NOTICE THAT** on [____], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") entered an order (the "<u>Disclosure Statement Order</u>"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), to solicit votes on the *Joint Chapter 11 Plan of Reorganization of ION Geophysical Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>");[2] (b) conditionally approving the *Disclosure Statement for Joint Chapter 11 Plan of ION Geophysical Corporation and Its Affiliated Debtors* (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

     **PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, *you are not entitled to vote on the Plan*. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is Impaired and conclusively deemed to have accepted the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are ***not*** entitled to vote on the Plan.

     **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "<u>Combined Hearing</u>") will commence on **[_____], 2022, at [ : ] [a./p.m.]** prevailing Central Time, before the Honorable Judge Isgur in the United States Bankruptcy Court for the Southern District of Texas, located at Courtroom 404, 515 Rusk, Houston, TX 77002.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2]    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan or final approval of the Disclosure Statement is **[     ], 2022, at 5:00 p.m.**, prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline").  Any objection to the Plan or final approval of the Disclosure Statement ***must***: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court so as to be ***actually received*** on or before the Plan and Disclosure Statement Objection Deadline.

      **PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Plan, the Disclosure Statement, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Notice, and Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 604-1746 (toll free) or (503) 597-7702 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/IONGeophysical; (c) writing to ION Geophysical Ballot Processing c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing iongeoinfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://ecf.txsb.uscourts.gov/.

---

Article VIII of the Plan contains Release, Exculpation, and Injunction Provisions, and Article VIII.D contains a Third-Party Release. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE VIII.D OF THE PLAN USING THE ENCLOSED OPT OUT FORM OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE COURT WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.

This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Claims, Notice, and Solicitation Agent.

---

Dated: _____, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 1</u>**

**Opt-Out Form**

## THIRD PARTY RELEASE OPT-OUT FORM

### Holders of Claims and Interests in Non-Voting Classes

---

THIS OPT-OUT FORM IMPACTS YOUR LEGAL RIGHTS. PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY **BEFORE** COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICE, AND SOLICITATION AGENT PRIOR TO 5:00 P.M. CENTRAL TIME ON [_____], 2022 (THE "<u>VOTING DEADLINE</u>").**

---

**<u>Item 1</u>.  Optional Third-Party Release Election.** Item 1 is to be completed **only** if you are **opting out** of the Third-Party Release contained in Article VIII.D of the Plan (the "<u>Third-Party Release</u>").

The Holder of the below-referenced Claims in a Non-Voting Class hereby elects to:

☐ **OPT OUT** OF THE THIRD-PARTY RELEASE

### <u>IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:</u>

**IF THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD-PARTY RELEASE, UNLESS YOU CHECK THE BOX IN ITEM 1 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD-PARTY RELEASE AND RETURN THIS OPT-OUT FORM TO THE CLAIMS, NOTICE, AND SOLICITATION AGENT SUCH THAT IS IT ACTUALLY RECEIVED PRIOR TO THE VOTING DEADLINE.**

**IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE AS SET FORTH HEREIN, AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE THIRD-PARTY RELEASE.**

**Article VIII.D of the Plan provides for the following Third-Party Release:**[3]

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN SET FORTH BELOW:**

**Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Releasing Party, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the Releasing Parties, from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part:  (a) the Debtors (including the capital structure, management, ownership, or operation thereof), the business or contractual arrangement between the Debtors and any Releasing Party, any Securities issued by the Debtors and the ownership thereof, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), intercompany transactions between or among the Debtors, the DIP Documents, the RCF Credit Documents, the Second Lien Notes Indenture, the Unsecured Notes Indenture, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Definitive Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, or the Plan (including, for the avoidance of doubt, the Plan**

---

[3]   Under the Plan, "*Released Party*" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the RCF Agent, (d) the DIP Agent; (e) the RCF Lenders; (f) the DIP Lenders; (g) the Second Lien Notes Trustee; (h) the Second Lien Noteholders; (i) the Supporting Creditors; (j) each lender under the Exit Facility; (k) the current and former Affiliates of each Entity in clause (a) through (j); and (l) all Related Parties of each Entity in clause (a) through (k); *provided* that any Holder of a Claim or Interest that opts out of the releases shall not be a "Released Party."

Under the Plan, "*Releasing Parties*" means, collectively, and in each case in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) the DIP Lenders; (d) the RCF Agent, (e) the Second Lien Notes Trustee; (f) the RCF Lenders; (g) the Second Lien Noteholders; (h) the Supporting Creditors; (k) each lender under the Exit Facility; (l) all Holders of Claims or Interests that vote to accept the Plan; (m) all Holders of Claims or Interests that are deemed to accept the Plan who do not affirmatively opt out of the releases provided by the Plan; (n) all Holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (o) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (p) all current and former Affiliates of each Entity in clause (a) through (p); and (q) all Related Parties of each Entity in clause (a) through (p).

