UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) THE REJECTION OF CERTAIN UNEXPIRED LEASES AND (II) THE REJECTION OF CERTAIN EXECUTORY CONTRACTS, EACH EFFECTIVE AS OF APRIL 12, 2022, AND (III) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

> **COUNTERPARTIES RECEIVING THIS OMNIBUS REJECTION MOTION SHOULD LOCATE THEIR NAMES AND CONTRACTS OR LEASES, AS APPLICABLE, IN THE SCHEDULES OF CONTRACTS AND LEASES ATTACHED HERETO AS SCHEDULE 1 AND SCHEDULE 2**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"): (a) authorizing the Debtors to (i) reject certain unexpired leases, including any guaranties thereof and any amendments, modifications, or subleases thereto (each,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

AmericasActive:16263521.2

a "Lease," and collectively, the "Leases") identified on Schedule 1 to the Order; and (ii) reject certain executory contracts (collectively, the "Contracts") identified on Schedule 2 to the Order, each effective as of April 12, 2022 (the "Petition Date"); and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 6004, 6006, and 6007, and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5. ION Geophysical Corporation (together with its Debtor and non-debtor subsidiaries, collectively, "ION") is an innovative, asset light global technology company that delivers data-driven decision-making offerings to offshore energy and maritime operations markets. Headquartered in Houston, Texas with regional offices around the world, ION operates through two key business segments—Exploration and Production Technology & Services ("EPTS") and Operations Optimization ("OO"). Within the EPTS segment, ION creates digital data assets on a proprietary and multi-client basis and delivers services to help exploration and

production companies improve decision-making, reduce risk, and maximize value. The OO segment develops mission-critical software and technology that enable operational control and optimization offshore. In that regard, ION provides survey design, command and control software systems and related services for marine towed and seabed operations and develops intelligent hardware and devices to optimize operations.

6. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Mike Morrison, Executive Vice President and Chief Financial Officer of ION Geophysical Corporation, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously with this Motion and incorporated by reference herein. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

## Contracts and Leases to Be Rejected

7. In the lead up to these chapter 11 cases, the Debtors, with the assistance of their advisors, undertook a comprehensive review of their executory contracts and unexpired leases to determine which contracts and leases should be rejected on the Petition Date to limit administrative costs and preserve value in light of the circumstances of these chapter 11 cases.

8. The Debtors have determined in their business judgment that the administrative costs that would be incurred under the Contracts and Leases constitute an unnecessary drain on the Debtors' already limited resources and the rejection of such Contracts and Leases would be in

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

the best interests of the Debtors and their estates. In considering their options prior to the Petition Date, the Debtors, with the assistance of their advisors, evaluated the necessity and cost efficiency of the Contracts and Leases. The Debtors determined that the transactional costs and postpetition carrying costs associated with marketing the Contracts and Leases exceed any potential benefit that may be realized from any potential assignments or subleases thereof. Accordingly, in an effort to reduce postpetition administrative costs, and in the exercise of the Debtors' business judgment, the Debtors believe that the rejection of the Contracts and Leases, as set forth on Schedule 1 and Schedule 2 to the Order, as applicable, effective as of the Petition Date, is in the best interests of the Debtors, their estates, and all parties in interest.

**Basis for Relief**

**II.    The Rejection of the Contracts and Leases Effective as of the Petition Date Is Appropriate and Provides the Debtors with Significant Cost Savings.**

9.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor-in-possession to renounce title to and abandon burdensome property).

10.    A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Inv'rs v. Chi.,*

4

*M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943)); *see also In re Tex. Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (quoting *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

11. Rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

12. The Debtors, in the exercise of their sound business judgment, have determined that the Contracts and Leases are neither compatible with the Debtors' ongoing business needs nor a source of potential value for the Debtors' estates. Absent rejection, the Contracts and Leases impose ongoing obligations on the Debtors and their estates that constitute an unnecessary drain

on the Debtors' resources. Further, the Debtors have determined that certain of the Contracts and Leases do not have any realizable value going forward given the Debtors' plan to reorganize with the support of its first and second lien lenders. Rejecting the Contracts and Leases will help increase the Debtors' liquidity and otherwise facilitate efficient administration of the Debtors' estates. Accordingly, to avoid incurring additional unnecessary expenses associated with the Contracts and Leases, the Debtors seek to reject the Contracts and Leases effective as of the Petition Date.

