United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 13, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | ) Case No. 22-30987 (MI) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |
|  | ) **Re:  Docket No. 8** |
|  | ) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO
OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING
BUSINESS FORMS, AND (C) PERFORM INTERCOMPANY TRANSACTIONS AND
(II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing

the Debtors to (i) continue to operate their Cash Management System, (ii) maintain existing

Business Forms in the ordinary course of business, and (iii) continue Intercompany Transactions

consistent with historical practice; (b) granting related relief as modified as set forth herein; and

(c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully

set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article

III of the United States Constitution; and this Court having found that venue of this proceeding

and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115).  The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

AmericasActive:16146294.5

Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      This is an Interim Order.

2.      The final hearing (the "Final Hearing") on the Motion shall be held
on

May 9, 2022, at 3:30 p.m.,  prevailing Central Time.  Any objections or responses to entry of a

final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on

May 5, 2022.  If no objection to entry of the Final Order on the Motion is received timely, this

Court may enter such Final Order without need for the Final Hearing.

3.      The Debtors are authorized, but not directed, to: (a) continue operating the Cash

Management System in the ordinary course of business and consistent with the Debtors' historical

practice, substantially as identified in **Schedule 1** attached hereto and as described in the Motion;

(b) honor their prepetition obligations related thereto in the ordinary course of business and

consistent with the Debtors' historical practice; (c) maintain existing Business Forms as set forth

herein; and (d) continue to perform Intercompany Transactions consistent with historical practice.

4.      In connection with the ongoing utilization of the Cash Management System, the

Debtors shall continue to maintain records with respect to all transfers, including Intercompany

AmericasActive:16146294.5

Transactions, so that all of the Debtors' transactions may be readily ascertainable, traced, recorded properly, and distinguished between prepetition and postpetition transfers. The Debtors shall maintain detailed records of all Intercompany Transactions so that all such transactions shall be adequately and promptly documented in and readily ascertainable from the Debtors' books and records. The Debtors shall make such records available upon request by the U.S. Trustee, the ad hoc group of secured lenders, and any statutory committee appointed in these chapter 11 cases.

5. The Debtors are authorized, but not directed, to: (a) designate, maintain, close, and continue to use on an interim basis their existing Bank Accounts, including, but not limited to, the Bank Accounts identified in **Schedule 2** attached hereto, in the names and with the account numbers existing immediately before the Petition Date; (b) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, and other debits; (c) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; (d) open new debtor in possession bank accounts at banks that (i) have executed a Uniform Depository Agreement with the U.S. Trustee or banks that are willing to execute one and (ii) have agreed to be bound by the terms of this Interim Order; and (e) pay any ordinary course prepetition and postpetition service and other fees, costs, charges and expenses to which the Cash Management Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors, and to otherwise perform their obligations under the documents governing the Bank Accounts. The Debtors shall provide reasonable prior written notice to the U.S. Trustee, the ad hoc group of secured lenders, and any statutory committee appointed these chapter 11 cases of the opening of such account and the closing of any existing Bank Accounts.

6. No liens on any of the Bank Accounts granted to any creditors shall take priority over the prepetition and postpetition service and other fees, costs, charges and expenses to which

the Cash Management Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors.

7.      The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date; *provided* that once the Debtors have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled "Debtor in Possession" as soon as is reasonably practicable to do so.  To the extent the Debtors print any new checks or use any electronic Business Forms, they will include the designation "Debtor in Possession" and the corresponding bankruptcy case number on all such checks within ten (10) days.

8.      Subject to the protections provided to the Cash Management Banks in Paragraph 14 of this Interim Order, the Cash Management Banks are authorized, but not directed, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business and in accordance with the account agreements governing the Bank Accounts. In this regard, the Cash Management Banks are authorized to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

9.      Subject to the protections provided to the Cash Management Banks in Paragraph 14 of this Interim Order, all Cash Management Banks provided with notice of this Interim Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date except as authorized by an order of this Court and directed by the Debtors in writing.

AmericasActive:16146294.5

10.     To the extent any of the  Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code, the Debtors shall have until May 27, 2022 to come into compliance with section 345(b) of the Bankruptcy Code; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

11.     Subject to the terms hereof, the Debtors are authorized, in the ordinary course of business, to open any new Bank Accounts or close any existing Bank Accounts and enter into any ancillary agreements, including new deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate.

12.     Any banks, including the Cash Management Banks, are authorized to honor the Debtors' direction with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Cash Management Banks shall not have any liability to any party for relying on such representations.

13.     The relief granted in this Interim Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a "Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Cash Management Bank."

