# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ION GEOPHYSICAL CORPORATION, *et al.*,[1] | § | Case No. 22-30987 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**SHEARWATER GEOSERVICES LIMITED'S MOTION FOR AN
ORDER PURSUANT TO SECTIONS 105(A) AND 107(B) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9018 TO (I) FILE UNDER SEAL CERTAIN
CONFIDENTIAL INFORMATION AND (II) LIMIT NOTICE THEREOF**
Related to Docket No. 180

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

Shearwater GeoServices Limited ("Shearwater") hereby files this this *Motion for an Order Pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 to (I) File Under Seal Certain Confidential Information and (II) Limit Notice Thereof* ("Motion") to request, pursuant to Sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing Shearwater to file, under seal, the Master Cooperation Agreement ("MCA"). Shearwater will contemporaneously file, the MCA, to be served on parties in interest in accordance with applicable provisions of the Bankruptcy Rules and Bankruptcy Code.

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Chapter 11 case and the Response pursuant to 28 U.S.C. §§ 1334 and 157(b) and Sections 105, 107(b), and the Federal Rules of Bankruptcy Procedure 9018 and Bankruptcy Local Rule 9037-1.

2. Venue is proper in this District pursuant to 28 U.S.C. . §§ 1408 and 1409.

3. The statutory bases for relief are Sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## II.
## BACKGROUND

4. GX Technology Corporation ("GX Tech"), one of the Debtors, and Shearwater entered into that certain Master Cooperation Agreement dated May 2, 2018 ("MCA"), which sets out the terms and conditions under which the parties will cooperate for seismic acquisition,

2

processing, and licensing projects.[2] The parties set out specific terms, including, but not limited to, the use and ownership of the seismic data, the licensing of the seismic data, and the revenue sharing for the licensed seismic data.

5. On April 13, 2022, the Debtors filed their *Debtors' First Omnibus Motion for Entry of an Order Authorizing (I) the Rejection of Certain Unexpired Leases and (II) the Rejection of Certain Executory Contracts, Each Effective as of April 12, 2022, and (III) Granting Related Relief* [Docket No. 25] (the "Rejection Motion"). The MCA is listed as one of the contracts to be rejected by the Debtors.

6. On May 4, 2022, Shearwater filed its Objection to the Rejection Motion [Docket No. 179] regarding the MCA.

7. On May 5, 2022, Shearwater filed its Witness and Exhibit List for May 9, 2022 Hearing [Docket No. 180] which included the MCA as Exhibit 1.

8. Shearwater and GX Tech agreed to keep the MCA confidential. *See* MCA, at ¶ 8(e).

9. Shearwater requests that the Court issue an order, pursuant to Sections 105(a) and 107(b) of the Bankruptcy Cod and Bankruptcy Rule 9018, authorizing Shearwater to (i) file under seal the MCA; (ii) only serve the MCA on the Debtor and counsel for any other parties which are entitled to such information; and (iii) keep the MCA under seal for an indefinite period of time.

### III.
### BASIS FOR RELIEF

10. Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue

---

[2] Due to the confidential and proprietary nature of the MCA, the agreement is not attached to this Objection. If necessary, such agreement will be made available upon request to necessary parties pursuant to a confidentiality agreement or protective order. *See* MCA, at ¶ 8(e).

orders to protect entities with respect to certain confidential information. *See* 11 U.S.C. § 107(b). Additionally, section 105(a) of the Bankruptcy Code, which codifies the bankruptcy court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. Bankruptcy Rule 9018 implements section 107(b) of the Bankruptcy Code and provides in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information .

Fed. R. Bankr. P. 9018.

12. Although there is a strong presumption in favor of public access to court records, such access is not without limit. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). Sections 105(a) and 107(b) and Bankruptcy Rule 9018 authorize this Court to limit public access under the circumstances present in these cases. The MCA contains confidential and proprietary information for both Shearwater and GX Tech. The Debtors already have a copy of the MCA. As to the Committee and other necessary parties, Shearwater requests that the MCA be limited to professional eyes' only, and the use of the MCA as part of these proceedings be subject to a protective order.

13. Shearwater therefore respectfully requests authority to file the MCA under seal to avoid public disclosure of Shearwater's confidential information, pending the parties finalizing the protective order.

## IV.
## CONCLUSION

WHEREFORE, Shearwater respectfully requests that this Court enter an order that: (a) grants the Motion; (b) grants all other relief that this Court deems just and proper

Dated: May 6, 2022

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Sharon M. Beausoleil*
John P. Melko
jmelko@foley.com
Texas State Bar No. 13919600
Sharon M. Beausoleil
sbeausoleil@foley.com
Texas State Bar No. 24025245
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.5500

**COUNSEL FOR SHEARWATER GEOSERVICES LIMITED**

## **CERTIFICATE OF SERVICE**

    I do hereby certify that on May 6, 2022, a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this case.

                                                         */s/ Sharon M. Beausoleil*
                                                         Sharon M. Beausoleil

4867-2536-3230.1