United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 12, 2022
Nathan Ochsner, Clerk

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ION GEOPHYSICAL CORPORATION, *et al.*,[3] | Case No. 22-30987 (MI) |
| Debtors. | (Jointly Administered) |

## ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT AGREEMENT BY AND BETWEEN ION GEOPHYSICAL CORPORATION AND INOVA GEOPHYSICAL, INC. AND (II) GRANTING RELATED RELIEF

Upon the motion ("Motion")[4] of the debtors and debtors in possession herein (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving that certain settlement by and among the ION Geophysical Corporation, as debtor and debtor in possession, on behalf of itself and its bankruptcy estate, and INOVA Geophysical, Inc. (the "Settlement Agreement"); and this Court having jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334; and venue of these chapter 11 cases and the Motion being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order on the Motion consistent with Article III of the United States Constitution; and the Debtors having provided adequate notice under the circumstances and no other or further notice being needed; and a reasonable opportunity to object or be heard regarding the relief granted herein having been afforded pursuant to Bankruptcy Rule 6004(a); and

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

[4] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

upon the record of the hearing, and all proceedings had before this Court; and this Court having found that the relief granted hereby is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and the legal and factual bases set forth in the Motion and during the hearing on the Motion establishing just cause for the relief granted hereby; and no objections having been filed or voiced; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED, THAT:

1. The Settlement Agreement, a copy of which is attached to the Motion as <u>Exhibit B</u>, is approved in its entirety and its terms are incorporated fully herein as an order of this Court.

2. The Debtors are authorized and empowered to enter into and take any and all actions necessary to carry out and effectuate the terms, conditions, and provisions of the Settlement Agreement and this Order.

3. Nothing in this Order shall alter the terms and conditions of the Settlement Agreement.

4. The terms and conditions of this Order are immediately effective and enforceable upon its entry and for the avoidance of doubt, any stays provided for by the Federal Rules of Bankruptcy Procedure shall be, and hereby are, waived.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: July 12, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

**Exhibit B**

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE (this "**Agreement**") is made and entered into on this 10th day of June, 2022, by and between ION GEOPHYSICAL CORPORATION, a Delaware corporation ("**Lender**") and INOVA Geophysical, Inc., a Texas corporation ("**Borrower**").

### Recitals

A. Borrower and Lender are parties to that certain Amended and Restated Promissory Note dated September 3, 2021, with a face value of $4,000,000.00 million (the "**Note**").

B. Pursuant to the Note, Borrower currently owes Lender $4,251,666.67 (including default interest through May 31, 2022).

C. Lender and Borrower have agreed to settle, fully, finally, once-and-for-all, the Note, and retire the same.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned parties hereby agree as follows:

1. Subject to Borrower paying the Settlement Amount as set forth in Paragraph 3 below, and subject to the approval of the bankruptcy court referenced in Paragraph 8 below, Lender hereby forgives the Note and fully and finally ACQUITS, RELEASES, WAIVES AND DISCHARGES Borrower and Borrower's employees, officers and attorneys of and from any and all claims that have been, or could have been, or could be in the future, asserted against any or all of them that are based in whole or in part on the Note.

2. Subject to the approval of the bankruptcy court referenced in Paragraph 8 below, Borrower hereby fully and finally ACQUITS, RELEASES, WAIVES AND DISCHARGES Lender and Lender's employees, officers and attorneys of and from any and all claims that have been, or could have been, or could be in the future, asserted against any or all of them that are based in whole or in part on the Note.

3. In consideration of the terms, conditions and releases in this Agreement, Borrower agrees to pay to Lender the sum of Two Million Dollars ($2,000,000.00) (the "**Settlement Amount**") on or before June 30, 2022. Time is of the essence of this obligation. Lender shall be solely responsible, and shall pay, any federal or state taxes that are required by law to be paid with respect to the Settlement Amount.

4. Each of the parties understands and agrees that, upon payment of the Settlement Amount, provided that the bankruptcy court approves this Agreement as set forth in Paragraph 8 below, this Agreement may be pleaded as an absolute and final bar to any claims either party has that are based in whole or in part on the Note; that no recovery on account of such matters may hereafter be had; and the consideration given for this Agreement is not an admission of liability, and none of the parties or those claiming by, through or under any of them will ever claim that it

is. Nothing in this Agreement shall release any party to this Agreement from any obligations created by this Agreement.

5. This Agreement may be executed in counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together shall constitute but one and the same instrument. This Agreement may be validly executed and delivered by email.

6. The individuals executing this document on behalf of the parties hereto warrant and represent that they do so with full authority to bind each such party in accordance with the terms and provisions hereof.

7. No modification or waiver hereof shall in any event be effective unless the same shall be in writing and signed by the person or entity against whom enforcement thereof is to be sought, and then such modification or waiver shall be effective only in the specific instance and for the purpose for which given. This Agreement shall be construed as if jointly prepared by the parties hereto and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. Any use of masculine, feminine or neuter pronouns herein shall be deemed to include each of the masculine, feminine and neuter.

8. The effectiveness of this Agreement is conditioned on its being approved by the court in which the Lender has filed for bankruptcy protection (Southern District of Texas). Each party agrees to use commercially reasonable efforts to obtain such court approval. If such approval is not obtained on or before July 15, 2022, then the releases set forth in this Agreement shall be of no force or effect, the Note shall remain in effect in accordance with its terms, and Lender shall promptly repay the Settlement Amount to Borrower.

9. **This Agreement constitutes the entire agreement and understanding between the parties hereto and relating to the subject matter hereof and supersedes all prior proposals, negotiations, alleged oral promises, agreements and understandings relating thereto. Each party represents and warrants that it is not relying on any information outside of the four corners of this Agreement to execute this Agreement, that no representative or agent of the other party has made any representations or promises with respect to the subject matter of this Agreement except as is expressly set forth in this Agreement, and that it shall not be permitted to claim it was fraudulently or otherwise wrongly induced into executing this Agreement, or that such execution was as a result of misrepresentation, accident, mistake or duress. Each party further represents that (i) it is legally competent to execute this Agreement on its own behalf, and (ii) with the full opportunity to obtain advice of counsel of its choosing, it has fully informed itself of the terms of this Agreement, and that it has solely relied upon its own judgment in entering into this Agreement (and not on any statement or representation of any representative or agent of the other party hereto). No representative or agent of either party hereto has any authority, express or implied, to make any representation or agreement not specifically set forth in this Agreement.**

9. This Agreement shall be governed and construed by and in accordance with the laws of the State of Texas, notwithstanding conflicts of law principals thereof.

2

*[SIGNATURE PAGES FOLLOW—REST OF PAGE INTENTIONALLY BLANK]*

3

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement and Mutual Release to be effective as of June 10, 2022.

**ION GEOPHYSICAL CORPORATION**

By: *[signature]*

Name: Mike Morrison

Title: CFO

**INOVA Geophysical, Inc.**

By: *[signature]*

Name: Carey Mogdan

Title: CEO

4