UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ION Geophysical Corporation, *et al.*,[1] | § | Case No. 22–30987 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER
AUTHORIZING REDACTION OF CERTAIN CONFIDENTIAL
INFORMATION AND FILING CONFIDENTIAL EXHIBIT UNDER SEAL**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED**

The Government of Barbados ("**Barbados**"), a creditor and contract counterparty in the above-captioned cases ("**Cases**"), respectfully seeks entry of an order substantially in the form attached hereto sealing a confidential exhibit and redacting certain information ("**Motion**"). In further support of this Motion, Barbados submits as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) and the general "catch-all" language of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: ION Geophysical Corporation (6646); I/O Marine Systems, Inc. (3230); ION Exploration Products (U.S.A.), Inc. (1394); and GX Technology Corporation (0115). The location of the Debtors' service address is 4203 Yoakum Blvd., Suite 100, Houston, Texas 77006.

2. The statutory and procedural bases for the relief requested herein are §§ 105(a) and 107(b) of the Bankruptcy Code,[2] Rule 9018 of the Bankruptcy Rules,[3] and Local Rule 9018.

3. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. This Motion seeks authorization to: (1) file under seal an exhibit that is confidential pursuant to the Agreement between Barbados and GX Technology Corporation, a debtor affiliate ("GXT," and collectively with Barbados, "**Parties**"); and (2) redact certain information that will be within Barbados's plan and sale objection.

5. On April 12, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. The Debtors continue to operate their business and manage their property as debtors-in-possession. No trustee or examiner has been appointed in these Cases.

6. As of the Petition Date, the Debtors filed their *Emergency Motion for Entry of an Order Approving (I) (A) Bidding Procedures and (B) Assumption and Assignment Procedures; (II) Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances; and (III) Granting Related Relief* ("**Bidding Procedures Motion**").[4] The Bidding Procedures Motion contemplated procedures for the potential assumption and/or assignment of executory contracts and leases.[5] The Court's order granting the Bidding Procedures Motion was entered on May 3, 2022.[6]

---

[2] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.
[3] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.
[4] ECF No. 21.
[5] *Id.*
[6] ECF No. 174.

7. On June 14, 2022, the Debtors filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* ("**Preliminary Cure Notice**").[7] The Preliminary Cure Notice listed two alleged executory contracts between the Parties: (i) the Agreement, and (ii) the Assignment and Transfer of Data Agreement, dated as of February 21, 2018.[8] The Preliminary Cure Notice listed the Agreement's cure amount at $767,585.05.[9] The Assignment of Transfer of Data Agreement was listed with a cure amount of $0.00.[10]

8. A few weeks later, on July 1, 2022, the Debtors filed their *Notice of Successful Bidders*,[11] which identified five separate successful bidders for: (a) marine data and processing assets; (b) software assets; (c) land data assets; (d) devices assets; and (e) intellectual property and inventory assets.[12] Barbados believes that these assets collectively represent all or substantially all of the Debtors' assets. It is Barbados's understanding that the Agreement with GXT relates to the marine data and processing assets, of which TSG ASA was identified as the successful bidder of. Barbados's counsel has been in communications with TSG ASA, which has represented to counsel that it intends to acquire the underlying data from the Agreement.

9. One week later, on July 8, 2022, the Debtors filed their *First Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* ("**Supplemental Cure Notice**").[13] The Supplemental Cure Notice still listed the two alleged executory contracts between the Parties.

---

[7] ECF No. 316.
[8] ECF No. 316–1 at 4, 8,
[9] *Id.* at 4.
[10] *Id.* at 8.
[11] ECF No. 379.
[12] *Id.*
[13] ECF No. 404.

10. On July 12, 2022, the Court entered its order modifying certain plan confirmation dated and deadlines.[14] The current deadline to object to the plan and disclosure statement is July 25, 2022 at 5:00 p.m.[15]

11. One week later, on July 18, 2022, the Debtors filed their *First Amended Joint Chapter 11 Plan* ("**First Amended Plan**"), and *Disclosure Statement Supplement Relating to the First Amended Joint Chapter 11 Plan* ("**Supplemental Disclosure Statement**").[16] The Supplemental Disclosure Statement confirmed that TGS ASA was the successful bidder for certain marine data and processing assets, and that the Debtors would be filing asset purchase agreements no later than July 21, 2022.[17]

12. On July 20, 2022, the Debtors filed their *Supplement for the First Amended Joint Chapter 11 Plan* ("**Plan Supplement**").[18] The Plan Supplement, which included a schedule of assumed executory contracts and unexpired leases, removed the Parties' two alleged executory contracts.

13. On July 21, 2022, the Debtors filed a *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale*.[19]

14. Barbados's counsel has been in communications with TSG ASA, which has represented that it intends to acquire the underlying data from the Agreement.