Supplement); (b) any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the DIP Documents, the Exit Facility Documents, the Asset Purchase Agreement(s), if any, the Plan, or the Plan Supplement, before or during the Chapter 11 Cases; (c) the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Disclosure Statement, or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or (d) any related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, any Definitive Document or any agreement (including those set forth in the Plan Supplement) executed to implement the Plan or (ii) the rights of Holders of Allowed Claims or ION Geophysical Common Interests to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing third-party release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the foregoing third-party release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good faith settlement and compromise of the Claims released by the foregoing third-party release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing third-party release.

IF YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.E OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

**Item 2**.  **Certifications.**

By signing this Opt-Out Form, the undersigned certifies to the Court and the Debtors that:

(a)     either: (i) the undersigned is the Holder of one or more Claims or Interests in Non-Voting Classes or (ii) the undersigned is an authorized signatory for an entity that is the Holder of the aforementioned Claims or Interests;

(b)     the Holder has received a copy of the *Notice of Non-Voting Status*, including instructions to access the Plan and Disclosure Statement, and that this Opt-Out Form is made pursuant to the terms and conditions set forth therein;

Name of Holder:_____

(Print or Type)

Signature:_____

Name of Signatory:_____

(If Other Than Holder)

Title:_____

Address: _____

_____

_____

Email Address:_____

Date Completed:_____

**IF YOU ARE ELECTING TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE FOLLOWING METHODS.**

---

**If by mail:**

ION Geophysical Ballot Processing
c/o Epiq Corporate Restructuring LLC
P.O. Box 4422
Beaverton, OR 97076-4422

**If by hand delivery or overnight courier:**

ION Geophysical Ballot Processing
c/o Epiq Corporate Restructuring LLC
10300 SW Allen Boulevard,
Beaverton, OR 97005

**OR**

**If by electronic online submission:**

Please visit the Claims, Notice, and Solicitation Agent's online portal at
https://dm.epiq11.com/IONGeophysical, click on the "E-Ballot" section of the website,
and follow the instructions to submit your Opt-Out Form.

**IMPORTANT NOTE:** You will need the Unique E-Ballot ID# below to retrieve and submit your customized electronic Opt-Out Form:

**Unique E-Ballot ID#:** _____

---

**The E-Ballot Portal is the sole manner in which Opt-Out Forms will be accepted via electronic or online transmission. Opt-Out Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.** Parties that submit their Opt-Out Form using the E-Ballot Portal should **NOT** also submit a paper Opt-Out Form.

**IF YOU HAVE ANY QUESTIONS REGARDING THESE OPT-OUT FORM INSTRUCTIONS, OR THE PROCEDURES FOR OPTING OUT OF THE THIRD-PARTY RELEASE, PLEASE CONTACT THE CLAIMS, NOTICE, AND SOLICITATION AGENT AT:**

Telephone: (855) 604-1746 (toll free)
+1 (503) 597-7702 (international)
Email: iongeoinfo@epiqglobal.com

You may obtain access, free of charge, to the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits except the Solicitation and Voting Procedures) in electronic format through the Debtors' restructuring website (https://dm.epiq11.com/IONGeophysical). Any party that would prefer a paper format of the Disclosure Statement and the Disclosure Statement Order may contact Epiq Corporate Restructuring LLC (the "Claims, Notice, and Solicitation Agent") using the aforementioned contact information.

---

**IF THE CLAIMS, NOTICE, AND SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 5:00 P.M. CENTRAL TIME ON [_____], 2022, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.**

---

## INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM

1.  Capitalized terms used in the Opt-Out Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, Disclosure Statement, or the Disclosure Statement Order, as applicable. Instructions to obtain access to the Disclosure Statement or the Disclosure Statement Order are included in the Opt-Out Form.

2.  To ensure that your election is counted, you *must* complete and submit the Opt-Out Form as directed herein.

3.  You will be deemed to consent to the Third-Party Release set forth in Article VIII.D of the Plan unless you clearly indicate your decision to opt out of the Third-Party Release by checking the box provided in Item 1 of the Opt-Out Form. The Opt-Out Form must then be (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Disclosure Statement Order) and (b) returned to the Claims, Notice, and Solicitation Agent such that it is **actually received** by the Claims, Notice, and Solicitation Agent prior to the Voting Deadline.