**III.   This Court Should Deem the Contracts and Leases Rejected Effective as of the Petition Date.**

13.   Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See, e.g.*, *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1065–71 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied*, 546 U.S. 814 (2005).

14.   The balance of the equities favors the relief requested herein. The Debtors, with the assistance of their advisors, have decided to reject the Contracts and Leases after thorough review, analyzing their costs and benefits, and determining that the Contracts and Leases are no longer beneficial to their estates. The Debtors have sought the relief requested herein following their determination that the rejection of the Contracts and Leases was in the best interests of their estates and, in fact, have done so at the earliest possibility opportunity—at the outset of these chapter 11 cases. Without a retroactive date of rejection, the Debtors could be forced to incur unnecessary administrative expenses and contractual obligations in connection with the Contracts and Leases that provide no real benefit to the Debtors' estates. *See* 11 U.S.C. § 365(d)(3).

15.     Moreover, the Contract and Lease counterparties will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date.  The Debtors will promptly serve notice of this Motion on each of the Contract and Lease counterparties, each of whom will have a sufficient opportunity to respond.  Furthermore, service of this Motion is an unequivocal expression of the Debtors' intention to reject the Contracts and Leases, and the Debtors hereby certify that they will not withdraw this Motion as to any of the Contracts or Leases without the consent of the applicable counterparty.  The Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases and do not seek to reject the Contracts or Leases effective as of the Petition Date due to any undue delay on their own part. Based on this factual record, no party can assert that the Debtors seek to write any "revisionist history." *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 701 (2020) ("Federal courts may issue *nunc pro tunc* orders, or 'now for then' orders [] to reflect the reality of what has already occurred [but not as a] vehicle for . . . creating 'facts' that never occurred . . .") (internal citations omitted).

16.     Accordingly, the Debtors respectfully request that the Court deem the Contracts and Leases identified on Schedule 1 and Schedule 2 to the Order, as applicable, are rejected effective as of the Petition Date.

### Reservation of Rights

17.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief

7

requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

18. The Debtors will provide notice of this Motion to: (a) the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition revolving credit facility and counsel thereto; (d) the indenture trustee for the Debtors' 8.00% secured second priority notes and counsel thereto; (e) the indenture trustee for the Debtors' 9.125% unsecured notes; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for states in which the Debtors conduct business; (j) the Contract and Lease counterparties; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

AmericasActive:16263521.2

WHEREFORE, the Debtors request entry of the Order granting the relief requested herein and such other relief the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: April 13, 2022<br>Houston, Texas | **WINSTON & STRAWN LLP**<br><br>*/s/ Katherine A. Preston*<br>Katherine A. Preston (TX Bar No. 24088255)<br>800 Capitol St., Suite 2400<br>Houston, Texas 77002<br>Telephone: (713) 651-2600<br>Facsimile: (713) 651-2700<br>Email: kpreston@winston.com<br><br>and<br><br>Timothy W. Walsh (*pro hac vice* pending)<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>E-mail: twwalsh@winston.com<br><br>and<br><br>Daniel J. McGuire (*pro hac vice* pending)<br>35 W. Wacker Drive<br>Chicago, Illinois 60601-9703<br>Telephone: (312) 558-3733<br>Facsimile: (312) 558-5700<br>Email: dmcguire@winston.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

## Certificate of Service

I certify that on April 13, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Katherine A. Preston
Katherine A. Preston

**Exhibit A**

**Order**

AmericasActive:16263521.2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) ) ) | Case No. 22-30987 (MI) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | Re: Docket No. _____ |

**ORDER AUTHORIZING (I) THE REJECTION OF CERTAIN UNEXPIRED LEASES AND (II) THE REJECTION OF CERTAIN EXECUTORY CONTRACTS, EACH EFFECTIVE AS OF APRIL 12, 2022, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) reject the Contracts effective as of the Petition Date and (ii) reject the leases effective as of the Petition Date; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

AmericasActive:16263521.2

and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to section 365 of the Bankruptcy Code, the Contracts and Leases shall each be deemed rejected as of April 12, 2022.