14.     Notwithstanding any other provision of this Interim Order, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, payment, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors any

such prepetition payment drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

15.     The Debtors' Cash Management Banks are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for all checks drawn on the Debtors' account; *provided* that no checks issued against the Debtor prior to the commencement of these chapter 11 cases shall be honored except as authorized by order of this Court and directed by the Debtors.

16.     The Cash Management Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

17.     The Debtors are authorized to continue engaging in Intercompany Transactions in connection with the Cash Management System in the ordinary course of business and in a manner substantially consistent with the Debtors' historical practice.  All claims arising from postpetition payments from a Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

6

18.     The Debtors shall provide reasonable notice to the U.S. Trustee, the ad hoc group of secured lenders, and any statutory committee appointed in these chapter 11 cases of material changes to the Cash Management System and procedures.

19.     Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of the Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien, in favor of any person or entity, that existed as of the Petition Date.

20.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

21.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts that are authorized to be paid under an order of the Court.

22.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim

7

Order or the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

23. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

24. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25. As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on each Cash Management Bank.

26. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

27. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

28. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Signed: April 13, 2022

_____

Marvin Isgur
United States Bankruptcy Judge

## Schedule 1

## Cash Management System

AmericasActive:16146294.5



ION Geophysical Corporation, Et al.
Cash Management System

# ION Geophysical Corporation, Et al.
## Cash Management System

**Footnotes:**

(1) Master Concentration Account borrows and pays down the revolver

(2) Inclusive of banking fees for any monthly PNC-related cash management fees charged; interest payments on Credit Facility are direct debited from x9109

(3) The debtors in the normal course fund certain AP disbursements, payroll, and other operating requirements to certain non-debtor foreign subsidiaries

(4) GMG/Axis Inc. is not a guarantor in the credit agreement;

(5) Texas Capital Bank

(6) Interest payments for the New Second Lien Notes

(7) Intercompany loans/transfers are made from ION International Holdings LP (Bermuda) to other ION legal entities whether North America or Europe

(8) Foreign collections are occasionally repatriated to the US via ION International Holdings LP (Bermuda) account

(9) TCB and Citi accounts are used to post cash collateral for LCs; LC at Citi account x2233 backs two surety bonds totaling $300k

(10) PNC – The PNC Financial Services Group, Inc.

(11) Texas Capital Bank - Texas Capital Bancshares, Inc.

(12) CitiBank – Citigroup, Inc.

(13) CitiBank account x1884 designated to be repurposed for utility adequate assurance deposit account



## Schedule 2

## Bank Accounts

| No. | Entity | Bank Name | Account Type | Account No. (Ending) |
|---|---|---|---|---|
| 1 | GX Technology Corporation | PNC | Disbursement Account | 9029 |
| 2 | GX Technology Corporation | PNC | Disbursement Account | 9045 |
| 3 | GX Technology Corporation | PNC | Collections Account | 9125 |
| 4 | GX Technology Corporation | PNC | Collections Account | 9133 |
| 5 | I/O Marine Systems, Inc. | PNC | Disbursement Account | 9053 |
| 6 | I/O Marine Systems, Inc. | PNC | Disbursement Account | 9061 |
| 7 | I/O Marine Systems, Inc. | PNC | Collections Account | 9141 |
| 8 | ION Exploration Products (USA) Inc. | PNC | Disbursement Account | 8825 |
| 9 | ION Geophysical Corporation | Citibank | Collateral Account | 2233 |
| 10 | ION Geophysical Corporation | Citibank | Adequate Assurance Account | 1884 |
| 11 | ION Geophysical Corporation | PNC | Money Market Account | 4709 |
| 12 | ION Geophysical Corporation | PNC | Master Concentration Account | 9117 |
| 13 | ION Geophysical Corporation | PNC | Disbursement Account | 0286 |
| 14 | ION Geophysical Corporation | PNC | Disbursement Account | 9088 |
| 15 | ION Geophysical Corporation | PNC | Disbursement Account | 9096 |
| 16 | ION Geophysical Corporation | PNC | Main Operating Account | 9109 |

AmericasActive:16146294.5

2

| No. | Entity | Bank Name | Account Type | Account No. (Ending) |
|-----|--------|-----------|--------------|----------------------|
| 17 | ION Geophysical Corporation | PNC | Collections Account | 9168 |
| 18 | ION Geophysical Corporation | Texas Capital | Collateral Account | 1541 |
| 19 | ION Geophysical Corporation | Bank of China | Disbursement Account | 2594 |
| 20 | ION Geophysical Corporation | Bank of China | Disbursement Account | 9585 |

2