15. Concomitant with this Motion, Barbados will be filing its redacted plan objection and sale objection.

---

[14] ECF No. 428.
[15] *Id.* at 2.
[16] ECF Nos. 455, 456 respectively.
[17] ECF No. 456.
[18] ECF No. 463.
[19] ECF. No. 470

## BASES FOR RELIEF

A. STATUTORY AND PROCEDURAL CONSIDERATION

17. Section 107(b) of the Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.[20] Specifically, § 107(b) provides that "[o]n request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."[21]

18. Rule 9018 defines the procedures by which a party may move for relief under § 107(b) of the Code, providing that: [o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."[22] Further, Local Rule 9018 provides that "[d]ocuments or proceedings may be sealed only by order of the Court, and on motion with notice to parties in interest."[23]

19. If the material sought to be protected satisfies one of the categories identified in § 107(b) of the Code, "the court is *required* to protect a requesting party and has no discretion to deny the application."[24] Stated differently, § 107(b) of the Code does not require a party seeking its protection to demonstrate "good cause."[25] "Courts have supervisory power over their records

---

[20] *See* 11 U.S.C. § 107(b).
[21] *Id.* (emphasis added).
[22] Fed. R. Bankr. P. 9018
[23] L. Rule 9018.
[24] *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).
[25] *Orion Pictures Corp.*, 21 F.3d at 28.

and files and may deny access to those records and files to prevent them from being used for an improper purpose."[26] Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes."[27] Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice."[28]

20. Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"[29] Commercial information need not rise to the level of a trade secret to be protected under § 107(b) of the Code.[30]

B. THE AGREEMENT AND OBJECTIONS CONTAIN CONFIDENTIAL INFORMATION

21. The Agreement and objections to be filed by Barbados contain confidential information. The Agreement further states that "[u]nless otherwise agreed or required by the terms of this Agreement, both Parties to the Agreement shall keep all matters pertaining to it confidential."[31]

22. Barbados recognizes the presumption in favor of public access to court records, and has tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under § 107 of the Bankruptcy Code.

---

[26] *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).
[27] *Orion Pictures Corp.*, 21 F.3d at 27.
[28] *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).
[29] *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27).
[30] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures Corp.*, 21 F.3d at 27–28 (holding that § 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).
[31] Article 9.6.

23.     In order to maintain the confidentiality of the Agreement, the Court should authorize Barbados to file the attached confidential Agreement under seal, and redact the confidential information contained within its objections.  Because the Agreement and the objections contain confidential information that is protected under § 107(b) of the Code, such information should be sealed and redacted.

24.     Accordingly, Barbados proposes to file the confidential Agreement under seal, and redact the confidential information to be contained within its objections.  Barbados will provide the Court, the U.S. Trustee, and Debtors (who should already have them) with the confidential Agreement and the unredacted versions of the objections.  Barbados believes that the proposed format for disclosure of information, in which Barbados will publicly file its sealed confidential Agreement and redacted objections, and provide unredacted versions of both to the Court, the U.S. Trustee, and Debtors, is carefully tailored to provide appropriate levels of information in this case while still maintaining confidentiality of "commercial information" where truly necessary.

## RESERVATION OF RIGHTS

25.     Neither the filing of this Motion or anything set forth herein (nor any other filing in these Cases) is, or should be constructed to be, a consent to jurisdiction of the United States Bankruptcy Court with respect to the claims asserted herein or for any other purpose, a waiver or impairment of any right to arbitration, a waiver of sovereign immunity, or a waiver or release of any rights to a trial by jury.  Furthermore, Barbados hereby retains and fully reserves its rights to withdraw this Motion.  In the event this Motion is withdrawn, any waiver or impairment of Barbados's rights as a consequence of the filing of this Motion will be deemed withdrawn, revoked, null, and void.  Furthermore, pursuant to Article 14 of the Agreement, all matters

connected with the Agreement are governed by the laws of Barbados, both substantive and procedural, and shall be subject to the exclusive jurisdiction of competent courts in Barbados.

## PRAYER

WHEREFORE, Barbados respectfully requests that the Court enter the proposed order substantially in the form attached hereto granting the relief requested herein, and such other relief that the Court deems appropriate under the circumstances.

Dated: July 25, 2022

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
Tara LeDay
Texas Bar No. 24106701
Tyler W. Greenwood
Texas Bar No. 24123219
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com
E: tara.leday@chamberlainlaw.com
E: tyler.greenwood@chamberlainlaw.com

*Counsel for the Government of Barbados*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 25, 2022, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

## BLR 9013-1(i) CERTIFICATE

Pursuant to BLR 9013-1(i), I hereby certify that the information contained in the foregoing Motion with respect to the need for emergency relief is accurate, true, and correct to the best of my knowledge.

/s/ Jarrod B. Martin
Jarrod B. Martin