4.  If an Opt-Out Form is received after the Voting Deadline, it will not be effective. Additionally, the following **Opt-Out Form will NOT be effective**:

    *   Opt-Out Form sent to the Debtors, the Debtors' agents (other than the Claims, Notice, and Solicitation Agent), or the Debtors' financial or legal advisors;

    *   Opt-Out Form sent by facsimile, email, or any other electronic means (other than through the electronic portal maintained by the Claims, Notice, and Solicitation Agent);

    *   any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

    *   any unsigned Opt-Out Form, or for any Opt-Out Form completed by hand, an Opt-Out Form lacking an original signature[4];

    *   any Opt-Out Form that purports to alter the terms of the Third-Party Release;

    *   any Opt-Out Form submitted by a person or an entity that does not hold a Claim or Interest in a Class that is entitled to opt out of the Third-Party Release; and

    *   any Opt-Out Form submitted by any entity otherwise not entitled to opt out of the Third-Party Release pursuant to the Solicitation and Voting Procedures.

5.  The method of delivery of Opt-Out Form to the Claims, Notice, and Solicitation Agent is at the election and risk of each Holder of a Claim or Interest. Except as otherwise provided

---

[4]   For the avoidance of doubt, Opt-Out Forms submitted via the electronic portal will be deemed to contain an original signature.

herein, such delivery will be deemed made only when the Claims, Notice, and Solicitation Agent **actually receives** the originally executed Opt-Out Form. For Opt-Out Forms submitted by hand, instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders of Claims or Interests use an overnight or hand delivery service. In all cases, Holders of Claims or Interests should allow sufficient time to assure timely delivery. Opt-Out Forms will not be accepted by email, facsimile, or other electronic transmission (other than through the electronic portal maintained by the Claims, Notice, and Solicitation Agent).

6.  The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than, subject to the limitations set forth in the Opt-Out Form, opt out of the Third-Party Release. Accordingly, at this time, Holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claims or Interests, and neither the Debtors nor the Claims, Notice, and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with an Opt-Out Form.

7.  This Opt-Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim or Interest.

8.  **Please be sure to sign and date your Opt-Out Form**. If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Notice, and Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Opt-Out Form.

9.  If you hold Claims or Interests in more than one Class under the Plan you may receive more than one Opt-Out Form.  It is only necessary to complete and return a single Opt-Out Form.

10. After the Voting Deadline, no Opt-Out Form may be withdrawn or modified without the prior written consent of the Debtors.

**IF YOU CHOOSE TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE SUBMIT YOUR OPT-OUT FORM PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-OUT FORM, THESE OPT-OUT FORM INSTRUCTIONS, OR THE PROCEDURES FOR OPTING OUT OF THE THIRD- PARTY RELEASE, PLEASE CALL THE CLAIMS, NOTICE, AND SOLICITATION AGENT AT THE CONTACT INFORMATION IN THE OPT-OUT FORM.**

**PLEASE NOTE THAT THE CLAIMS, NOTICE, AND SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

**IF THE CLAIMS, NOTICE, AND BALLOTING AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 5:00 P.M. CENTRAL TIME ON [_____], 2022, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE COUNTED.**

**<u>Schedule 9</u>**

**Form of Disputed Claim Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [\_\_\_], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Chapter 11 Plan of Reorganization of ION Geophysical Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for Joint Chapter 11 Plan of ION Geophysical Corporation and Its Affiliated Debtors* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, Disclosure Statement Order, and other documents and materials included in the Solicitation Package, except ballots, may be obtained at no charge from Epiq Corporate Restructuring LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims. Notice, and Solicitation Agent") by: (a) calling the Debtors' restructuring hotline at (855) 604-1746 (toll free) or (503) 597-7702 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/IONGeophysical: (c) writing to ION Geophysical Ballot Processing c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing iongeoinfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://ecf.txsb.uscourts.gov/.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

**<u>entitled to</u> vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before [_____], 2022 (the date that is three business days before the Voting Deadline)** (each, a "<u>Resolution Event</u>''):

1.   an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.   an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.   a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount;

4.   a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder to vote its Claim in an agreed upon amount; or

5.   the pending objection is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two business day thereafter, the Claims, Notice, and Solicitation Agent shall distribute a ballot, which must be returned to the Claims, Notice, and Solicitation Agent no later than the Voting Deadline, which is on **[_____], 2022, at 5:00 p.m.,** prevailing Central Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims or Interests, you should contact the Claims, Notice, and Solicitation Agent in accordance with the instructions provided above.

Dated: _____, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Schedule 10

**Form of Notice of Assumption of Executory Contracts and Unexpired Leases**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) | Case No. 22-30987 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE THAT** on [____], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Chapter 11 Plan of Reorganization of ION Geophysical Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for Joint Chapter 11 Plan of ION Geophysical Corporation and Its Affiliated Debtors* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* (the "Assumption Schedule") with the Court as part of the Plan Supplement on [____], 2022, as contemplated under the Plan. The determination to assume the agreements identified on the Assumption Schedule was made as of [____], 2022 and is subject to revision.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") will commence on [_____], 2022, at [ : ] [a./p.m.] prevailing Central Time, before the Honorable Judge Isgur in the United States Bankruptcy Court for the Southern District of Texas, located at Courtroom 404, 515 Rusk, Houston, TX 77002.

PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.

PLEASE TAKE FURTHER NOTICE that the Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed on **Exhibit A**, attached hereto, to which you are a party.[3]

PLEASE TAKE FURTHER NOTICE THAT section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Exhibit A**, attached hereto. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

PLEASE TAKE FURTHER NOTICE THAT absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified in **Exhibit A**, attached hereto, will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in Cash on the Effective Date or as soon as reasonably practicable thereafter. In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption. Any objection by a contract or lease counterparty to a proposed assumption or related cure cost must be filed, served, and actually received by the Debtors by the date on which objections to Confirmation are due (or such other date as may be provided in the applicable assumption notice). Any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or cure cost will be deemed to have assented to such assumption or cure cost. If an objection to the proposed assumption or related cure amount is sustained by the Bankruptcy Court, the Debtors may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it. The Debtors, may settle any dispute regarding the amount

---

[3] Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor(s) has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan and (b) dispute any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

of any cure cost without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan (including any assumption of an Executory Contract or Unexpired Lease as contemplated in the Plan Supplement) or final approval of the Disclosure Statement is **[_____], 2022, at 5:00 p.m.** prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court so as to be **actually received** on or before the Plan and Disclosure Statement Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** any objections to the Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the Combined Hearing will be heard at the Combined Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the date the Debtors assume such executory contract or unexpired lease. Any Proofs of Claim filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Plan, the Disclosure Statement, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Notice, and Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 604-1746 (toll free) or (503) 597-7702 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/IONGeophysical; (c) writing to ION Geophysical Ballot Processing c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing iongeoinfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://ecf.txsb.uscourts.gov/.

**Article VIII** of the Plan contains Release, Exculpation, and Injunction provisions, and **Article VIII.D contains a Third-Party Release**.

**Thus, you are advised to review and consider the plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Claims, Notice, and Solicitation Agent.**

Dated: _____, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

| Counterparty Name | Description of Contract | Amount Required to Cure Default Thereunder, If Any |
|---|---|---|
|  |  |  |

## Schedule 11

**Form of Notice of Rejection of Executory Contracts and Unexpired Leases**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | )    Case No. 22-30987 (MI) |
| | ) |
| Debtors. | )    (Jointly Administered) |
| | ) |

## NOTICE REGARDING EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN

**PLEASE TAKE NOTICE THAT** on [____], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Chapter 11 Plan of Reorganization of ION Geophysical Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for Joint Chapter 11 Plan of ION Geophysical Corporation and Its Affiliated Debtors* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Schedule of Rejected Executory Contracts and Unexpired Leases* (the "Rejection Schedule") with the Court as part of the Plan Supplement on [____], 2022, as contemplated under the Plan. The determination to assume the agreements identified on the Assumption Schedule was made as of [____], 2022 and is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") will commence on **[____], 2022, at [ : ] [a./p.m.]** prevailing Central Time, before the Honorable Judge Isgur in the United States Bankruptcy Court for the Southern District of Texas, located at Courtroom 404, 515 Rusk, Houston, TX 77002.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Rejection Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Rejection Schedule.

PLEASE TAKE FURTHER NOTICE that the Debtors are proposing to reject the Executory Contract(s) and Unexpired Lease(s) listed on **Exhibit A**, attached hereto, to which you are a party.

PLEASE TAKE FURTHER NOTICE THAT all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Court no later than 30 days after the later of the Effective Date or the effective date of rejection of such Executory Contract or Unexpired Lease. **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors, their Estates, the Reorganized Debtors, or their property for any of the foregoing without the need for any objection by the Debtors or further notice to, or action, order, or approval of the Court.**

PLEASE TAKE FURTHER NOTICE THAT any objections to Plan in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related rejection damages proposed in connection with the Plan that remain unresolved as of the Combined Hearing will be heard at the Combined Hearing (or such other date as fixed by the Court).

PLEASE TAKE FURTHER NOTICE THAT if you would like to obtain a copy of the Plan, the Disclosure Statement, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Notice, and Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 604-1746 (toll free) or (503) 597-7702 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/IONGeophysical; (c) writing to ION Geophysical Ballot Processing c/o Epiq Corporate Restructuring LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; and/or (d) emailing iongeoinfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://ecf.txsb.uscourts.gov/.

---

**Article VIII** of the Plan contains Release, Exculpation, and Injunction provisions, and **Article VIII.D contains a Third-Party Release**.

**Thus, you are advised to review and consider the plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Claims, Notice, and Solicitation Agent.**

---

Dated: _____, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: twwalsh@winston.com

and

Daniel J. McGuire (*pro hac vice* pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-3733
Facsimile: (312) 558-5700
Email: dmcguire@winston.com

*Proposed Counsel to the Debtors and Debtors in Possession*