2. Each counterparty to each Contract and Lease must file a proof of claim, if at all, on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty (30) days after the entry of this order, or else be forever barred.

3. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law,

AmericasActive:16263521.2

statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

4. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

**Schedule 1**

**Rejected Leases**[1]

---

[1] The inclusion of a Lease on this list does not constitute an admission as to existence or validity of any claims held by the Lease counterparty.

AmericasActive:16263521.2

**Schedule 1**

Leases

| # | Counterparty | Counterparty Address | Debtor | Description [1][2] | Rejection Date |
|---|---|---|---|---|---|
| 1 | Market Center Investors LLC | C/O Urban Renaissance Property Co., 1640 Market St., Denver, CO 80202 | ION Geophysical Corporation | Office Lease Agreement Re: 1624 Market St, Ste 400, Denver, Co 80202 Lease | 4/12/2022 |
| 2 | PKY-2101 CityWest 3&4 LP | Attn: Mr. Randall L. Scott<br>c/o Thomas Properties Group, LP<br>2005 Market Street, Suite 3200<br>Philadelphia, PA 19103 | ION Geophysical Corporation | Real Estate Lease Agreement Re: 2105 Citywest Blvd Bldg 3, Fl 1, Fl 3 & Fl 6-9 Houston | 4/12/2022 |
| 3 | Richard Cook Limited | 26 Windsor St Chertsey, Chertsey, Surrey, KT1B 8AS, United Kingdom | ION Geophysical Corporation | Real Estate Lease Agreement Re: Abbey Groves, 31 Windsor St Chertsey Surrey United Kingdom | 4/12/2022 |
| 4 | Runnymede Borough Council | Attn. Tim Sonnex, Runnymede Civic Centre Station Rd., Addleston,  KT15 2AH,  United Kingdom | ION Geophysical Corporation | Rent Concession Agreement DTD. 10/5/2020 | 4/12/2022 |

**Footnotes:**
[1]  For the avoidance of doubt, reference to a lease herein are as supplemented, modified or subsequently amended in addendums, amendments or side letters.
[2]  References to agreements and documents are only summaries and are not intended to be full descriptions of such agreements and documents.

**Schedule 2**

**Rejected Contracts**[1]

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract or as to the existence or validity of any claims held by the Contract counterparty.

AmericasActive:16263521.2

## **Schedule 2**

Contracts

| # | Counterparty | Counterparty Address | Debtor | Description [1][2] | Rejection Date |
|---|---|---|---|---|---|
| | Aramark Refreshment Services LLC | 9950 Fallbrook Pines Dr., Houston, TX 77064 | ION Geophysical Corporation | Customer Relationship Agreement DTD. 7/11/2016 | 4/12/2022 |
| | Buelna, Hector Eduardo | Address on File | ION Geophysical Corporation | Separation And General Release Agreement DTD. 2/3/2020 | 4/12/2022 |
| | Clearpoint | Attn. James Webb, President, 5204 Jackson St, Houston, TX 77004 | ION Geophysical Corporation | Contract For Placement Of Personnel DTD. 1/8/2019 | 4/12/2022 |
| | Cobra Acquisition Services S.A. | 5555 San Felipe Suite 2100, Houston, TX 77056 | GX Technology Corporation | Assignment And Assumption Agreement DTD. 7/31/2019 | 4/12/2022 |
| | Cobra Energy Services Cayman Ltd. | Caribbean Plaza 878 W Bay Rd., P.O. Box 10335, Grand Cayman, KY1-1003 | GX Technology Corporation | Geophysical Data - USA License GXT #11794 DTD. 12/30/2017 | 4/12/2022 |
| | Cobra Energy Services Cayman Ltd. | Caribbean Plaza 878 W Bay Rd., P.O. Box 10335, Grand Cayman, KY1-1003 | GX Technology Corporation | Master Geophysical Services Agreement DTD. 7/8/2015 | 4/12/2022 |
| | Cobra Energy Services LLC | Attn. Ted Cooper, 14810 Park Almeda, Houston, TX 77047 | GX Technology Corporation | Congospan Phase II Offshore Angola Non-Exclusive 2D Seismic Acquisition, Processing & Marketing DTD. 1/4/2006 | 4/12/2022 |
| | Cobra Energy Services LLC | Attn. Ted Cooper, 14810 Park Almeda, Houston, TX 77047 | GX Technology Corporation | Letter Agreement DTD. 4/4/2012 | 4/12/2022 |
| | Cobra Energy Services LLC | Attn. Ted Cooper, 14810 Park Almeda, Houston, TX 77047 | GX Technology Corporation | Letter Of Intent DTD. 4/21/2008 | 4/12/2022 |
| | Cobra Energy Services LLC | Attn. Ted Cooper, 14810 Park Almeda, Houston, TX 77047 | ION Geophysical Corporation | Letter Of Intent DTD. 6/28/2011 | 4/12/2022 |
| | Cobra Energy Services LLC | Attn. Ted Cooper, 14810 Park Almeda, Houston, TX 77047 | GX Technology Corporation | Letter Of Intent DTD. 6/7/2011 | 4/12/2022 |
| | Cobra Energy Services LLC | Attn. Ted Cooper, 14810 Park Almeda, Houston, TX 77047 | GX Technology Corporation | Master Geophysical Data-Use License Agreement #10409 DTD. 6/30/2005 | 4/12/2022 |
| | Cobra Energy Services S.A. | World Trace Center, 1 Piso Area Commercial Calle 53, Marbella, Panama City | GX Technology Corporation | Assignment And Assumption Agreement DTD. 7/31/2019 | 4/12/2022 |
| | Cobra Energy Services S.A. | World Trace Center, 1 Piso Area Commercial Calle 53, Marbella, Panama City | GX Technology Corporation | Congospan Phase II Offshore Angola Non-Exclusive 2D Seismic Acquisition, Processing & Marketing Agreement DTD. 1/4/2006 | 4/12/2022 |
| | Cobra Energy Services S.A. | World Trace Center, 1 Piso Area Commercial Calle 53, Marbella, Panama City | GX Technology Corporation | Letter Agreement DTD. 5/10/2019 | 4/12/2022 |
| | Cobra Energy Services S.A. | World Trace Center, 1 Piso Area Commercial Calle 53, Marbella, Panama City | GX Technology Corporation | Letter Agreement DTD. 9/12/2012 | 4/12/2022 |
| | Cobra Energy Services S.A. | World Trace Center, 1 Piso Area Commercial Calle 53, Marbella, Panama City | GX Technology Corporation | Master Geophysical Services Agreement #11195 DTD. 7/22/2011 | 4/12/2022 |
| | Cobra Energy Services S.A. | World Trace Center, 1 Piso Area Commercial Calle 53, Marbella, Panama City | GX Technology Corporation | Master Geophysical Services Agreement DTD. 7/31/2011 | 4/12/2022 |
| | Cobra Energy Services S.A. | World Trace Center, 1 Piso Area Commercial Calle 53, Marbella, Panama City | GX Technology Corporation | Master Geophysical Services Agreement DTD. 7/8/2015 | 4/12/2022 |
| | Cobra Energy Services S.A. | World Trace Center, 1 Piso Area Commercial Calle 53, Marbella, Panama City | GX Technology Corporation | Master Geophysical Services Agreement DTD. 9/11/2012 | 4/12/2022 |
| | Cobra Energy Services S.A. | World Trace Center, 1 Piso Area Commercial Calle 53, Marbella, Panama City | GX Technology Corporation | Subcontract For Acquisition Of 2D Seismic Data DTD. 4/20/2007 | 4/12/2022 |
| | Cobra Energy Services LLC | Attn. Ted Cooper, 7700 Seawall Blvd, Ste 203, Galveston, TX 77551 | GX Technology Corporation | Master Geophysical Data-Use License DTD. 6/30/2005 | 4/12/2022 |
| | Cobra Energy Services LLC | Attn. Ted Cooper, 14810 Park Almeda, Houston, TX 77047 | GX Technology Corporation | Supplytime 2005 Time Charter Party For Offshore DTD. 3/2/2011 | 4/12/2022 |
| | Drilling Info Inc. | Attn. Shawn M Shillington, 2901 Via Fortuna, Bldg 6, Suite 200, Austin, TX 78746 | ION Geophysical Corporation | Order Form DTD. 6/28/2016 | 4/12/2022 |
| | Energy Analyst Ltd. | C/O Douglas Gibson Balruddery Stables, Balruddery Meadows, Invergowrie, DD2 5LJ | ION Geophysical Corporation | Consulting Services Agreement DTD. 6/11/2021 | 4/12/2022 |
| | Gateway Group Inc. | 4685 Macarthur Court, Ste 400, Newport Beach, CA 92660 | ION Geophysical Corporation | Financial Public Investor Relations Agreement DTD. 10/16/2020 | 4/12/2022 |
| | Geoex International Ltd. | Global House, 1 Ashley Ave Epsom, Surrey, London, KT18 5AD | GX Technology Corporation | Representative Agreement for Local Content DTD. 4/26/2014 | 4/12/2022 |
| | Geoex International Ltd. | Global House, 1 Ashley Ave Epsom, Surrey, London, KT18 5AD | ION Geophysical Corporation | West Equatorial Africaspan Collaboration Agreement DTD. 3/1/2012 | 4/12/2022 |
| | Hanson, Brian | 14 Waters Lake Blvd. Missouri City, TX 77459 | ION Geophysical Corporation | Separation Agreement DTD. | 4/12/2022 |
| | Hanson, Brian | 14 Waters Lake Blvd. Missouri City, TX 77459 | ION Geophysical Corporation | Employment Agreement DTD. 3/22/2022  [3] | 4/12/2022 |
| | Hart Energy | 1616 S Voss Rd, Ste 1000, Houston, TX 77057-2627 | ION Geophysical Corporation | Order Acknowledgement Agreement DTD. 4/1/2021 | 4/12/2022 |
| | Houston Livestock Show & Rodeo Inc. | PO Box 20070, Houston, TX 77225 | ION Geophysical Corporation | NRG Stadium Suite License Agreement DTD. 5/16/2018 | 4/12/2022 |
| | Houston NFL Holdings LP | NRG Stadium, Two NRG Park, Houston, TX 77054 | ION Geophysical Corporation | Houston Texans Nrg Stadium Suite Lease Agreement DTD. 3/28/2018 | 4/12/2022 |
| | Jsc Sevmorneftegeofizika | Attn. Mikhail Savchenko 17, Karl Marx Str, Murmansk, 183025 | ION Geophysical Corporation | Master Geophysical Service Agreement DTD. 9/15/2019 | 4/12/2022 |
| | Jsc Sevmorneftegeofizika | Attn. Mikhail Savchenko 17, Karl Marx Str, Murmansk, 183025 | GX Technology Corporation | Master Geophysical Service Agreement DTD. 9/15/2019 | 4/12/2022 |
| | On24 Inc. | Attn. Amit Khetan, Vp Finance/CAO, 50 Beale St., 8th Fl., San Francisco, CA 94105 | ION Geophysical Corporation | Webcast Elite 100 Subscription Agreement | 4/12/2022 |
| | Patsnap (UK) Ltd. | 6th Fl., WeWork 30 Stamford St., London, SE1 9LQ | ION Geophysical Corporation | Service Agreement Renewal DTD. 12/1/2021 | 4/12/2022 |
| | Patsnap (UK) Ltd. | 6th Fl., WeWork 30 Stamford St., London, SE1 9LQ | ION Geophysical Corporation | Service Agreement DTD. 10/28/2016 | 4/12/2022 |
| | PESGB | Business & Tech Centre, Bessemer Dr., Stevenage, Hertfordshire, SG1 2DX | ION Geophysical Corporation | Sustaining Sponsorship Agreement 2021-2022 | 4/12/2022 |
| | PGS Exploration (Uk) Ltd. | Attn. C Drage, P Wijnen, 4 The Heights Brooklands, Weybridge, Surrey, KY13 0NY | GX Technology Corporation | Collaboration Agreement For Global 2D Data Library DTD. 5/26/2020 | 4/12/2022 |
| | PGS Exploration (Uk) Ltd. | Attn. C Drage, P Wijnen, 4 The Heights Brooklands, Weybridge, Surrey, KY13 0NY | GX Technology Corporation | Collaboration Agreement For West Africa Library Data DTD. 4/24/2019 | 4/12/2022 |
| | PGS Exploration (Uk) Ltd. | Attn. C Drage, P Wijnen, 4 The Heights Brooklands, Weybridge, Surrey, KY13 0NY | GX Technology Corporation | Letter Of Intent DTD. 7/30/2018 | 4/12/2022 |
| | PGS Geophysical AS | Attn. Chris Drage, Nathan Oliver, Lilleakerveien 4C P.O. Box 251, Lilleaker, 0216 Oslo | GX Technology Corporation | Collaboration Agreement For Global 2D Data Library DTD. 5/26/2020 | 4/12/2022 |
| | PGS Geophysical AS | Attn. Chris Drage, Nathan Oliver, Lilleakerveien 4C P.O. Box 251, Lilleaker, 0216 Oslo | GX Technology Corporation | Collaboration Agreement For West Africa Library Data DTD. 4/24/2019 | 4/12/2022 |
| | PGS Geophysical AS | Attn. Chris Drage, Nathan Oliver, Lilleakerveien 4C P.O. Box 251, Lilleaker, 0216 Oslo | ION Geophysical Corporation | Letter Of Intent DTD. 12/6/2016 | 4/12/2022 |
| | PGS Geophysical AS | Attn. Chris Drage, Nathan Oliver, Lilleakerveien 4C P.O. Box 251, Lilleaker, 0216 Oslo | GX Technology Corporation | Letter Of Intent DTD. 3/10/2017 | 4/12/2022 |
| | PGS Geophysical AS | Attn. Chris Drage, Nathan Oliver, Lilleakerveien 4C P.O. Box 251, Lilleaker, 0216 Oslo | GX Technology Corporation | Letter Of Intent DTD. 7/30/2018 | 4/2/2022 |
| | PGS Geophysical AS | Attn. Chris Drage, Nathan Doliver, Lilleakerveien 4C P.O. Box 251, Lilleaker, 0216 Oslo | ION Geophysical Corporation | Master Geophysical Services Agreement DTD. 12/17/2020 | 4/12/2022 |
| | PGS Geophysical AS | Attn. Chris Drage, Nathan Oliver, Lilleakerveien 4C P.O. Box 251, Lilleaker, 0216 Oslo | ION Geophysical Corporation | Master Service Agreeement DTD. 12/17/2020 | 4/12/2022 |

| Counterparty | Address | Debtor | Agreement | Date |
|---|---|---|---|---|
| Selecman, Charles | Address on File | ION Geophysical Corporation (f/k/a/ Input/Output Inc.) | Supplemental Executive Retirement Plan DTD. 6/4/1992 | 4/12/2022 |
| Selecman, Barbara A | Address on File | ION Geophysical Corporation (f/k/a/ Input/Output Inc.) | Supplemental Executive Retirement Plan DTD. 6/4/1992 | 4/12/2022 |
| Shanghai Cobra Energy Services S.A. | 14710 Park Almeda Dr., Houston, TX 77047-7004 | GX Technology Corporation | Subcontract For Acquisition Of 2D Seismic Data DTD. 4/20/2007 | 4/12/2022 |
| Shearwater Geoservices Limited | Damsgardsveien 135, 5160 Laksevag, Bergen, Norway | GX Technology Corporation | Master Cooperation Agreement DTD. 5/2/2018 | 4/12/2022 |
| TGS Geophysical Company (Uk) Ltd. | Attn. David Hajovsky, 1 The Crescent, Surbiton, Surrey, KT6 4BN | ION Geophysical Corporation | Multi-Client Project Agreement | 4/12/2022 |
| TGS Geophysical Company (Uk) Ltd. | Attn. David Hajovsky, 1 The Crescent, Surbiton, Surrey, KT6 4BN | ION Geophysical Corporation | Multi-Client Strategic Operating Alliance Agreement DTD. 7/25/2013 | 4/12/2022 |
| TGS Geophysical Company (Uk) Ltd. | Attn. David Hajovsky, 1 The Crescent, Surbiton, Surrey, KT6 4BN | GX Technology Corporation | Seismic Survey Agreement DTD. 3/14/2018 | 4/12/2022 |
| TGS-Nopec Geophysical Company ASA | Attn. Tanya Herwanger, Lensmannslia 4, Asker,  N-1386 | ION Geophysical Corporation | Multi-Client Project Agreement | 4/12/2022 |
| WesternGeco Ltd. | Attn. Fred Muchardt, Gen Counsel, 62 Buckingham Gate, London, SW1E 6AJ | ION Geophysical Corporation; GX Technology Corporation; | IP Related To Communication Redundancy DTD. 12/15/2017 | 4/12/2022 |
| WesternGeco Ltd. | Attn. Fred Muchardt, Gen Counsel, 62 Buckingham Gate, London, SW1E 6AJ | ION Geophysical Corporation | Notice Of Intent To Pursue A Potential Opportunity DTD. 3/9/2021 | 4/12/2022 |
| WesternGeco Ltd. | Schlumberger House, Gatwick Airport, West Sussex,  RH6 0NZ | ION Geophysical Corporation | WesternGeco IP Letter DTD. 12/15/2017 | 4/12/2022 |
| WesternGeco Ltd. | Attn. Fred Muchardt, Gen Counsel, 62 Buckingham Gate, London, SW1E 6AJ | ION Geophysical Corporation | WesternGeco IP Letter - Response DTD. 1/15/2018 | 4/12/2022 |
| WesternGeco Ltd. | Attn. Fred Muchardt, Gen Counsel, 62 Buckingham Gate, London, SW1E 6AJ | ION Geophysical Corporation | WesternGeco Campeche Foundation Letter DTD. 3/9/2021 | 4/12/2022 |
| WesternGeco LLC | General Counsel, 10001 Richmond Ave. P.O. Box 2469, Houston, TX 77042-4299 | ION Geophysical Corporation | Settlement Agreement DTD. 4/7/2020 Re: Civil Action No. 4:09-Cv-1827 (SDTX) | 4/12/2022 |
| WesternGeco LLC | General Counsel, 10001 Richmond Ave. P.O. Box 2469, Houston, TX 77042-4299 | ION Geophysical Corporation; GX Technology Corporation; | SPANViewer Terms and Conditions DTD. 7/17/2020 | 4/12/2022 |
| WesternGeco LLC | General Counsel, 10001 Richmond Ave. P.O. Box 2469, Houston, TX 77042-4299 | ION Geophysical Corporation | VIB Pro Joint Research & Test Agreement | 4/12/2022 |
| Westerngeco Seismic Holdings Ltd. | Flemming House Wickham Cay  P.O. Box 662, Road Town; Tortola, | ION Geophysical Corporation | Cooperation Agreement DTD. 7/27/2016 | 4/12/2022 |
| Wood Mackenzie Inc. | Attn. Juan Santana, Director Of Sales Americas, 5847 San Felipe, 10th Fl., Ste 1000, Houston, TX 77057 | ION Geophysical Corporation | Proview Service Agreement DTD. 8/24/2020 | 4/12/2022 |
| Xerox Financial Services LLC | 45 Glover Ave., Norwalk, CT 06856 | ION Geophysical Corporation | Managed Documents Services Agreement DTD. 3/15/2019 | 4/12/2022 |

**Footnotes:**

[1] For the avoidance of doubt, reference to an agreement herein are as supplemented, modified or subsequently amended in addendums, amendments or side letters.
[2] References to agreements and documents are only summaries and are not intended to be full descriptions of such agreements and documents.
[3] The Debtors do not believe this is an enforceable contract. Nevertheless, the Debtors include it here out of an abundance of caution.